UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                          Chapter 11
                                                                Subchapter V
HARRY BECK GREENHOUSE,
                                                                Case No. 21-12844-AJC
        Debtor.

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Creditors Polychain Fund I LP and Polychain Partners LLC f/k/a Polychain 2030 LLC (collectively, "*Polychain*") respectfully move this Court pursuant to 11 U.S.C. § 362(d) for an order granting relief from the automatic stay to allow the court in an action pending in California State Court between Polychain and Debtor Harry Greenhouse ("*Greenhouse*" or "*Debtor*")[1] to confirm and enter judgment on a final JAMS arbitration award (the "*Award*") previously rendered in Polychain's favor against Debtor.[2] The hearing on the petition to confirm in the California action is currently set for April 14, 2021.

## PRELIMINARY STATEMENT

Debtor is a wealthy and sophisticated investor, with assets located both in the United States and overseas. Polychain brings this Motion to ensure that, after two years of arbitration against Debtor, a former investor in Polychain, it can complete pending proceedings in California State Court to judicially confirm and thus enforce critical injunctive and declaratory relief granted in the Award, including (1) a permanent injunction barring Debtor from continuing to disclose Polychain's confidential information, and (2) a declaration that Polychain's tax and accounting practices are consistent with applicable federal tax statutes and regulations and that Debtor is not entitled to any additional tax related information from Polychain. While the Award also includes

---

[1]  *Polychain Fund I LP et al. v. Greenhouse*, No. CPF21517357 (the "*California Action*").
[2]  *Polychain Fund I LP et al. v. Greenhouse*, JAMS Arbitration No. 1100091630 (the "*Arbitration*").

1

monetary relief, Polychain does not and will not seek to enforce that relief outside of this bankruptcy proceeding; nor will Polychain seek asset discovery in the California Action. Polychain's sole purpose in bringing this Motion is to confirm its Award in order to protect itself from further malfeasance by Debtor while these bankruptcy proceedings proceed apace.

Relief from the automatic stay is particularly warranted here because Debtor has misused the court system to frustrate Polychain's ability to obtain its judgment. Debtor began by improperly removing the California Action just days before his response was due, even though Debtor knew he had no basis for doing so. Once the case was remanded, Debtor sought a 35-day extension on his time to respond to the petition but refused to provide assurances that he would not use the extension to improperly transfer or hide assets. Finally, Debtor used the extension he obtained in the California Action not to prepare a response to Polychain's petition to confirm, as he represented he would to the California Court, but to prepare and file his voluntary petition in this Court to further delay confirmation of the Award.

Polychain respectfully submits that "cause" exists under 11 U.S.C. § 362(d)(1) to lift the stay to allow Polychain to confirm the Award in the California Action.

Bankruptcy courts, including courts in this District and this Court, routinely grant relief from automatic stays to permit pending litigation to conclude in another forum. *E.g., In re Costa Hollywood Property Owner, LLC*, Case No. 19-22483-AJC, ECF. No. 176 (Bankr. S.D. Fla. Dec. 13, 2019) (Cristol, J.) (granting relief from stay to allow pending Florida state court action regarding rental dispute to go forward); *In re Carlton Hotel, LLC*, Case No. 12-31305-RAM, ECF No. 46 (Bankr. S.D. Fla. Sept. 27, 2012) (Mark, J.) (granting relief from stay to allow pending Florida state court foreclosure action to go forward); *In re Little Rest Twelve, Inc.*, Case No. 11-17061-AJC, Dkt. No. 31 (Bankr. S.D. Fla. Apr. 4, 2011) (Cristol, J.) (granting relief from stay to allow pending New York state court action regarding legal representation dispute to go forward).

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

Lifting of the stay is particularly appropriate where the moving party has already obtained an arbitration award and all that remains is to confirm it under state law. *E.g.*, *In re Montague Pipeline Techn. Corp.*, 209 B.R. 295, 305 (E.D.N.Y. 1997) (granting relief from automatic stay to allow movant to confirm arbitration award in state court); *C&A, S.E. v. Puerto Rico Solid Waste Mgmt. Auth.*, 369 B.R. 87, 95 (D. P.R. 2007) (affirming order lifting stay to allow action to confirm arbitration award in state court). Indeed, courts regularly lift the stay to permit arbitration to proceed at various stages of such proceedings. *See e.g.*, *In re Shores of Panama*, 387 B.R. 864, 867 (Bankr. N.D. Fla. 2008) (granting relief from stay to complete arbitration that was set for hearing); *In re Betzold*, 316 B.R. 906, 918-19 (Bankr. N.D. Ill. 2004) (granting relief from stay where arbitrator had rendered a decision on liability and the matter was set for damages hearing); *In re Farmland Industries, Inc*., 309 B.R. 14, 21 (Bankr. W.D. Mo. 2004) (granting relief from stay where parties had merely selected arbitration panel). In such cases, lifting the automatic stay promotes judicial economy and benefits all parties.

Relief from the automatic stay will not prejudice Debtor, the estate, or other creditors, and it will not delay these proceedings. Rather, it will promote judicial economy. Confirming an award is a summary proceeding that will not impose any significant cost or hardship on Debtor. The California court already issued a tentative ruling granting the petition shortly before Debtor improperly removed the action. Lifting the stay to permit confirmation of the Award in California while this Court and Debtor marshal and manage his assets will expedite the liquidation of Polychain's claims, which is central to the resolution of this bankruptcy case.

Finally, Debtor should not be rewarded for his gamesmanship in filing for bankruptcy just as the California Court was to hear the petition to confirm the Award against him. Bankruptcy cannot legally be used to avoid an imminent adverse outcome in proceedings in another forum. *In re Mack*, No. 6:06-cv-1782-Orl-19, 2007 WL 1222575 (M.D. Fla. Apr. 24, 2007) (lifting stay

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

where debtor filed bankruptcy petition shortly before a district court was set to enter default judgment against it). Accordingly, the stay should be lifted so that Polychain can confirm its Award and return to this proceeding with its judgment.

## I.    JURISDICTION

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.    Venue of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    This motion is made pursuant to 11 U.S.C. §362(d), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Rules**"), and in conformity with Rule 9014 of the Rules and the Local Rules of this Court.

## II.    STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

4.    The Polychain entities are a leading investment manager and fund that invest in cryptocurrency assets. Declaration of Andrew Levine ("**Levine Decl.**") at ¶ 2. Debtor, a professional gambler and experienced investor (including cryptocurrencies and other digital assets), is a former Polychain limited partner who withdrew from the Fund in late 2017. *Id.* In 2018, after becoming concerned that Debtor was disclosing and misusing its confidential information, Polychain initiated an arbitration to seek injunctive relief. Debtor responded with counterclaims attacking Polychain's tax accounting and allocation practices. *Id.* at ¶ 3. The parties litigated the matter through an 11-day evidentiary hearing that ended with October 6, 2020 closing arguments. *Id*. Debtor was represented by multiple sets of experienced counsel in the Arbitration. *Id*.

5.    The Arbitrator issued its final Award on January 8, 2021. The Award provided Polychain a panoply of declaratory and injunctive relief; expressly stated that it would "have full preclusive and binding effect on the Parties regarding any claims, counterclaims, defenses and other issues raised or that could have been raised in this arbitration"; and required Debtor to pay Polychain

$4,173,141.25 in prevailing party attorneys' fees and costs. *Id*. at ¶ 4. On February 4, 2021, Polychain filed a petition to confirm the Award, set the hearing for March 16, and served its petition on Debtor, with a courtesy copy to his Florida Bankruptcy counsel, on February 10, 2021. *Id*.

6.      On March 12, the day before his response was due, Debtor removed the case on the purported basis of diversity jurisdiction. *Id*. at ¶ 5. Debtor must have known that his jurisdictional claim was false, because voluminous evidence adduced at the hearing established that Polychain has limited partners residing throughout the country, including in the same state as Debtor. Debtor nonetheless refused to withdraw his removal, and rejected multiple offers of proof, until he was finally forced to concede the lack of federal jurisdiction and stipulate to remand. *Id*.

7.      Upon remand, Debtor insisted that he needed an extension of time to respond to the petition, even though the Interim and Final Awards had issued months earlier and he had already stipulated to the fee award. Polychain offered a week-long extension provided that Debtor give assurances that he would not attempt to improperly dispose of his assets in the interim. *Id*. at ¶ 6 and Ex. A at 7. Debtor, however, refused to do so, stating that he would only provide such assurances if Polychain would agree to a 35-day extension. *Id*. at ¶ 7 and Ex. A at 6. Debtor later reiterated that he "had agreed not to improperly transfer funds *and would be willing to continue not to do so **if** we could get an extension until April 26*[.]" *Id.* at ¶ 8 and Ex. B at 3 (emphasis added). In other words, Debtor admitted he would *not* agree to refrain from improperly transferring funds *unless* Polychain would agree to delay the proceeding by another month.

8.      The court in the California Action set the hearing for April 14 and ordered that Debtor's response was due on March 30. *Id.* at ¶ 9. On March 26, Debtor filed his petition in this Court, thereby automatically staying the California Action shortly before the hearing.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

### III.    LEGAL STANDARD

9.    "Although the filing of a bankruptcy petition operates as an automatic stay of the continuation of any proceeding against the debtor, a party in interest, such as a party to a court proceeding involving the debtor, may obtain relief from the automatic stay, after notice and a hearing, 'for cause.'" *In re Beane*, 404 B.R. 942, 948 (M.D. Fla. 2008), *rev'd on other grounds in United States v. Beane*, 841 F.3d 1273 (11th Cir. 2016); *see* 11 U.S.C. § 362(d)(1) (providing that the court "shall grant relief from the stay provided under subsection (a) of this section," including by terminating or modifying such stay, "for cause"). "The moving party must first establish 'cause' exists and the non movant must then rebut." *In re Prive Vegas*, No. 09-34880-AJC, 2010 WL 170204, at *2-3 (Bankr. S.D. Fla. Jan. 14, 2010) (citations omitted). Once the movant establishes cause, "the debtor has the ultimate burden of proof to show that cause does not exist to grant relief from the stay." *Burger Boys, Inc. v. South St. Seaport Ltd. Partnership*, 183 B.R. 682, 687 (S.D.N.Y. 1994).

10.    While the statute does not define "cause," the term, as used in Section 362(d)(1), "is a broad and flexible concept that permits a bankruptcy court, as a court of equity, to respond to inherently fact-specific situations." *In re Indian River Estates, Inc.*, 293 B.R. 429, 433 (Bankr. N.D. Ohio 2003). Thus, whether cause exists to grant the requested relief is determined by the court "on a case by case basis" and "may be reversed only upon a showing of abuse of discretion." *See In re Bryan Road, LLC,* 382 B.R. 844, 854 (Bankr. S.D. Fla. 2008) (citing *In re Dixie Broad., Inc.* 871 F.2d 1023, 1026 (11th Cir. 1989)). This approach is consonant with the history and purpose of Section 362, which reflects that "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court

from many duties that may be handled elsewhere." *See* H.R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977).

11.     In determining whether to grant relief from the automatic stay, courts in this Circuit consider the factors identified in *Sonnax Indus., Inc. v. Tri Component Prods. Corp.*, 907 F.2d 1280, 1286 (2d Cir. 1990).[3] *See, e.g., In re Beane*, 404 B.R. at 948. Not all of the factors are given equal weight, and a court need only apply the factors appropriate to the case before it. *In re Montague Pipeline Techn. Corp.*, 209 B.R. 295, 305 (E.D.N.Y. 1997); *C&A, S.E. v. Puerto Rico Solid Waste Mgmt. Auth.*, 369 B.R. 87, 95 (D. P.R. 2007).

12.     In cases where the moving party requests relief from the automatic stay so that it can seek confirmation of an arbitration award in state court, the pertinent *Sonnax* factors are the first, second, seventh, tenth, eleventh, and twelfth factors. *See Montague*, 209 B.R. at 306-07 (analyzing *Sonnax* factors and finding cause to grant relief from automatic stay to allow movant to confirm arbitration award in state court); *see also C&A,* 369 B.R. at 95 (affirming bankruptcy court's order lifting stay to allow parties to confirm or vacate award in state court).[4]

## IV.   ARGUMENT

13.     Each of the relevant *Sonnax* factors establishes cause to grant relief from the stay in this case. In addition, Debtor's filing of the bankruptcy petition just as the court was about to hear the petition to confirm the Award and enter judgment against him strongly suggests that

---

[3]   The twelve *Sonnax* factors are: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms."  *Sonnax*, 907 F.2d 1280, 1286.

[4]   The *C&A* court analyzed a set of factors that is essentially identical to the *Sonnax* factors.  369 B.R. at 94-95 (citing *Goya Foods, Inc. v. Ulpiano Unanue-Casal*, 159 B.R. 90, 95-96 (D.P.R. 1993)).

Debtor is misusing the bankruptcy action to avoid an adverse outcome in California, which also weighs in favor of lifting the stay. The Motion should therefore be granted.

### Factor 1: Allowing Polychain to Confirm the Award
### Would Completely Resolve the Issues

14. In *Montague*, the court found that the first *Sonnax* factor, "whether relief would result in a partial or complete resolution of the issues," weighed in favor of finding cause to lift the stay because allowing the movant to continue the state court action to confirm an arbitration award "will finalize the arbitration award and provide a fixed sum for [its] claim." 209 B.R. at 306. The *C&A* court reached the same conclusion, explaining that "lifting the stay so that the actions to vacate and/or confirm the arbitration award proceed in state court will finally resolve the issue of whether the arbitration award is final and determine Appellant's liability to Appellee[.]" 369 B.R. at 95.

15. The same is true in the present case: Allowing Polychain to conclude its action to confirm the Award will resolve all issues between it and Debtor in the California Action, protect Polychain's hard-won injunctive relief, and provide a fixed sum for its claim in the present action. This factor therefore weighs in favor of lifting the stay.

### Factor 2: The State Court Action Lacks Any Connection to
### and Will Not Interfere with the Bankruptcy Case

16. The second *Sonnax* factor examines the stayed action for "lack of any connection with or interference with the bankruptcy case." The *Montague* court noted that the action to confirm the arbitration award was "a proceeding independent of the Debtor's bankruptcy," even though the award itself would likely have a significant effect on the reorganization process due to the magnitude of the claim. 209 B.R. at 306. Thus, allowing that proceeding to continue "will not interfere with the Debtor's bankruptcy case but will instead facilitate a speedy resolution of the issues." *Id.*; *see also C&A*, 369 B.R. at 95 ("the state court proceedings will not interfere with the

bankruptcy proceedings; to the contrary, it will give finality to the arbitration award and will help the Bankruptcy Court in the administration and determination of Appellant's estate.").

17.    In the present case, too, the action to confirm the Award has no connection to the bankruptcy proceeding and will not interfere with its administration. Rather, it will facilitate resolution of Polychain's claim in this matter. This factor therefore also warrants lifting the stay.

## Factor 7: Allowing Polychain to Confirm Its Award
## Will Not Prejudice Other Creditors

18.    Neither the *Montague* nor the *C&A* courts addressed the seventh factor, "whether litigation in another forum would prejudice the interests of other creditors[.]" To the extent it is relevant here, however, it is clear that lifting the automatic stay to allow Polychain to confirm its Award will not prejudice the interests of other creditors. Rather, a quick confirmation of how much Debtor owes Polychain (which, according to Debtor's petition, is the largest creditor to the estate) will aid this Court in deciding how to divide the rest of the estate among Debtor's other creditors. Accordingly, this factor also favors lifting the automatic stay.

## Factor 10: Lifting the Stay Here Will Serve the Interests of Judicial Economy and
## the Expeditious and Economical Resolution of Litigation

19.    The *Montague* court also found that this factor weighed in favor of lifting the stay because "[a]n expeditious summary proceeding to confirm the arbitration award is available in the state court, thus resolution of the arbitration in the state court is the most rapid and economical means of resolving these issues." 209 B.R. at 306. The *C&A* court reached the same conclusion, noting that "the issue of whether the arbitration award must be confirmed or vacated, because it arose prior to Appellant's bankruptcy petition, is a non-core matter that cannot be finally adjudicated by the Bankruptcy Court," and that, if it were to resolve the matter, "the Bankruptcy Judge will need to submit proposed findings of facts and conclusions of law to the District Court for review." 369 B.R. at 95 (citation omitted). Allowing the state court to adjudicate the matter

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

therefore "promotes 'the interest of judicial economy and the expeditious and economical determination of litigation for the parties.'" *Id.* (citation omitted).[5]

20.     Here, too, allowing the California court to adjudicate Polychain's petition to confirm the Award would promote judicial economy. As in *Montague*, "an expeditious summary proceeding to confirm the arbitration award is available in the state court." In California, when a petition to confirm an arbitration award meets the statutory requirements, the trial court "shall" grant it unless an opposing party files and serves a timely and meritorious response or petition to correct or vacate the award or dismiss the petition. Cal. Code Civ. Proc. § 1286; *Law Offices of David S. Karton v. Segreto,* 176 Cal.App.4th 1, 8 (2009). Indeed, California courts nearly always confirm arbitration awards because the State Legislature has clearly expressed its strong support for private arbitration and the finality of arbitral awards. *See Cotchett, Pitre & McCarthy v. Universal Paragon Corp.*, 187 Cal. App. 4th 1405, 1417 (2010), as modified on denial of reh'g (Sept. 21, 2010) (under the California Arbitration Act, "[a]bsent a clear expression of illegality or public policy undermining this strong presumption in favor of private arbitration, an arbitral award should ordinarily stand immune from judicial scrutiny."). And even if Debtor had a basis for opposing confirmation sufficient to overcome the "strong presumption" in favor of confirming it, allowing the state court to resolve this non-core matter would provide the most expeditious and economical means of concluding the litigation.  *C&A*, 369 B.R. at 95.[6]  This factor weighs in favor of lifting the stay.

---

[5]   Moreover, bankruptcy courts in this Circuit and around the country routinely grant relief from the automatic stay to allow parties to complete arbitrations still pending before an arbitrator at various stages of those proceedings. *See, e.g.*, *In re Shores of Panama*, 387 B.R. 864, 867 (Bankr. N.D. Fla. 2008) (granting relief from stay to complete arbitration where parties had already conducted discovery, retained experts, and set claim for hearing before panel); *In re Betzold*, 316 B.R. 906, 918-19 (Bankr. N.D. Ill. 2004) (granting relief from stay to complete arbitration where parties had engaged in arbitration for over a year, arbitrator had rendered a decision on liability, and the matter had been set for damages hearing); *In re Farmland Industries, Inc.*, 309 B.R. 14, 21 (Bankr. W.D. Mo. 2004) (granting relief from stay to complete arbitration where proceeding had only advanced to selection of panel prior to petition date). The judicial economy benefits are even more substantial, and relief from the stay more warranted, where the arbitration has already concluded, and the movant seeks only to confirm the award.

[6]   It does not appear that Debtor has any basis at all for opposing confirmation; when Polychain asked Debtor to identify what "colorable, non-sanctionable grounds" he had for contesting the petition, Debtor failed to respond. Levine Decl. at ¶ 10, Ex.C at 1.  (Hagey 3/18 email).  Further, the state court had already issued a tentative ruling

10

## Factor 11: The Parties Are Ready for "Trial," *i.e.*, to Conclude the Proceedings in the California Action

21.     The "true inquiry" under this factor is whether the litigation in question "has reached an advanced stage." *Montague*, 209 B.R. at 306. The *Montague* court found this factor weighed in favor of lifting the stay because the hearing to confirm the arbitration award was just days away when the debtor filed its bankruptcy petition, and the parties were ready to proceed with the action in the state court.  *Id*.

22.     Again, the result here is the same as in *Montague*. The hearing on the petition to confirm was just days away – indeed, the court had already previously issued a tentative ruling granting the petition – when Debtor initiated this bankruptcy action. This factor therefore also weighs in favor of lifting the stay.

## Factor 12: The Impact of the Stay and the Balance of Harms Weighs Strongly in Favor of Lifting the Stay

23.     In analyzing the final *Sonnax* factor, the "impact of the stay on the parties and the balance of harms," the *Montague* court opined that "it would clearly be prejudicial to the Debtor if the state court action were *not* allowed to continue," because it was "in the Debtor's interest to have [the movant's] claim finalized as soon as possible so that the reorganization may progress…. The Debtor would be precluded from proposing a realistic plan of reorganization without having the confirmation award finalized." 209 B.R. at 307 (emphasis added). The court therefore concluded that this factor weighed in favor of granting relief from the stay. *Id.*

24.     In the present case, it is also in Debtor's interest to have Polychain's monetary claim finalized so the Court can proceed with the reorganization. Moreover, given the status of the proceeding in California – with Polychain's petition set to be heard imminently and Debtor unwilling or unable to identify any basis for opposing it – that action is likely to conclude quickly

---

granting Polychain's petition when Debtor improperly removed the case.  *Id*. at ¶ 11, Ex. D.  In all likelihood, then, if the stay is lifted, the state court will summarily confirm the Award.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

and without significant cost to either party. There is therefore no harm to Debtor in lifting the stay to allow that action to continue.

25.     On the other side of the scale, Polychain faces great prejudice if the Court does not grant relief from the automatic stay: Polychain would be unable to confirm and obtain judgment on the injunctive relief the arbitrator awarded to protect its highly sensitive and confidential information. Polychain also would be unable to confirm the Award's conclusion that Polychain's tax and accounting practices are consistent with applicable tax laws and regulations. These are not small matters; the arbitrator recognized the urgency of this equitable relief when it found in Polychain's favor on these points, and entry of judgment is an important protection for Polychain vis-à-vis Debtor, given his prior record of misconduct and willingness to assert baseless claims. Given this risk of grave harm to Polychain, and the lack of any harm to Debtor, this factor militates in favor of lifting the automatic stay.

### Debtor's Attempt to Avoid an Imminent Adverse Judgment Also Warrants Lifting the Stay

26.     A Chapter 11 bankruptcy has one legitimate purpose: "the rehabilitation or reorganization of entities entitled by statute to its relief[.]" *In re Thirtieth Place, Inc.*, 30 B.R. 503, 505 (B.A.P. 9th Cir. 1983) (citation omitted). Bankruptcy, therefore, cannot be used either to avoid an imminent adverse outcome on the eve of trial in another court's proceeding, or to frustrate a creditor's right to a jury's adjudication of that creditor's claims.

27.     Accordingly, cause exists to lift the automatic stay where a party files for bankruptcy as a means of avoiding the entry of judgment in another action. In *In re Mack*, No. 6:06-cv-1782-Orl-19, 2007 WL 1222575 (M.D. Fla. Apr. 24, 2007), the bankruptcy court lifted the automatic stay where the debtor had filed for bankruptcy shortly before a district court in Kentucky was set to enter default judgment against it. The bankruptcy court found that the "circumstances and timing of the filing of the Chapter 7 petition indicate that Mack's purpose in

filing the instant case was 'to frustrate the Movants and delay the Kentucky Litigation.'" *Id*. at *4. It concluded that he was therefore not entitled to the benefits of the automatic stay. *Id*. The district court affirmed, noting that "[c]ause for relief is usually found to exist when a debtor files his bankruptcy petition in bad faith." *Id*. at *5 (citing *In re Dixie Broad.*, 871 F.2d at 1026).

28.    Debtor's conduct in the instant case strongly suggests that he, too, seeks to use the bankruptcy process to avoid an imminent adverse outcome in another case. Debtor improperly removed the California Action with no colorable basis for doing so; refused to confirm that he would refrain from improperly disposing of or hiding assets unless Polychain would agree to delay the Action another 35 days; and, after the California court rejected his request for a lengthy continuance, filed this action just before his response to Polychain's petition was due. Levine Decl. at ¶¶ 5-9. These circumstances warrant relief from the automatic stay.

<u>**CONCLUSION**</u>

For all of the reasons set forth herein, Polychain respectfully requests that this Court grant relief from the automatic stay and allow its petition to confirm the Award in the action styled *Polychain Fund I LP et al. v. Greenhouse*, Case No. CPF21517357, currently pending in California State Court, to proceed, and to grant such other and further relief as the Court deems just and proper.

[Remainder of Page Intentionally Left Blank. Next Page Is Signature Page.]

13

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on April 2, 2021 via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached **Exhibit 1**.

*/s/James C. Moon*

James C. Moon, Esq.
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
200 South Biscayne Blvd., Ste 3200
Miami, Florida 33131
Phone:(305)358-6363; Fax: 305) 358-1221

***Local Counsel for Polychain Fund I LP
and Polychain Partners LLC f/k/a
Polychain 2030 LLC***

*-and-*

BRAUNHAGEY & BORDEN LLP

J. Noah Hagey (*pro hac vice forthcoming*)
Andrew Levine (*pro hac vice forthcoming*)
351 California Street, 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210
Email: hagey@braunhagey.com
Email: levine@braunhagey.com

BRAUNHAGEY & BORDEN LLP
Pratik Ghosh (*pro hac vice forthcoming*)
7 Times Square, 27th Floor
New York, NY 10036-6524
Tel. & Fax: (646) 829-9403
Email: ghosh@braunhagey.com

***Counsel to Polychain Fund I LP and
Polychain Partners LLC f/k/a
Polychain 2030 LLC***

14

# Mailing Information for Case 21-12844-AJC

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Ido J Alexander**    ija@lsaslaw.com, info@lsaslaw.com;aslawpllc@ecf.inforuptcy.com;jb@lsaslaw.com;zbs@lsaslaw.com
- **Robert P. Charbonneau**    rpc@agentislaw.com, nsocorro@agentislaw.com;bankruptcy@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com
- **Nicole Grimal Helmstetter**    ngh@agentislaw.com, nsocorro@agentislaw.com;bankruptcy@agentislaw.com;ngh@ecf.inforuptcy.com
- **Linda Marie Leali**    trustee@lealilaw.com, F005@ecfcbis.com;lkennedy@lealilaw.com
- **James C. Moon**    jmoon@melandbudwick.com,
  ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Steven D Schneiderman**    Steven.D.Schneiderman@usdoj.gov

Exhibit 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                          Chapter 11
                                                               Subchapter V
HARRY BECK GREENHOUSE,

                                                               Case No. 21-12844-AJC
          Debtor.
_____/


**DECLARATION OF ANDREW LEVINE IN SUPPORT OF CREDITORS POLYCHAIN
FUND I LP'S AND POLYCHAIN PARTNERS LLC f/k/a POLYCHAIN 2030 LLC'S
MOTION FOR RELIEF FROM AUTOMATIC STAY**

          I, Andrew Levine, declare:

          1.        I am licensed to practice in the State of California and am co-counsel of record for

creditors Polychain Fund I LP and Polychain Partners LLC f/k/a Polychain 2030 LLC

(collectively, "Polychain").  My *pro hac vice* application is currently pending before the Court.  I

submit this declaration in support of Polychain's Motion for Relief from Automatic Stay based

on personal knowledge.  If called as a witness, I could and would testify competently to the facts

stated herein.

          2.        The Polychain entities are a leading investment manager and fund that invest in

cryptocurrency assets.  Debtor Harry Greenhouse ("Greenhouse" or "Debtor") is a former

limited partner investor in Polychain Fund I LP who withdrew from the Fund in late 2017.

Debtor is a former professional gambler and wealthy investor, including in cryptocurrencies and

other digital assets.

          3.        In September 2018, Polychain became concerned that Debtor was disclosing and

misusing its confidential information in violation of his contractual obligations under the Limited

Partnership Agreement (the "LPA").  Pursuant to the LPA's mandatory arbitration provision,

Polychain initiated a JAMS arbitration entitled *Polychain Fund I LP et al. v. Greenhouse*, JAMS

Arbitration No. 1100091630 (the "Arbitration").  Debtor asserted counterclaims alleging that

Polychain's tax accounting and allocation practices violated the tax laws. The parties litigated the matter for the next two years, including through an 11-day evidentiary hearing spanning six weeks. The Arbitrator held closing arguments on October 6, 2020. Debtor was represented by two sets of experienced counsel during the Arbitration, first by Jenner Block LLP and then by Michelman & Robinson LLP.

4.      The Arbitrator issued its final Award on January 8, 2021. The Award provided Polychain a panoply of declaratory and injunctive relief; expressly stated that it would "have full preclusive and binding effect on the Parties regarding any claims, counterclaims, defenses and other issues raised or that could have been raised in this arbitration"; and required Debtor to pay Polychain $4,173,141.25 in prevailing party attorneys' fees and costs. On February 4, 2021, Polychain filed a petition to confirm the Award, set the hearing for March 16, and served its petition on Debtor, with a courtesy copy to his Florida Bankruptcy counsel, on February 10, 2021.

5.      On March 12, the day before his response was due, Debtor removed the case on the purported basis of diversity jurisdiction. During the arbitration hearing, the parties had adduced voluminous evidence establishing that Polychain has limited partners residing throughout the country, including in Florida, which is the state in which Debtor resides. Polychain reminded Debtor of this fact and requested that he withdraw his notice of withdrawal and stipulate to remand. Debtor initially refused to do so and requested proof establishing that a Polychain limited partner was a resident of Florida. Polychain provided Debtor with several different offers of proof and, eventually, he agreed to withdraw his removal.

6.      After removing, Debtor requested an extension of time to respond to the petition. Polychain offered a week-long extension provided that Debtor give assurances that he would not attempt to improperly dispose of assets in the interim. Attached hereto as **Exhibit A** is a true and correct copy of an email thread among counsel for Polychain and counsel for Debtor dated March 13-17, 2021. The email described in this paragraph appears at page 7.

1

7.      Debtor refused to provide the requested assurances, initially stating that he would only do so if Polychain would agree to a 45-day extension.  **Exhibit A** at p. 6.

8.      Debtor later reiterated that he "had agreed not to improperly transfer funds and would be willing to continue not to do so if we could get an extension until April 26[.]" Attached hereto as **Exhibit B** is a true and correct copy an email thread among counsel for Polychain and counsel for Debtor dated March 23, 2021.  The email quoted in this paragraph appears at p. 3.

9.      On March 24, the court in the California Action ordered that Debtor's response was due on March 30 and set the hearing for April 14.  On March 26, Debtor filed his petition in this Court, thereby automatically staying the California Action shortly before the hearing.

10.     In an email dated March 18, Polychain asked Debtor to identify what "colorable, non-sanctionable grounds" he had for contesting Polychain's petition to confirm the Award. Debtor did not respond to this inquiry.  Attached hereto as **Exhibit C** is a true and correct copy of an email thread among counsel for Polychain and counsel for Debtor dated March 18, 2021. The email quoted in this paragraph appears at p. 1.

11.     Attached hereto as **Exhibit D** is a true and correct copy of the Court's tentative ruling indicating its intent to grant Polychain's petition, dated March 15, 2021, that was posted online on March 15, 2021.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  April 2, 2021                                  By: _Andrew Levine_____

                                                            Andrew Levine

2

# EXHIBIT A

**From:** Andrew Levine <levine@braunhagey.com>
**To:** Ryan Tyz <ryan@tyzlaw.com>
**Cc:** Richard Goldwasser <Richard.Goldwasser@sfbbg.com>; Noah Hagey <hagey@braunhagey.com>; Shannon Ellenburg <shannon@tyzlaw.com>; Sean Apple <sapple@tyzlaw.com>; Andrew Johnson <Andrew.Johnson@sfbbg.com>; Bram Schumer <Schumer@braunhagey.com>
**Subject:** Re: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357 - Notice of Tentative Ruling Granting Petition to Confirm and Motion to File Record Under Seal
**Date:** Wednesday, March 17, 2021 7:52:43 PM

You have our consent to file.

---

On Mar 17, 2021, at 7:40 PM, Ryan Tyz <ryan@tyzlaw.com> wrote:


All – here's the draft stipulation and proposed order.  Thanks.  Ryan

---

**From:** Richard Goldwasser <Richard.Goldwasser@sfbbg.com>
**Date:** Wednesday, March 17, 2021 at 6:42 PM
**To:** Noah Hagey <hagey@braunhagey.com>
**Cc:** Andrew Levine <levine@braunhagey.com>, Ryan Tyz <ryan@tyzlaw.com>, Shannon Ellenburg <shannon@tyzlaw.com>, Sean Apple <sapple@tyzlaw.com>, Andrew Johnson <Andrew.Johnson@sfbbg.com>, Bram Schumer <Schumer@braunhagey.com>
**Subject:** Re: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357 - Notice of Tentative Ruling Granting Petition to Confirm and Motion to File Record Under Seal

Noah, not sure why it took you so long to provide us with the requested declaration. It was a simple ask and should have been met a straightforward response. Also, we've made no statements that Mr. Greenhouse intends to fraudulently transfer any assets. Nor does he intend to.

Meanwhile a stipulation to remand will be forthcoming for your review.

Richard M. Goldwasser | **SFBBG, LLC**

---

On Mar 17, 2021, at 8:29 PM, Noah Hagey <hagey@braunhagey.com> wrote:

Folks, echoing Andrew, please confirm you have filed appropriate remand papers today.  We would prefer to work constructively but you now have *additional* Rule 11 and Sec 1927 notice that your firms' removal of the petition was false and vexatiously designed to multiple these proceedings, not to mention give your client an improper time allowance from which to retard issuance of judgement.  (Which coincides with your statements that Mr. Greenhouse apparently intends to use the time to fraudulently transfer assets, or at least reneg on his representations to refrain from doing so.)

Should remand not be effected today, we look forward to raising these actions and seeking sanctions directly from your firms from whichever court we are in front of next.

Noah

J. Noah Hagey
BraunHagey & Borden LLP
hagey@braunhagey.com
Office (415) 599-0211
Cell (510) 332-7823

---

On Mar 17, 2021, at 2:14 PM, Andrew Levine <levine@braunhagey.com> wrote:

Ryan / Richard –

Attached is a declaration, which you have agreed shall be treated attorneys' eyes only, from ███████ ██████████, a member/manager of ███████████████████ a limited partner of Polychain Fund I LP. The declaration shows, as we have been discussing since last Friday, that there is no diversity of citizenship – a fact that Mr. Greenhouse could have verified by simply asking Polychain at any time before filing the notice of removal. Please confirm that you will immediately withdraw the notice of removal and request remand back to state court. Once the case is remanded we are happy to discuss how to resolve any scheduling issues so that Polychain's Petition to confirm can be heard as soon as possible.

Thanks,
Andrew

---

**From:** Ryan Tyz <ryan@tyzlaw.com>
**Sent:** Wednesday, March 17, 2021 1:08 PM
**To:** Richard Goldwasser <Richard.Goldwasser@sfbbg.com>; Andrew Levine <levine@braunhagey.com>
**Cc:** Shannon Ellenburg <shannon@tyzlaw.com>; Sean Apple <sapple@tyzlaw.com>; Andrew Johnson <Andrew.Johnson@sfbbg.com>; Noah Hagey <hagey@braunhagey.com>; Bram Schumer <Schumer@braunhagey.com>
**Subject:** Re: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357 - Notice of Tentative Ruling Granting Petition to Confirm and Motion to File Record Under Seal

Andrew – following up on this. First, can you please confirm whether you will provide the information requested below on diversity? Second, we plan to move the court for an extension of time to respond to the petition, which I understand you will oppose. As part of that we intend to ask the Court to shorten your time to oppose that request from 4 days to 1 day so it can be heard in a timely manner. Will your client stipulate to that shortened timing to facilitate quick resolution of this issue? Please let me know by 3:30 PST today. Thank you. Ryan

---

**From:** Richard Goldwasser <Richard.Goldwasser@sfbbg.com>
**Date:** Wednesday, March 17, 2021 at 6:19 AM
**To:** Andrew Levine <levine@braunhagey.com>, Ryan Tyz <ryan@tyzlaw.com>

**Cc:** Shannon Ellenburg <shannon@tyzlaw.com>, Sean Apple <sapple@tyzlaw.com>, Andrew Johnson <Andrew.Johnson@sfbbg.com>, Noah Hagey <hagey@braunhagey.com>, Bram Schumer <Schumer@braunhagey.com>
**Subject:** RE: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357 - Notice of Tentative Ruling Granting Petition to Confirm and Motion to File Record Under Seal

Andrew, for diversity purposes, a limited liability company is a citizen of each state in which its members are citizens. Is ████████ a member as well as a manager? If so please advise and provide a declaration that ███████████████ is an limited partner of Polychain and that ██████████ is a member and a citizen of Florida. We'll obviously treat that as attorney's eyes only and will not be necessary for you to file it with the court. We'd then prepare a stip for remand.

Though we had hoped to be able to agree to an enlargement of time, it appears there is no agreement and that we'll need to file a motion. In one last attempt, we'd be willing to agree to a 21-day extension marked from today. Please advise this morning as to whether you are in agreement, otherwise we'll file our motion.

Thanks,
Rich

**From:** Andrew Levine <levine@braunhagey.com>
**Sent:** Tuesday, March 16, 2021 8:23 PM
**To:** Ryan Tyz <ryan@tyzlaw.com>; Richard Goldwasser <Richard.Goldwasser@sfbbg.com>
**Cc:** Shannon Ellenburg <shannon@tyzlaw.com>; Sean Apple <sapple@tyzlaw.com>; Andrew Johnson <Andrew.Johnson@sfbbg.com>; Noah Hagey <hagey@braunhagey.com>; Bram Schumer <Schumer@braunhagey.com>
**Subject:** RE: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357 - Notice of Tentative Ruling Granting Petition to Confirm and Motion to File Record Under Seal

Ryan –

Based on your agreement to treat the information as attorneys' eyes only, Polychain is providing the name of one of Polychain Fund I LP's limited partners that is a Florida citizen: ████████████████ ██. Information on the Florida Secretary of State's website reveals that ██████████ is the manager of ██████████████████. ██████████████ is a citizen of Florida. Disclosure of this information should confirm to you that the averments in the notice of removal are not accurate and that the notice should be withdrawn and request made that the matter be remanded to state court immediately.

As I noted, I do not have authority from my client to offer any extension before the case has been remanded and, even then, Polychain likely would only agree to a one-week extension given the delay the improper removal notice has already caused.

Regards,
Andrew

Andrew Levine

**B R A U N H A G E Y & B O R D E N** LLP
Direct:  (415) 599-0207

---

**From:** Ryan Tyz <ryan@tyzlaw.com>
**Sent:** Tuesday, March 16, 2021 11:04 AM
**To:** Andrew Levine <levine@braunhagey.com>; Richard Goldwasser <Richard.Goldwasser@sfbbg.com>
**Cc:** Shannon Ellenburg <shannon@tyzlaw.com>; Sean Apple <sapple@tyzlaw.com>; Andrew Johnson <Andrew.Johnson@sfbbg.com>; Noah Hagey <hagey@braunhagey.com>; Bram Schumer <Schumer@braunhagey.com>
**Subject:** Re: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357 - Notice of Tentative Ruling Granting Petition to Confirm and Motion to File Record Under Seal

Andrew –

As I believe Richard mentioned, he is about to head into trial.  So I am responding to your email below.

First, thank you for providing the declaration From Petitioner.  To close the loop, can you please also provide us the identity of the limited partners who reside in Florida.  I understand that this information is not public and you have reservations about providing it to Mr. Greenhouse.  To address that concern, we will agree to keep such information as attorneys' eyes only.

Second, regarding our request for an extension of time to respond to evaluate the petition, we appreciate the offer of an additional seven days which Petitioner conditioned on its request assurances—but we still do not believe that is enough time given our recent retention in this matter.  If you recall, we requested this 45-day extension before Petitioner responded requesting such assurances, so it's not really fair for Petitioner to suggest Mr. Greenhouse in unwilling to provide such assurances.  As a compromise, and to avoid unnecessary motion practice, we are willing to reduce the extension request to 35 days.  Please let us know if this is acceptable to Petitioner.

I am happy to discuss both of the above issues on a phone call as well.

Thank you,
Ryan

Ryan Tyz
(415) 849-3578
4 Embarcadero Center, Floor 14
San Francisco, CA  94111
<image001.png>

DISCLAIMER:  This email message is intended only for the use of the addressee(s) named above.  This message may be an attorney-client communication and as such include privileged, confidential information and/or attorney work product.  If you are not an intended recipient, you may not review, copy or distribute this message.  If you have received this message in error, please notify us immediately by email and take the steps necessary to delete the message completely from your computer system.

**From:** Andrew Levine <levine@braunhagey.com>
**Date:** Tuesday, March 16, 2021 at 12:42 AM
**To:** Richard Goldwasser <Richard.Goldwasser@sfbbg.com>
**Cc:** Ryan Tyz <ryan@tyzlaw.com>, Shannon Ellenburg <shannon@tyzlaw.com>, Sean Apple <sapple@tyzlaw.com>, Andrew Johnson <Andrew.Johnson@sfbbg.com>, Noah Hagey <hagey@braunhagey.com>, Bram Schumer <Schumer@braunhagey.com>
**Subject:** RE: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357 - Notice of Tentative Ruling Granting Petition to Confirm and Motion to File Record Under Seal

Richard –

As I noted during our call earlier this evening, Polychain is troubled by Mr. Greenhouse's attempt to use his latest change in counsel to further delay resolution of this matter and confirmation of the arbitration award.  Mr. Greenhouse stipulated to the form of the arbitration award and to entry against him of a prevailing party fee in Polychain's favor of $4.1 million.  He has had a copy of the award since early January 2021 when it issued.  Yet he waited until this Thursday, March 11, 2021, to retain counsel, whom he knew had professional conflicts that would make it difficult to timely respond to Polychain's Petition.

Once retained, and apparently without conferring with Mr. Greenhouse about whether reasonable grounds existed, your office and Mr. Tyz's office filed a notice of removal, claiming diversity of citizenship between the parties even though Mr. Greenhouse knew from the arbitration that Polychain Fund I has hundreds of limited partners who are domiciled across the country.  Yesterday I provided copies of capital account statements showing that a number of limited partners of the Fund are currently domiciled in Florida.  To erase any doubt on this issue and of the impropriety of Mr. Greenhouse's notice of removal (which has still not been properly perfected), attached is a declaration from Polychain's CFO and COO Matt Perona who verifies that there are numerous Fund I investors currently domiciled in Florida such that there is no diversity of citizenship among the parties.  We again request that you immediately withdraw the notice of removal and, to the extent the notice was effective, request a remand back to state court.

Polychain offered the courtesy of extending Mr. Greenhouse an additional 7-days to respond to the Petition, so long as he provided assurances that he will not use the delay occasioned by the extension to frustrate Polychain's ability to enforce the judgment by secreting away or otherwise transferring assets.  Your answer below, that Mr. Greenhouse is unwilling to offer such assurances unless Polychain agrees to a 45-day extension speaks volumes both as to his delay tactics and of the need to convert the award to a judgment lest Mr. Greenhouse take action to frustrate Polychain's right to enforce it.

We will be prepared to present these issues to the Court tomorrow and to take all action necessary to ensure Mr. Greenhouse does not move or transfer assets to frustrate satisfaction of the award.

Regards,
Andrew

Andrew Levine

**B R A U N H A G E Y** & B O R D E N LLP
Direct:  (415) 599-0207

---

**From:** Richard Goldwasser <Richard.Goldwasser@sfbbg.com>
**Sent:** Monday, March 15, 2021 8:34 PM
**To:** Andrew Levine <levine@braunhagey.com>
**Cc:** Ryan Tyz <ryan@tyzlaw.com>; Shannon Ellenburg <shannon@tyzlaw.com>; Sean Apple <sapple@tyzlaw.com>; Andrew Johnson <Andrew.Johnson@sfbbg.com>; Noah Hagey <hagey@braunhagey.com>; Bram Schumer <Schumer@braunhagey.com>
**Subject:** Re: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357 - Notice of Tentative Ruling Granting Petition to Confirm and Motion to File Record Under Seal

Andrew, following up on our conversations this evening, if Polychain will agree to our request for a 45-day extension of time to answer your petition and motion, my client will provide the requested assurances.

Please let me know at your earliest convenience tomorrow if this is acceptable to your client so that we'll know if we need to file a motion.

Thanks,
Rich

Richard M. Goldwasser | **SFBBG, LLC**

---

On Mar 15, 2021, at 8:25 PM, Andrew Levine <levine@braunhagey.com> wrote:

Rich – What is the best number to reach you?

---

**From:** Richard Goldwasser <Richard.Goldwasser@sfbbg.com>
**Sent:** Monday, March 15, 2021 6:12 PM
**To:** Andrew Levine <levine@braunhagey.com>
**Cc:** Ryan Tyz <ryan@tyzlaw.com>; Shannon Ellenburg <shannon@tyzlaw.com>; Sean Apple <sapple@tyzlaw.com>; Andrew Johnson <Andrew.Johnson@sfbbg.com>; Noah Hagey <hagey@braunhagey.com>; Bram Schumer <Schumer@braunhagey.com>
**Subject:** Re: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357 - Notice of Tentative Ruling Granting Petition to Confirm and Motion to File Record Under Seal

Andrew, seven days is not enough time. As you know there is a significant and complex record that will need to be reviewed. I believe my request for 45 days was quite reasonable. Once again, I believe we have an obligation to conduct a meet and confer and I am beginning a trial tomorrow afternoon. Please advise if you are available tomorrow morning through noon Chicago time. Alternatively, I'm available this evening.

Thanks,
Rich

Richard M. Goldwasser | **SFBBG, LLC**

---

On Mar 15, 2021, at 8:02 PM, Andrew Levine <levine@braunhagey.com> wrote:

Rich –

Polychain is willing to agree to a one week extension on Mr. Greenhouse's time to respond to the Petition, provided that Mr. Greenhouse provide assurances that he will not attempt to improperly transfer, avoid, dissipate or otherwise encumber any of his financial or other assets, including crypto-currency instruments or investments (e.g., Bitcoin and/or other blockchain assets), or attempt to transfer such assets beyond the reach of Polychain as your client's significant judgment creditor and/or outside the jurisdiction of the State and/or Federal courts of the United States.

If Mr. Greenhouse is amenable we can so stipulate on the record during tomorrow's hearing and set a time for a new hearing date on the Petition. If not, and the Court does not enter orders consistent with the Tentative Rulings following tomorrow's hearing, Polychain will, as necessary, move ex parte to remand to state court and seek all appropriate sanctions for the improper notice of removal.

Thanks,
Andrew

Andrew Levine
**B R A U N H A G E Y & B O R D E N** LLP
Direct: (415) 599-0207

---

**From:** Richard Goldwasser <Richard.Goldwasser@sfbbg.com>
**Sent:** Monday, March 15, 2021 5:14 PM
**To:** Andrew Levine <levine@braunhagey.com>
**Cc:** Ryan Tyz <ryan@tyzlaw.com>; Shannon Ellenburg <shannon@tyzlaw.com>; Sean Apple <sapple@tyzlaw.com>; Andrew Johnson <Andrew.Johnson@sfbbg.com>; Noah Hagey <hagey@braunhagey.com>; Bram Schumer <Schumer@braunhagey.com>
**Subject:** Re: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357 - Notice of Tentative Ruling Granting Petition to Confirm and Motion to File Record Under Seal

Andrew, we obviously have different views here. For the present purposes, am I to construe your email below to mean that you will not engage in a meet and confer re our requested extension of time to respond to your petition and motion? If I am reading your email correctly, we will make our application with the court. Please advise so we can either schedule a time to talk or prepare our motion.

Thanks,
Rich

Richard M. Goldwasser | **SFBBG, LLC**

On Mar 15, 2021, at 5:25 PM, Andrew Levine <levine@braunhagey.com> wrote:

Richard and Ryan –

It appears that Mr. Greenhouse's notice of removal is not only improper substantively but was not perfected.  *See* below Tentative Ruling from Judge Shulman of SF Superior Court granting Polychain's Petition to Confirm and Motion to Seal, which is also available on the Court's website, available at https://webapps.sftc.org/tr/tr.dll?RulingID=2&SessionID=A821C195ACAEA35B3329C11CA15514A7BA47219B.

Should you wish to contest the Tentative, we will appear tomorrow in Department 302 as well to explain that there was no reasonable basis to remove the matter on diversity jurisdiction grounds and that the Tentative Rulings should be entered along with judgment confirming the final arbitration award.

Your suggestion that the investors' statements we provided do not suffice for purposes of withdrawing the notice of removal is not credible.   Mr. Greenhouse was well aware of the broad scope of Polychain's investor base through discovery during the arbitration hearing.  Polychain has spent the past two years obtaining a broad injunction against Mr. Greenhouse to permanently enjoin him from improperly disclosing and misusing Polychain's Confidential Information.  It has no interest in providing Mr. Greenhouse information with which he can identify LPs.  If necessary, we will provide a declaration from the company regarding the number of extant Florida citizens, noting of course the apparent bad faith in your client's filing.

As for your intended effort to delay resolution of the Petition, we are unaware of any  grounds upon which to do so.  The award, which your client expressly agreed to have entered against him, is fully competent on its face.

Regards,
Andrew


<image001.jpg>

---

**From:** Richard Goldwasser <Richard.Goldwasser@sfbbg.com>
**Sent:** Monday, March 15, 2021 11:59 AM
**To:** Andrew Levine <levine@braunhagey.com>; Robert P. Charbonneau <RPC@agentislaw.com>
**Cc:** Shannon Ellenburg <shannon@tyzlaw.com>; Noah Hagey <hagey@braunhagey.com>; Bram Schumer <Schumer@braunhagey.com>; Ryan Tyz <ryan@tyzlaw.com>; Sean Apple <sapple@tyzlaw.com>; Andrew Johnson <Andrew.Johnson@sfbbg.com>
**Subject:** RE: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357 / NDCA Case No. 3:21-CV-01770)

Thanks for sending this, Andrew. But the statements do not identify any member or limited partner. Nor do they establish citizenship. They're merely investment statements identifying Florida cities.

Also, 30 days from Feb. 10 the date you claim is operative is March 12, the date on which we removed, making it timely.

If you have something to show that a member or limited partner is a Florida citizen, please forward. An affidavit from a member or limited partner stating they are a Florida citizen would suffice. Perhaps, we could work through this on a call. Let me know.

Further, as you know, my firm has just entered its appearance, and accordingly we'll need additional time to review the underlying record in order to respond to your petition. Please let me know if you are amenable to a 45-day extension. We'd obviously reciprocate and allow you the same period of time for a reply. If you have an objection, please let us know when you are available to meet and confer regarding our request.

Rich

---

**From:** Andrew Levine <levine@braunhagey.com>
**Sent:** Monday, March 15, 2021 12:39 PM
**To:** Richard Goldwasser <Richard.Goldwasser@sfbbg.com>; Robert P. Charbonneau <RPC@agentislaw.com>
**Cc:** Shannon Ellenburg <shannon@tyzlaw.com>; Noah Hagey <hagey@braunhagey.com>; Bram Schumer <Schumer@braunhagey.com>; Ryan Tyz <ryan@tyzlaw.com>; Sean Apple <sapple@tyzlaw.com>; Andrew Johnson <Andrew.Johnson@sfbbg.com>
**Subject:** RE: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357 / NDCA Case No. 3:21-CV-01770)

Richard –

Attached are copies of four Polychain Fund I LP investors statements issued by Polychain's third party fund administrator, MG Stover, to LPs domiciled in FL.  Please confirm that you will file a motion to withdraw the notice of removal today so that the matter can be remanded promptly to SF Superior Court where it belongs.

Regarding notice, our office provided Mr. Greenhouse's counsel copies of Polychain's petition papers more than 30 days before you filed the notice of removal.  There was ample time to conduct a reasonable inquiry, including by conferring with Mr. Greenhouse or any number of his sets of counsel as to whether any sound basis existed for removal.  As Mr. Greenhouse and his prior counsel well know Polychain Fund I has 100s of LP all of the country as was discussed broadly during the arbitration.

Prior to your notice of removal, Polychain's petition to confirm was set for hearing on March 16, 2021 at 9:30 am in Department 302.  To the extent Mr. Greenhouse's improper notice of removal results in that hearing being taken off calendar Polychain reserves its right to raise the impropriety of the removal notice with the Court and seek appropriate sanction.

Regards,
Andrew

Andrew Levine

**B R A U N H A G E Y & B O R D E N** LLP

Direct:  (415) 599-0207

---

**From:** Richard Goldwasser <Richard.Goldwasser@sfbbg.com>
**Sent:** Saturday, March 13, 2021 10:55 AM
**To:** Robert P. Charbonneau <RPC@agentislaw.com>
**Cc:** Andrew Levine <levine@braunhagey.com>; Shannon Ellenburg <shannon@tyzlaw.com>; Noah Hagey <hagey@braunhagey.com>; Bram Schumer <Schumer@braunhagey.com>; Ryan Tyz <ryan@tyzlaw.com>; Sean Apple <sapple@tyzlaw.com>; Andrew Johnson <Andrew.Johnson@sfbbg.com>
**Subject:** Re: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357 / NDCA Case No. 3:21-CV-01770)

Andrew, nice to meet you. As you know, even measured from Feb. 10, the notice of removal is timely. The Form D does not identify the members or limited partners or their citizenship. That said, I'm all for avoiding unnecessary battles. If you would you be willing to provide us with proof of Florida citizenship, we would certainly be amenable to remanding the case. Please let us know. If you think a call would be fruitful, I'm available after 1:00 PT at (312) 622-3006.

Richard M. Goldwasser | **SFBBG, LLC**

---

On Mar 13, 2021, at 12:35 PM, Robert P. Charbonneau <RPC@agentislaw.com> wrote:

I hope you're not suggesting that providing me with copies of documents in an action in which I have never appeared is proof of some kind of service to Mr. Greenhouse. Of course it is not, and the purpose in continually copying me on these kinds of correspondence in this case suggests that you believe otherwise.

Sent from my iPhone

 *please note our new contact information

_____

**Robert P. Charbonneau**
**Attorney**
**rpc@agentislaw.com**


55 Alhambra Plaza
Suite 800
Coral Gables, FL 33134
T 305.722.2002


www.agentislaw.com

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

---

On Mar 13, 2021, at 12:34 PM, Andrew Levine <levine@braunhagey.com> wrote:

Ryan –

Nice to meet you.  You (and your colleagues from Schoenberg Finkel) will be, respectively, the fifth and sixth set of counsel Mr. Greenhouse has retained to represent him in connection with this matter.

The notice of removal you filed this evening is improper and sanctionable.  You should withdraw it immediately.  Mr. Greenhouse has been on notice and was provided copies of Polychain's petition to confirm and supporting documents on February 10, 2020.  See attached email to Mr. Greenhouse's Florida counsel, Robert Charbonneau, who is also copied here.  Even a cursory investigation, including conferring with your client, would have revealed that there is no reasonable basis to assert that diversity of citizenship exists between the parties.  As Mr. Greenhouse knows and as is reflected in the Form D you filed along with the notice of removal, Polychain Fund I has hundreds of investors, including other investors, like Mr. Greenhouse, residing in Florida.

Regards,
Andrew

Andrew Levine
B R A U N H A G E Y  &  B O R D E N  L L P
Direct:  (415) 599-0207

---

From: Shannon Ellenburg <shannon@tyzlaw.com>
Sent: Friday, March 12, 2021 6:06 PM
To: Noah Hagey <hagey@braunhagey.com>; Andrew Levine <levine@braunhagey.com>; Bram Schumer <Schumer@braunhagey.com>
Cc: Ryan Tyz <ryan@tyzlaw.com>; Sean Apple <sapple@tyzlaw.com>; Richard.Goldwasser@sfbbg.com; andrew.johnson@sfbbg.com
Subject: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357 / NDCA Case No. 3:21-CV-01770)

Counsel,

Attached please find courtesy copies of the following documents that were filed with the Court today:

\* Notice of Removal
\* Civil Cover Sheet
\* Declaration of Ryan Tyz in Support of Removal (and Exhibits 1-4)
\* Notice of Filing Notice of Removal

Sincerely,

Shannon Ellenburg
shannon@tyzlaw.com<mailto:shannon@tyzlaw.com>
(415) 580-0705
4 Embarcadero Center, Floor 14
San Francisco, CA  94111

[signature_754704296]<http://www.tyzlaw.com/>

DISCLAIMER:  This email message is intended only for the use of the addressee(s) named above.  This message may be an attorney-client communication and as such include privileged, confidential information and/or attorney work product.  If you are not an intended recipient, you may not review, copy or distribute this message.  If you have received this message in error, please notify us immediately by email and take the steps necessary to delete the message completely from your computer system.

<FW: Polychain v Greenhouse - Request for Financial Disclosure.eml>

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

<ED Declaration.pdf>
<Joint Stipulation to Remand.docx>

 STOVER

# Investor Statement

Polychain Fund I LP

As of 1/31/2021

**Redacted - Confidential Information**

Jacksonville, FL 32207

| Statement of Capital Account | | |
|---|---|---|
| | Month to Date | Year to Date |
| Beginning Net Asset Value | **Redacted - Confidential Information** | |
| Contributions | | |
| Net Income (Loss) | | |
| Withdrawals | | |
| Ending Net Asset Value | | |

| Investor Performance History | |
|---|---|
| Period Net Rate of Return | **Redacted - Confidential Information** |

 STOVER

# Investor Statement

Polychain Fund I LP

As of 1/31/2021

**Redacted - Confidential Information**

Aventura, FL 33180

| Statement of Capital Account | | |
|---|---|---|
| | Month to Date | Year to Date |
| Beginning Net Asset Value | **Redacted - Confidential Information** | |
| Contributions | | |
| Net Income (Loss) | | |
| Withdrawals | | |
| Ending Net Asset Value | | |

| Investor Performance History | |
|---|---|
| Period Net Rate of Return | **Redacted - Confidential Information** |

 STOVER

# Investor Statement

Polychain Fund I LP

As of 1/31/2021

**Redacted - Confidential Information**

Palm Beach, FL 33480

| Statement of Capital Account | | |
| --- | --- | --- |
| | Month to Date | Year to Date |
| Beginning Net Asset Value | **Redacted - Confidential Information** | |
| Contributions | | |
| Net Income (Loss) | | |
| Withdrawals | | |
| Ending Net Asset Value | | |

| Investor Performance History | |
| --- | --- |
| Period Net Rate of Return | **Redacted - Confidential Information** |

22-February-21



# Investor Statement

Polychain Fund I LP

As of 1/31/2021

**Redacted - Confidential Information**

North Miami Beach, FL 33179

| Statement of Capital Account | | |
| --- | --- | --- |
| | Month to Date | Year to Date |
| Beginning Net Asset Value | **Redacted - Confidential Information** | |
| Contributions | | |
| Net Income (Loss) | | |
| Withdrawals | | |
| Ending Net Asset Value | | |

| Investor Performance History | | |
| --- | --- | --- |
| Period Net Rate of Return | **Redacted - Confidential Information** | |

# EXHIBIT B

| | |
|---|---|
| **From:** | Andrew Levine |
| **Sent:** | Tuesday, March 23, 2021 6:10 PM |
| **To:** | Ryan Tyz |
| **Cc:** | Richard Goldwasser; Andrew Johnson; Sean Apple; Shannon Ellenburg; Noah Hagey; Bram Schumer |
| **Subject:** | RE: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357) |

Ryan –

Mr. Greenhouse's refusal to stipulate to the protections he agreed to earlier is deeply concerning and suggests that he intends to use the delay caused by his improper removal and his request for an extension to frustrate confirmation of the Award and enforcement of judgment, including by moving assets or filing for bankruptcy to temporarily stay these proceedings.  Please take this as notice that Petitioners intend to address these issues by ex parte application with the Court tomorrow, March 24, 2021, at 11 am.  We will seek entry of the draft order I sent you earlier today.

Regards,
Andrew


Andrew Levine
**BRAUNHAGEY & BORDEN** LLP
Direct:  (415) 599-0207

---

**From:** Ryan Tyz <ryan@tyzlaw.com>
**Sent:** Tuesday, March 23, 2021 5:13 PM
**To:** Andrew Levine <levine@braunhagey.com>
**Cc:** Richard Goldwasser <Richard.Goldwasser@sfbbg.com>; Andrew Johnson <Andrew.Johnson@sfbbg.com>; Sean Apple <sapple@tyzlaw.com>; Shannon Ellenburg <shannon@tyzlaw.com>; Noah Hagey <hagey@braunhagey.com>; Bram Schumer <Schumer@braunhagey.com>
**Subject:** Re: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357)

Andrew –

There is no basis for *ex parte* motion practice on the briefing schedule. The court indicated that it would have the hearing the week of April 12, and if we could not agree on a response deadline it would order March 30 as the deadline.  Respondent has agreed to your proposed hearing date of April 14, and agreed to March 30 for its response so there is nothing for the court to decide concerning the briefing schedule and hearing date.  If Respondent is unwilling to enter a stipulation with this schedule, we are left with no choice but to ask the court to order it.

Ryan

---

**From:** Andrew Levine <levine@braunhagey.com>
**Date:** Tuesday, March 23, 2021 at 2:45 PM
**To:** Ryan Tyz <ryan@tyzlaw.com>
**Cc:** Richard Goldwasser <Richard.Goldwasser@sfbbg.com>, Andrew Johnson <Andrew.Johnson@sfbbg.com>, Sean Apple <sapple@tyzlaw.com>, Shannon Ellenburg <shannon@tyzlaw.com>, Noah Hagey

<hagey@braunhagey.com>, Bram Schumer <Schumer@braunhagey.com>
**Subject:** RE: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357)

Ryan –

We are fine with the schedule proposed below, but believe it should be accompanied by firm assurances that your client will not misuse that period of time to fraudulently transfer assets, dissipate his property, file for bankruptcy protection or otherwise violate the terms of the JAMS Final Award.  These issues were raised during today's hearing, and Judge Schulman expressed concern regarding the potential prejudice to Polychain.  The Court further asked whether respondent would stipulate to address those concerns.

We would prefer to avoid further ex parte motion practice, but will move should respondent refuse to agree to terms that merely protect Petitioners pending entry of judgment (and to which Respondent previously agreed in December 2020).  We can foresee no prejudice to respondent in doing so, particularly given that he already provided those assurances, in writing.

Attached is a revised stipulation, fixing one nit, and adding the stipulations.

Last, but not least, your suggestion to the Court that Mr. Greenhouse had never previously agreed to refrain from filing for bankruptcy was false.  You are in possession of his counsel's email dated December 23, 2020 unequivocally stating that he would refrain from doing so.  Should we need to move, we will raise the issue with the Court as well.


Regards,
Andrew



Andrew Levine
B R A U N **H A G E Y** & B O R D E N  LLP
Direct:  (415) 599-0207



---

**From:** Ryan Tyz <ryan@tyzlaw.com>
**Sent:** Tuesday, March 23, 2021 12:24 PM
**To:** Andrew Levine <levine@braunhagey.com>
**Cc:** Richard Goldwasser <Richard.Goldwasser@sfbbg.com>; Andrew Johnson <Andrew.Johnson@sfbbg.com>; Sean Apple <sapple@tyzlaw.com>; Shannon Ellenburg <shannon@tyzlaw.com>; Noah Hagey <hagey@braunhagey.com>; Bram Schumer <Schumer@braunhagey.com>
**Subject:** Re: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357)

Andrew –

Petitioner's proposal below does not give Respondent much additional time over what Judge Schulman indicated he would order.  Also, as the Court made clear, it will not determine the petition on the basis that the response was untimely and wants a complete record to decide it on the merits.   Accordingly, Respondent will submit to the Court ordering the deadline for a response to the petition to March 30 and your proposed hearing date:

      March 30, 2021 – Deadline for Respondent's Response to the Petition
      April 5, 2021 – Deadline for Petitioner's Reply
      April 14, 2021 – Hearing Date

While it does not appear Petitioners are entitled to a reply under CCP 1290, we are willing to stipulate to one as set forth above, and consistent with our prior proposals and so the Court has both parties' complete positions.  In view of the foregoing, we do not see any basis for requiring Respondent to agree to give up any right to file a petition for bankruptcy, and I disagree with your characterization of my representation to the Court – I noted that Mr. Greenhouse had agreed not to improperly transfer funds and would be willing to continue not to do so if we could get an extension until April 26 (an extension Petitioner opposed).

Attached is a stipulation and proposed order reflecting the above briefing and hearing schedule.  Please confirm this is acceptable, and we will submit it to the court.

Thanks,
Ryan


Ryan Tyz
(415) 849-3578
4 Embarcadero Center, Floor 14
San Francisco, CA  94111



DISCLAIMER:  This email message is intended only for the use of the addressee(s) named above.  This message may be an attorney-client communication and as such include privileged, confidential information and/or attorney work product.  If you are not an intended recipient, you may not review, copy or distribute this message.  If you have received this message in error, please notify us immediately by email and take the steps necessary to delete the message completely from your computer system.

---

**From:** Andrew Levine <levine@braunhagey.com>
**Date:** Tuesday, March 23, 2021 at 11:35 AM
**To:** Ryan Tyz <ryan@tyzlaw.com>
**Cc:** Richard Goldwasser <Richard.Goldwasser@sfbbg.com>, Andrew Johnson <Andrew.Johnson@sfbbg.com>, Sean Apple <sapple@tyzlaw.com>, Shannon Ellenburg <shannon@tyzlaw.com>, Noah Hagey <hagey@braunhagey.com>, Bram Schumer <Schumer@braunhagey.com>
**Subject:** Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357)

Ryan –

To follow up on our hearing and instructions from Judge Schulman, who made clear that if we could not agree on dates and a stipulation he would set the date for Respondent's response for March 30, 2021, we propose the following:

    April 2, 2021 – Respondent's response to the Petition
    April 8, 2021 – Petitioner's reply
    April 14, 2021 – Hearing

Petitioner's will agree to the above schedule conditioned on Mr. Greenhouse's stipulation to the following:  He will not, pending final adjudication of the Petition:

1.  Improperly transfer, avoid, dissipate or otherwise encumber any of his financial or other assets, including crypto-currency instruments or investments (e.g., Bitcoin and/or other blockchain assets);

2. Transfer such assets beyond the reach of Polychain as judgment creditor and/or outside the jurisdiction of the State and/or Federal courts of the United States; or
3. File a petition for bankruptcy.


Your representation to the Court that Mr. Greenhouse had not agreed to stipulate to the following in the past is inaccurate.  On December 23, 2020, Mr. Greenhouse's previous counsel with the Michelman & Robinson firm, stipulated to these exact terms effective through March 15, 2021. *See* attached.  We simply seek the same protections now, given Mr. Greenhouse's request for an extension.


Please let us know if we have agreement on the above by 3 PT today.  Petitioners' reserve all rights.


Regards,
Andrew


Andrew Levine
**B R A U N H A G E Y** & **B O R D E N** LLP
Direct:  (415) 599-0207

# EXHIBIT C

**From:**      Noah Hagey
**Sent:**      Thursday, March 18, 2021 1:59 PM
**To:**        Ryan Tyz
**Cc:**        Andrew Levine; Bram Schumer; Richard Goldwasser; Andrew Johnson; Sean Apple; Shannon
               Ellenburg; Katie Kushnir
**Subject:**   Re: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357)


Hi Ryan, Let's hop on a call.

Our position (and understanding of the law) is that respondent is not entitled to any additional time beyond what available on the date he filed his improper removal. Further, his response to the petition *already* was untimely. This is not an indigent or otherwise incapable respondent.  He has many experienced lawyers working for him.  His BK counsel was in active discussions with us during the period.

In our call, and in response to your position below, we would like to know:

1/ When was your office and Mr Goldwasser first contacted by Greenhouse or a representative of his?

2/ As part of due diligence before removal and being retained, did either of you speak with Greenhouse's prior counsel at Michaelman or Jenner Block?  Did you speak with his bankruptcy counsel in Florida?

3/ What alleged colorable, non-sanctionable grounds for contesting the petition is your client potentially asserting?

4/ Will Greenhouse covenant he will not file for BK pending determination of Polychain's petition?

5/ We intend to seek asset discovery.  Is Greenhouse going to object?

Noah

J. Noah Hagey
BraunHagey & Borden LLP
hagey@braunhagey.com
Office (415) 599-0211
Cell (510) 332-7823


On Mar 18, 2021, at 11:51 AM, Ryan Tyz <ryan@tyzlaw.com> wrote:


Noah – we are amenable to an agreed exchange.  What do you propose?   On the rest of your email, CCP 1290.6 provides the basis for the requested extension.  It was also our understanding from your firm that Petitioner would discuss a reasonable extension for the response upon the stipulation of remand, but that now appears not to be the case.  Again, we would be amenable to a 28 day extension by stipulation rather than the 35 day extension we are seeking from the Court so we can focus on a response rather than these ex parte applications.  Please let me know if Petitioner is amenable to a stipulated extension here.  We disagree that Respondent misused the remand process to frustrate the schedule.  Happy to get on call to discuss logistics if you think that would help.  Ryan

RYAN TYZ
ryan@tyzlaw.com
(415) 849-3578
4 Embarcadero Center, Floor 14
San Francisco, CA  94111

<image001.png>

DISCLAIMER:  This email message is intended only for the use of the addressee(s) named above.  This message may be an attorney-client communication and as such include privileged, confidential information and/or attorney work product.  If you are not an intended recipient, you may not review, copy or distribute this message.  If you have received this message in error, please notify us immediately by email and take the steps necessary to delete the message completely from your computer system.

**From:** Noah Hagey <hagey@braunhagey.com>
**Date:** Thursday, March 18, 2021 at 10:37 AM
**To:** Ryan Tyz <ryan@tyzlaw.com>
**Cc:** Andrew Levine <levine@braunhagey.com>, Bram Schumer <Schumer@braunhagey.com>, Richard Goldwasser <Richard.Goldwasser@sfbbg.com>, Andrew Johnson <Andrew.Johnson@sfbbg.com>, Sean Apple <sapple@tyzlaw.com>, Shannon Ellenburg <shannon@tyzlaw.com>, Katie Kushnir <kushnir@braunhagey.com>
**Subject:** Re: Polychain Fund I LP, et al. v. Harry Greenhouse (SF Superior Case No. CPF21517357)

Ryan, since both sides will be presenting their ex parte papers tomorrow morning, set for hearing at 11am PT in Dept 302, let me know if you would like to agree on a schedule for exchanging our respective papers and for scheduling with court call.

We look forward to explaining to the Cour that there is no basis under the CCP to further extend respondent's time to oppose the petition following remand.  In fact, the settled authority is that no further time is permitted.  Moreover, we do not believe the Court will look favorably upon Respondent's misuse of the removal process to frustrate the Court's and Polychain's schedule under the CCP.

As for the petition generally, Polychain is happy to discuss a process with you for confirming the judgment and potentially delaying attachment and collection actions upon further disclosures by respondent (which he repeatedly has promised but failed to provide) and sworn representations the prevent transfer or other dissipation of his assets.

Let me know if you would like to discuss logistics.

Best,

Noah

J. Noah Hagey
BraunHagey & Borden LLP
hagey@braunhagey.com
Office (415) 599-0211

Cell (510) 332-7823

On Mar 18, 2021, at 10:00 AM, Noah Hagey <hagey@braunhagey.com> wrote:

Thanks Ryan.

Polychain likewise is moving ex parte to reset the petition to confirm hearing for next Tuesday, March 23, 2021 before Judge Schulman or the Court's next available hearing date.  Under the CCP, there is no additional time permitting nor warranted.

Best

Noah

J. Noah Hagey
BraunHagey & Borden LLP
hagey@braunhagey.com
Office (415) 599-0211
Cell (510) 332-7823

On Mar 18, 2021, at 9:53 AM, Ryan Tyz <ryan@tyzlaw.com> wrote:

Andrew:

Respondent intends to file an ex parte application in the Superior Court of California in the above referenced matter to extend time by 35 days to file his Response to the Petition and Motion to Seal.  We intend to set the hearing for March 19, 2021 in Department 302 at 11:00 am. It is our understanding that appearances must be made remotely as described here: https://www.sfsuperiorcourt.org/divisions/civil/law-motion. Please let us know whether you will make an appearance to oppose.  I will give Andrew a call to see if we can agree to a reasonable extension without court intervention.

Thanks,
Ryan

RYAN TYZ
ryan@tyzlaw.com
(415) 849-3578
4 Embarcadero Center, Floor 14
San Francisco, CA  94111

<image001.png>

DISCLAIMER:  This email message is intended only for the use of the addressee(s) named above.  This message may be an attorney-client

communication and as such include privileged, confidential information and/or attorney work product.  If you are not an intended recipient, you may not review, copy or distribute this message.  If you have received this message in error, please notify us immediately by email and take the steps necessary to delete the message completely from your computer system.

# EXHIBIT D

Contact Us

## THE SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

**Tentative Rulings**

**Law & Motion/Discovery Department 302**

You can search by **Case Number**, **Court Date** or a combination of **Court Date** and **Case Number**.

Case Number: [                    ]

And/Or

Court Date: [ 2021-03-16          ]

[ Search ]

Total Records Found 35

| | |
|---|---|
| Case Number: | **CGC05445303** |
| Case Title: | GAO'S GROUP,INC.,A CALIFORNIA CORPORATION VS. SHAWN NICHOLS et al |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | Notice Of Motion And Motion To Set Aside Default Judgment Or Vacate Renewal Of Judgment |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 1, 1- DEFENDANT SHAWN NICHOLS' Motion To Set Aside Default Judgment Or Vacate Renewal Of Judgment. Defendant's motion to vacate the renewal of the judgment or in the alternative, to set aside the default and default judgment is denied. (The Court's full tentative ruling has been emailed directly to the parties.) As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link, or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to contestdept302tr@sftc.org with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. The subject line of the email shall include the line number, case name and case number. The text of the email shall include the name and contact information, including email address, of the attorney or party who will appear at the hearing. Counsel for the plaintiff is required to prepare a proposed order which repeats verbatim the substantive portion of the tentative ruling and must email it to contestdept302tr@sftc.org prior to the hearing even if the tentative ruling is not contested. =(302/EPS) |

| | |
|---|---|
| Case Number: | **CGC05445303** |
| Case Title: | GAO'S GROUP,INC.,A CALIFORNIA CORPORATION VS. SHAWN NICHOLS et al |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | HEARING ON CLAIM OF EXEMPTION |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 1, 2- PLAINTIFF GAO'S GROUP,INC.'S HEARING ON CLAIM OF EXEMPTION. Judgment debtor Shawn Nichols' claim of exemption is granted in the amount of $6,827.00. Judgment debtor claims an exemption under Code of Civil Procedure section 704.120 and Exec. Order N-57-20 on the ground that the sources of funds levied upon in the amount of $6,827.00 constituted exempt unemployment benefits and stimulus payments. Judgment debtor shows under penalty of perjury that the sole source of the funds in the account were transfers from an EDD debit card ($16,690) and a COVID-19 stimulus check ($2,400). Judgment debtor meets his burden of tracing exempt funds. (Code Civ. Proc. sec. 703.080(b).) As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link, or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to contestdept302tr@sftc.org with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. The subject line of the email shall include the line number, case name and case number. The text of the email shall include the name and contact information, including email address, of the attorney or party who will appear at the hearing. The Court will prepare an order granting the claim of exemption. =(302/EPS) |

| | |
|---|---|
| Case Number: | **CGC06450958** |
| Case Title: | GCFS INC A CALIFORNIA CORPORATION VS. NICOLO CONLU et al |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | HEARING ON CLAIM OF EXEMPTION |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 2, 1- PLAINTIFF GCFS INC'S HEARING ON CLAIM OF EXEMPTION. Off calendar as duplicate entry. =(302/EPS) |

| | |
|---|---|
| Case Number: | **CGC06450958** |
| Case Title: | GCFS INC A CALIFORNIA CORPORATION VS. NICOLO CONLU et al |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | Amended HEARING ON CLAIM OF EXEMPTION |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 2, 2- PLAINTIFF GCFS INC'S AMENDED HEARING ON CLAIM OF EXEMPTION. Hearing required. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be |

conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link, or dial the corresponding phone number. =(302/EPS)

| | |
|---|---|
| Case Number: | CPF20517308 |
| Case Title: | IN RE: ZBS LAW, LLP RE: 555 4TH STREET UNIT 607 |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | Notice Of Motion And Motion To Disburse Surplus Funds |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 15, RESPONDENT JPMORGAN CHASE BANK, N.A.'s Motion To Disburse Surplus Funds. Off calendar. The motion was filed on March 11, 2021, and therefore was not filed and served at least 16 court days before the date of the hearing, as required by Code of Civil Procedure section 1005(b). In addition, as the Court recently ruled in denying an ex parte application in the same case, this matter relates to the disposition of surplus funds after a trustee's sale of real property, and therefore must be heard in Dept. 501. (See SF Local Rule 8.10.) =(302/EPS) |

| | |
|---|---|
| Case Number: | CPF20517331 |
| Case Title: | BERNHARD FAMILY TRUST VS. ASHLEY FRANCES SOSNICKI |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | Notice Of Petition To Confirm Arbitration Award And Enter Judgment |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 3, PETITIONER BERNHARD FAMILY TRUST's Petition To Confirm Arbitration Award And Enter Judgment. Grant. No opposition filed. Counsel for petitioner is required to prepare a proposed order which states that the petition was not opposed and a proposed judgment which recites all the terms of relief made in the arbitration award and must email them to contestdept302tr@sftc.org prior to the hearing. =(302/EPS) |

| | |
|---|---|
| Case Number: | CPF21517357 |
| Case Title: | POLYCHAIN FUND I LP ET AL VS. HARRY GREENHOUSE |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | Petitioners Polychain Fund I Lp'S And Polychain Partners Llc F/K/A Polychain 2030 Llc'S Petition To Confirm Arbitration Award And Enter Judgment Thereon |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 4, 2- Petitioners Polychain Fund I LP and Polychain Partners Llc F/K/A Polychain 2030 LLC's Petition To Confirm Arbitration Award And Enter Judgment Thereon. Grant. No opposition filed. Counsel for petitioners is required to prepare a proposed order which states that the petition was not opposed and a proposed judgment which recites all the terms of relief made in the arbitration award and must email them to contestdept302tr@sftc.org prior to the hearing. =(302/EPS) |

| | |
|---|---|
| Case Number: | CPF21517357 |
| Case Title: | POLYCHAIN FUND I LP ET AL VS. HARRY GREENHOUSE |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | Petitioners Notice Of Motion And Motion To File Record Under Seal; Memorandum Of Points And Authorities In Support Thereof |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 4, 1- PETITIONERS POLYCHAIN FUND I L AND POLYCHAIN PARTNERS LLC's Motion To File Record Under Seal. Petitioners' unopposed motion to seal Exhibit 1 to the Petition is granted. The Court determines that there is good cause to warrant sealing pursuant to Cal. Rule of Court 2.550. The Award contains commercially sensitive material. Petitioners shall prepare an order identifying the document to be sealed and set forth the following findings: (1) there exists an overriding interest that overcomes the right of public access to the record; (2) the overriding interest supports sealing the record; (3) a substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) the proposed sealing is narrowly tailored; and (5) no less restrictive means exist to achieve the overriding interest. Counsel for petitioners must email the order to contestdept302tr@sftc.org prior to the hearing. =(302/EPS) |

| | |
|---|---|
| Case Number: | CGC15548532 |
| Case Title: | SUSAN REALE VS. BAY WEST FAMILY HEALTH CARE ET AL |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | Notice Of Motion To Strike/Tax Costs |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 5, PLAINTIFF SUSAN REALE's Motion To Strike/Tax Costs. Off calendar as moot. Defendants withdrew their memorandum of costs on 2/26/21. =(302/EPS) |

| | |
|---|---|
| Case Number: | CGC18564697 |
| Case Title: | SHAWN P. EVANS ET AL VS. AVANDE INC. ET AL |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | DEMURRER to 1ST Amended COMPLAINT |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 6, DEFENDANT AVANDE, INC.'S DEMURRER TO 1ST AMENDED COMPLAINT. Defendant Avande, Inc.'s demurrer to plaintiffs' first amended complaint is overruled. The Court grants defendant's request for judicial notice. (See Evid. Code sec. 452(d) [records of court].) Defendant's moving papers rely on California law to argue that the Delaware judgment in Avande, |

Inc. v. Shawn Evans, et al., CA No. 2018-0203-AGB (Del. Ct. Ch.) bars the instant action based on the principle of res judicata (claim preclusion). Plaintiffs aptly note, however, that Delaware law, not California law, governs the preclusive effect of the Delaware judgment. "Under California law, both the validity and effect of a foreign judgment are governed by the laws of the state in which it is rendered. (Krofcheck v. Ensign Co. (1980) 112 Cal.App.3d 558, 169 Cal.Rptr. 516.)" (Brinker v. Superior Court (1991) 235 Cal.App.3d 1296, 1300.) Therefore, defendant's moving papers rely on inapposite legal authority and it may not properly re-mint its demurrer in its reply brief. (See American Indian Model Schools v. Oakland Unified School Dist. (2014) 227 Cal.App.4th 258, 276 ["Fairness militates against allowing [a party] to raise an issue for the first time in a reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue."].) Likewise, defendant's supplemental request for judicial notice belatedly filed with its reply papers is denied. Defendant may renew the claim preclusion issue based on applicable Delaware law through a properly noticed subsequent filing. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link, or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to contestdept302tr@sftc.org with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. The subject line of the email shall include the line number, case name and case number. The text of the email shall include the name and contact information, including email address, of the attorney or party who will appear at the hearing. Counsel for plaintiffs is required to prepare a proposed order which repeats verbatim the substantive portion of the tentative ruling and must email it to contestdept302tr@sftc.org prior to the hearing even if the tentative ruling is not contested. =(302/EPS)

| | |
|---|---|
| Case Number: | CGC18568137 |
| Case Title: | CAPITAL ONE BANK (USA), N.A. VS. KEVIN B BANKS |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | Notice Of Motion And Motion To Enter Judgment Pursuant To Stipulation |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 7, PLAINTIFF CAPITAL ONE BANK (USA), N.A.'s Motion To Enter Judgment Pursuant To Stipulation. Grant. No opposition filed. Counsel for the plaintiff is required to prepare a proposed order which states that the motion was not opposed and a proposed judgment and must email them to contestdept302tr@sftc.org prior to the hearing. =(302/EPS) |

| | |
|---|---|
| Case Number: | CGC19573185 |
| Case Title: | ADINA MEZA VS. TRACKIN, CO. ET AL |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | Notice Of Second Motion And Second Motion For Preliminary Approval Of Class Action Settlement |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 8, PLAINTIFF ADINA MEZA's Second Motion For Preliminary Approval Of Class Action Settlement. Plaintiff's second motion for preliminary approval of class action settlement is denied without prejudice. (The Court's full tentative ruling has been emailed directly to the parties.) Counsel shall appear to address these issues and to discuss an approach and schedule for addressing them. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link, or dial the corresponding phone number. =(302/EPS) |

| | |
|---|---|
| Case Number: | CGC19574396 |
| Case Title: | ARMANDO REYES VS. STARBUCKS CORPORATION ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Notice Of Motion And Motion For Order Compelling Defendant Jen Luto Attend The Duly Noticed Deposition In The City Of Los Angeles Without Objection; A Request To Waive The 75-Mile Radius Requirement; Order To Compel Production Of Lawfully Noticed Documents Without Objection Within 10 Days; Request For Monetary Sanctions; Memorandum Of Points And Authorities In Support Thereof |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 4, 5. PLAINTIFF ARMANDO REYES' Motion For Order Compelling Defendant Jen Luto Attend The Duly Noticed Deposition In The City Of Los Angeles Without Objection; A Request To Waive The 75-Mile Radius Requirement; Order To Compel Production Of Lawfully Noticed Documents Without Objection Within 10 Days; Request For Monetary Sanctions Pro Tem Judge Steven Stein a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge was appointed on stipulation of the parties and Order of this Court as Discovery Referee with the authority of Superior Court Judge has been assigned to hear this motion. The Pro Tem Judge will hold a hearing on the motion and based on the papers submitted by the parties with oral argument if requested and will issue a Discovery Order referable to the dispute raised by the parties. The Pro Tem Judge has issued the following tentative ruling: Hearing required. Parties to appear. Prior to the hearing parties to review Supplemental Interim Discovery Order and Order Continuing Hearings on Motions. The Tentative Rulings published March 4, 2021 on Dept. 302 website are reaffirmed. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. If the tentative ruling is not contested, the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT) |

| | |
|---|---|
| Case Number: | CGC19574396 |
| Case Title: | ARMANDO REYES VS. STARBUCKS CORPORATION ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Notice Of Motion And Motion For Order Compelling Defendant Starbucks Corporation To Attend The Duly Noticed Deposition In The City Of Los Angeles; A Request To Waive The 75-Mile Radius Requirement; Order To Compel Production Of Lawfully Noticed Documents Without Objection Within 10 Days; Request For Monetary Sanctions; Memorandum Of Points And Authorities In Support Thereof |

| | |
|---|---|
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 4, 1. PLAINTIFF ARMANDO REYES' Motion For Order Compelling Defendant Starbucks Corporation To Attend The Duly Noticed Deposition In The City Of Los Angeles; A Request To Waive The 75-Mile Radius Requirement; Order To Compel Production Of Lawfully Noticed Documents Without Objection Within 10 Days; Request For Monetary Sanctions Pro Tem Judge Steven Stein a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge was appointed on stipulation of the parties and Order of this Court as Discovery Referee with the authority of Superior Court Judge has been assigned to hear this motion. The Pro Tem Judge will hold a hearing on the motion and based on the papers submitted by the parties with oral argument if requested and will issue a Discovery Order referable to the dispute raised by the parties. The Pro Tem Judge has issued the following tentative ruling: Hearing required. Parties to appear. Prior to the hearing parties to review Supplemental Interim Discovery Order and Order Continuing Hearings on Motions. The Tentative Rulings published March 4, 2021 on Dept. 302 website are reaffirmed. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. If the tentative ruling is not contested, the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT) |

| | |
|---|---|
| Case Number: | CGC19574396 |
| Case Title: | ARMANDO REYES VS. STARBUCKS CORPORATION ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Notice Of Motion, Memorandum Of Points And Authorities, And Motion For Order To Have Defendant Starbucks Corporation'S Request For Admissions, Set Two, Deemed Admitted As Affirmative Pursuant To Ccp 2033.280, And For A Request Of Monetary Sanctions |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 4, 4. PLAINTIFF ARMANDO REYES' Motion For Order To Have Defendant Starbucks Corporation'S Request For Admissions, Set Two, Deemed Admitted As Affirmative Pursuant To CCP 2033.280, And For A Request Of Monetary Sanctions Pro Tem Judge Steven Stein a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge was appointed on stipulation of the parties and Order of this Court as Discovery Referee with the authority of Superior Court Judge has been assigned to hear this motion. The Pro Tem Judge will hold a hearing on the motion and based on the papers submitted by the parties with oral argument if requested and will issue a Discovery Order referable to the dispute raised by the parties. The Pro Tem Judge has issued the following tentative ruling: Hearing required. Parties to appear. Prior to the hearing parties to review Supplemental Interim Discovery Order and Order Continuing Hearings on Motions. The Tentative Rulings published March 4, 2021 on Dept. 302 website are reaffirmed. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. If the tentative ruling is not contested, the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT) |

| | |
|---|---|
| Case Number: | CGC19574396 |
| Case Title: | ARMANDO REYES VS. STARBUCKS CORPORATION ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Notice Of Motion, Memorandum Of Points And Authorities, And Motion For Order To Compel Starbucks Corporation To Respond To Lawfully Requested Demand For Production And Inspection Of Documents, Set Two, And For The Imposition Of Monetary Sanctions |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 4, 3. PLAINTIFF ARMANDO REYES' Motion For Order To Compel Starbucks Corporation To Respond To Lawfully Requested Demand For Production And Inspection Of Documents, Set Two, And For The Imposition Of Monetary Sanctions Pro Tem Judge Steven Stein a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge was appointed on stipulation of the parties and Order of this Court as Discovery Referee with the authority of Superior Court Judge has been assigned to hear this motion. The Pro Tem Judge will hold a hearing on the motion and based on the papers submitted by the parties with oral argument if requested and will issue a Discovery Order referable to the dispute raised by the parties. The Pro Tem Judge has issued the following tentative ruling: Hearing required. Parties to appear. Prior to the hearing parties to review the Supplemental Interim Discovery Order and Order Continuing Hearings on Motions. The Tentative Rulings published March 4, 2021 on Dept. 302 website are reaffirmed. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. If the tentative ruling is not contested, the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT) |

| | |
|---|---|
| Case Number: | CGC19574396 |
| Case Title: | ARMANDO REYES VS. STARBUCKS CORPORATION ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Ntc Of Mtn And Mtn For Order To Compel Scott Carter To Respond To The Supplemental Special Interrogatory Discovery Req. Duly Propounded To; Req. For Monetary Sanction Against Deft And Attorney Emily Grace Genge |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 4, 14. PLAINTIFF ARMANDO REYES' Motion For Order To Compel Scott Carter To Respond To The Supplemental Special Interrogatory Discovery Req. Duly Propounded To; Req. For Monetary Sanction Against Deft And Attorney Emily Grace Genge Pro Tem Judge Steven Stein a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge was appointed on stipulation of the parties and Order of this Court as Discovery Referee with the authority of Superior Court Judge has been assigned to hear this motion. The Pro Tem Judge will hold a hearing on the motion and based on the papers submitted by the parties with oral argument if requested and will issue a Discovery Order referable to the dispute raised by the parties. The Pro Tem Judge has issued the following |

tentative ruling: Hearing required. Parties to appear. Prior to the hearing parties to review Supplemental Interim Discovery Order and Order Continuing Hearings on Motions. The Court is without jurisdiction to rule on Defendant's request Plaintiff be deemed a vexatious litigant for issuance of an Order pursuant to CCP sec. 391.3(b) and sec. 391.7(a) prohibiting Plaintiff from filing additional motions absent leave from the Court. Within fifteen days of the date of the hearing herein Defendant may file a noticed motion for that relief for consideration by the Court's Law & Motion Department 302. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. If the tentative ruling is not contested, the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT)

| | |
|---|---|
| Case Number: | CGC19574396 |
| Case Title: | ARMANDO REYES VS. STARBUCKS CORPORATION ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Notice Of Motion, Memorandum Of Points And Authorities, And Motion For Order To Compel Defendant Starbucks Corporation To Respond To Special Interrogatories, Set Two, Lawfully Propounded And For A Request Of Monetary Sanctions |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 4, 2. PLAINTIFF ARMANDO REYES' Motion For Order To Compel Defendant Starbucks Corporation To Respond To Special Interrogatories, Set Two, Lawfully Propounded And For A Request Of Monetary Sanctions Pro Tem Judge Steven Stein a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge was appointed on stipulation of the parties and Order of this Court as Discovery Referee with the authority of Superior Court Judge has been assigned to hear this motion. The Pro Tem Judge will hold a hearing on the motion and based on the papers submitted by the parties with oral argument if requested and will issue a Discovery Order referable to the dispute raised by the parties. The Pro Tem Judge has issued the following tentative ruling: Hearing required. Parties to appear. Prior to the hearing parties to review Supplemental Interim Discovery Order and Order Continuing Hearings on Motions. The Tentative Rulings published March 4, 2021 on Dept. 302 website are reaffirmed. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 302 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. If the tentative ruling is not contested, the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT) |

| | |
|---|---|
| Case Number: | CGC19574396 |
| Case Title: | ARMANDO REYES VS. STARBUCKS CORPORATION ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Ntc Of Mtn And Mtn For Order To Compel Jen Lu To Respond To The Supplemental Special Interrogatory Discovery Req. Duly Propounded And Never Responded To: Req. For A Monetary Sanction Against Deft And Attorney Emily Grace Genge |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 4, 13. PLAINTIFF ARMANDO REYES' Motion For Order To Compel Jen Lu To Respond To The Supplemental Special Interrogatory Discovery Req. Duly Propounded And Never Responded To: Req. For A Monetary Sanction Against Deft And Attorney Emily Grace Genge Pro Tem Judge Steven Stein a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge was appointed on stipulation of the parties and Order of this Court as Discovery Referee with the authority of Superior Court Judge has been assigned to hear this motion. The Pro Tem Judge will hold a hearing on the motion and based on the papers submitted by the parties with oral argument if requested and will issue a Discovery Order referable to the dispute raised by the parties. The Pro Tem Judge has issued the following tentative ruling: Hearing required. Parties to appear. Prior to the hearing parties to review Supplemental Interim Discovery Order and Order Continuing Hearings on Motions. The Court is without jurisdiction to rule on Defendant's request Plaintiff be deemed a vexatious litigant for issuance of an Order pursuant to CCP sec. 391.3(b) and sec. 391.7(a) prohibiting Plaintiff from filing additional motions absent leave from the Court. Within fifteen days of the date of the hearing herein Defendant may file a noticed motion for that relief for consideration by the Court's Law & Motion Department 302. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. If the tentative ruling is not contested, the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT) |

| | |
|---|---|
| Case Number: | CGC19574396 |
| Case Title: | ARMANDO REYES VS. STARBUCKS CORPORATION ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Ntc Of Mtn And Mtn For Order To Compel Starbucks Corporation To Respond To The Document Supplemental Discovery Req. Duly Propounded And Never Responded To; Req. For A Monetary Sanction Against Deft And Attorney Emily Grace Genge |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 4, 10. PLAINTIFF ARMANDO REYES' Motion For Order To Compel Starbucks Corporation To Respond To The Document Supplemental Discovery Req. Duly Propounded And Never Responded To; Req. For A Monetary Sanction Against Deft And Attorney Emily Grace Genge Pro Tem Judge Steven Stein a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge was appointed on stipulation of the parties and Order of this Court as Discovery Referee with the authority of Superior Court Judge has been assigned to hear this motion. The Pro Tem Judge will hold a hearing on the motion and based on the papers submitted by the parties with oral argument if requested and will issue a Discovery Order referable to the dispute raised by the parties. The Pro Tem Judge has issued the following tentative ruling: Hearing required. Parties to appear. Prior to the hearing parties to review Supplemental Interim Discovery Order and Order Continuing Hearings on Motions. The Court is without jurisdiction to rule on Defendant's request Plaintiff be deemed a vexatious litigant for issuance of an Order pursuant to CCP sec. 391.3(b) and sec. 391.7(a) prohibiting Plaintiff from filing additional motions absent leave from the Court. |

Within fifteen days of the date of the hearing herein Defendant may to file a noticed motion for that relief for consideration by the Court's Law & Motion Department 302. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. If the tentative ruling is not contested, the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. = (302/JPT)

| | |
|---|---|
| Case Number: | CGC19574396 |
| Case Title: | ARMANDO REYES VS. STARBUCKS CORPORATION ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Defendants Starbucks Corporation And Jen Lu'S Motion For Protective Order Limiting Plaintiff'S Second And Third Notices Of Deposition Of Starbucks Corporation Person Most Qualified And Requested Documents |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 4, 8. Defendants Starbucks Corporation And Jen Lu'S Motion For Protective Order Limiting Plaintiff'S Second And Third Notices Of Deposition Of Starbucks Corporation Person Most Qualified And Requested Documents Pro Tem Judge Steven Stein a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge was appointed on stipulation of the parties and Order of this Court as Discovery Referee with the authority of Superior Court Judge has been assigned to hear this motion. The Pro Tem Judge will hold a hearing on the motion and based on the papers submitted by the parties with oral argument if requested and will issue a Discovery Order referable to the dispute raised by the parties. The Pro Tem Judge has issued the following tentative ruling: Hearing required. Parties to appear. Prior to the hearing parties to review Supplemental Interim Discovery Order and Order Continuing Hearings on Motions. The Tentative Rulings published March 4, 2021 on Dept. 302 website are reaffirmed. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. If the tentative ruling is not contested, the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT) |

| | |
|---|---|
| Case Number: | CGC19574396 |
| Case Title: | ARMANDO REYES VS. STARBUCKS CORPORATION ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Defendants Starbucks Corporation And Jen Lu'S Motion For Protective Order Limiting Plaintiff'S Notice Of Deposition Of Starbucks Corporation Person Most Qualified And Requested Documents |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 4, 7. Defendants Starbucks Corporation And Jen Lu'S Motion For Protective Order Limiting Plaintiff'S Notice Of Deposition Of Starbucks Corporation Person Most Qualified And Requested Documents Pro Tem Judge Steven Stein a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge was appointed on stipulation of the parties and Order of this Court as Discovery Referee with the authority of Superior Court Judge has been assigned to hear this motion. The Pro Tem Judge will hold a hearing on the motion and based on the papers submitted by the parties with oral argument if requested and will issue a Discovery Order referable to the dispute raised by the parties. The Pro Tem Judge has issued the following tentative ruling: Hearing required. Parties to appear. Prior to the hearing parties to review Supplemental Interim Discovery Order and Order Continuing Hearings on Motions. The Tentative Rulings published March 4, 2021 on Dept. 302 website are reaffirmed. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. If the tentative ruling is not contested, the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT) |

| | |
|---|---|
| Case Number: | CGC19574396 |
| Case Title: | ARMANDO REYES VS. STARBUCKS CORPORATION ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Ntc And Mtn For Order To Compel Deft Scott Carter To Respond To The Document Supplemental Discovery Req. Duly Propounded And Never Responded To; Req. For A Monetary Sanction Against Deft And Attorney Emily Grace Genge |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 4, 11. PLAINTIFF ARMANDO REYES' Motion For Order To Compel Deft Scott Carter To Respond To The Document Supplemental Discovery Req. Duly Propounded And Never Responded To; Req. For A Monetary Sanction Against Deft And Attorney Emily Grace Genge Pro Tem Judge Steven Stein a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge was appointed on stipulation of the parties and Order of this Court as Discovery Referee with the authority of Superior Court Judge has been assigned to hear this motion. The Pro Tem Judge will hold a hearing on the motion and based on the papers submitted by the parties with oral argument if requested and will issue a Discovery Order referable to the dispute raised by the parties. The Pro Tem Judge has issued the following tentative ruling: Hearing required. Parties to appear. Prior to the hearing parties to review Supplemental Interim Discovery Order and Order Continuing Hearings on Motions. The Court is without jurisdiction to rule on Defendant's request Plaintiff be deemed a vexatious litigant for issuance of an Order pursuant to CCP sec. 391.3(b) and sec. 391.7(a) prohibiting Plaintiff from filing additional motions absent leave from the Court. Within fifteen days of the date of the hearing herein Defendant may to file a noticed motion for that relief for consideration by the Court's Law & Motion Department 302. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an |

email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. If the tentative ruling is not contested, the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT)

| | |
|---|---|
| Case Number: | CGC19574396 |
| Case Title: | ARMANDO REYES VS. STARBUCKS CORPORATION ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Ntc Of Mtn And Mtn For Order To Compel Starbucks Corporation To Respond To The Supplemental Special Interrogatory Discovery Req. Duly Propounded And Never Responded To; Req. For A Monetary Sanction Against Deft And Attorney Emily Grace Genge |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 4, 12. PLAINTIFF ARMANDO REYES' Motion For Order To Compel Starbucks Corporation To Respond To The Supplemental Special Interrogatory Discovery Req. Duly Propounded And Never Responded To; Req. For A Monetary Sanction Against Deft And Attorney Emily Grace Genge Pro Tem Judge Steven Stein a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge was appointed on stipulation of the parties and Order of this Court as Discovery Referee with the authority of Superior Court Judge has been assigned to hear this motion. The Pro Tem Judge will hold a hearing on the motion and based on the papers submitted by the parties with oral argument if requested and will issue a Discovery Order referable to the dispute raised by the parties. The Pro Tem Judge has issued the following tentative ruling: Hearing required. Parties to appear. Prior to the hearing parties to review Supplemental Interim Discovery Order and Order Continuing Hearings on Motions. The Court is without jurisdiction to rule on Defendant's request Plaintiff be deemed a vexatious litigant for issuance of an Order pursuant to CCP sec. 391.3(b) and sec. 391.7(a) prohibiting Plaintiff from filing additional motions absent leave from the Court. Within fifteen days of the date of the hearing herein Defendant may to file a noticed motion for that relief for consideration by the Court's Law & Motion Department 302. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. If the tentative ruling is not contested, the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT) |

| | |
|---|---|
| Case Number: | CGC19574396 |
| Case Title: | ARMANDO REYES VS. STARBUCKS CORPORATION ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Ntc Of Mtn And Mtn For Order To Compel Jen Lu To Respond To The Document Supplemental Discovery Req. Duly Propounded And Never Responded To; Req. For A Monetary Sanction Against Deft And Attorney Emily Grace Genge |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 4, 9. PLAINTIFF ARMANDO REYES' Motion For Order To Compel Jen Lu To Respond To The Document Supplemental Discovery Req. Duly Propounded And Never Responded To: Req. For A Monetary Sanction Against Deft And Attorney Emily Grace Genge Pro Tem Judge Steven Stein a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge was appointed on stipulation of the parties and Order of this Court as Discovery Referee with the authority of Superior Court Judge has been assigned to hear this motion. The Pro Tem Judge will hold a hearing on the motion and based on the papers submitted by the parties with oral argument if requested and will issue a Discovery Order referable to the dispute raised by the parties. The Pro Tem Judge has issued the following tentative ruling: Hearing required. Parties to appear. Prior to the hearing parties to review Supplemental Interim Discovery Order and Order Continuing Hearings on Motions. The Court is without jurisdiction to rule on Defendant's request Plaintiff be deemed a vexatious litigant for issuance of an Order pursuant to CCP sec. 391.3(b) and sec. 391.7(a) prohibiting Plaintiff from filing additional motions absent leave from the Court. Within fifteen days of the date of the hearing herein Defendant may to file a noticed motion for that relief for consideration by the Court's Law & Motion Department 302. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. If the tentative ruling is not contested, the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT) |

| | |
|---|---|
| Case Number: | CGC19574396 |
| Case Title: | ARMANDO REYES VS. STARBUCKS CORPORATION ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Notice Of Motion And Motion For Order To Obtain International Assistance Form The Honorable Czech Republic Supreme Court Pursuant To The Hague Convention Treaty, International Custom, And Judicial Norms; Motion For Order Issuing Letter Rogatory; Memorandum Of Points And Authorities In Support Thereof |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 4, 6. PLAINTIFF ARMANDO REYES' Motion For Order To Obtain International Assistance Form The Honorable Czech Republic Supreme Court Pursuant To The Hague Convention Treaty, International Custom, And Judicial Norms; Motion For Order Issuing Letter Rogatory Pro Tem Judge Steven Stein a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge was appointed on stipulation of the parties and Order of this Court as Discovery Referee with the authority of Superior Court Judge has been assigned to hear this motion. The Pro Tem Judge will hold a hearing on the motion and based on the papers submitted by the parties with oral argument if requested and will issue a Discovery Order referable to the dispute raised by the parties. The Pro Tem Judge has issued the following tentative ruling: Hearing required. Parties to appear. Prior to the hearing parties to review Supplemental Interim Discovery Order and Order Continuing Hearings on Motions. The Tentative Rulings published March 4, 2021 on Dept. 302 website are reaffirmed. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. If the |

tentative ruling is not contested, the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT)

| | |
|---|---|
| Case Number: | CGC19580671 |
| Case Title: | KIRA PAPINEAU VS. UNIVERSITY OF SAN FRANCISCO ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | MOTION / Notice Of Motion & Motion To Deem Requests For Admission Admitted And To Impose Monetary Sanctions |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 1, DEFENDANT UNIVERSITY OF SAN FRANCISCO's MOTION To Deem Requests For Admission Admitted And To Impose Monetary Sanctions Pro Tem Judge Steve Stein, a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge, has been assigned to hear this motion. Prior to the hearing all parties to the motion will be asked to sign a stipulation agreeing that the motion may be heard by the Pro Tem Judge. If all parties to the motion sign the stipulation, the hearing will proceed before the Judge Pro Tem who will decide the motion with the same authority as a Superior Court Judge. If a party appears by telephone, the stipulation may be signed via fax or consent to sign given by email. If not all parties to the motion sign the stipulation, the Pro Tem Judge will hold a hearing on the motion and, based on the papers submitted by the parties and the hearing, issue a report in the nature of a recommendation to the Dept. 302 Judge, who will then decide the motion. If a party does not appear at the hearing, the party will be deemed to have stipulated that the motion will be decided by the Pro Tem Judge with the same authority as a Superior Court Judge. The Pro Tem Judge has issued the following tentative ruling: Defendant's motion is granted part and denied in part. Denied is the motion to deem Requests for Admissions as admitted. Plaintiff served substantially compliant verified responses prior to the hearing on the motion. The defendant is entitled to the verified response in proper pleading format. Defendant points out service of a verification which is not attached to the responsive pleading presents logistical and procedural difficulties if the pleading is presented as evidence at trial. Plaintiff shall within fifteen days of the date of this Order to re-serve her verified response to Request for Admissions, Set One. A monetary sanction for failure to timely serve a substantially compliant verified response to Request for Admissions until after filing of a motion but prior to the hearing is mandatory. See C.C.P. 2033.220 (c). Plaintiff's counsel is sanctioned in the sum of $660.00 to paid within the aforesaid fifteen days. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. The subject line of the email shall include the line number, case name and case number. If parties have arranged for a court reporter to appear, please include the following in your email: (1) ensure that they are California Certified Shorthand Reporters; (2) the reporter's full contact information [name, CSR number, personal work email, and phone number]. If the reporter is not a California Certified Shorthand Reporter, the transcript cannot be certified for use in California courts. If the tentative ruling is not contested, the parties are deemed to have stipulated to the Pro Tem hearing the motion and the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT) |

| | |
|---|---|
| Case Number: | CGC19580966 |
| Case Title: | MICHAEL PIRRAGLIA VS. CHINA LIVE, LLC ET AL |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | MOTION FOR SUMMARY JUDGMENT Or Alterntatively, Summary Adjudication |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 10, DEFENDANT CHINA LIVE, LLC's Motion for Summary Judgment Or Alterntatively, Summary Adjudication. Defendant China Live, LLC's motion for summary judgment is denied. Summary adjudication is granted as to the second cause of action and denied as to the first and third causes of action. (The Court's full tentative ruling has been emailed directly to the parties.) As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link, or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to contestdept302tr@sftc.org with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. The subject line of the email shall include the line number, case name and case number. The text of the email shall include the name and contact information, including email address, of the attorney or party who will appear at the hearing. Counsel for the defendant is required to prepare a proposed order which repeats verbatim the substantive portion of the tentative ruling and must email it to contestdept302tr@sftc.org prior to the hearing even if the tentative ruling is not contested. =(302/EPS) |

| | |
|---|---|
| Case Number: | CGC19581068 |
| Case Title: | DISCOVER BANK VS. ZESHENG HUANG |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | Notice Of Motion And Motion To Enter Judgment Pursuant To Stipulation; Memorandum Of Points And Authorities; Declaration Of Counsel For Plaintiff In Support Thereof |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 11, PLAINTIFF DISCOVER BANK's Motion To Enter Judgment Pursuant To Stipulation. Grant. No opposition filed. Counsel for the plaintiff is required to prepare a proposed order which states that the motion was not opposed and a proposed judgment and must email them to contestdept302tr@sftc.org prior to the hearing. =(302/EPS) |

| | |
|---|---|
| Case Number: | CGC20582447 |
| Case Title: | MAGNOLIADRHOMES LLC VS. PEAK FINANCIAL COMPANY ET AL |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | Notice And Motion For Leave To File First Amended Complaint |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 12, PLAINTIFF MAGNOLIADRHOMES LLC's Motion For Leave To File First Amended Complaint. Plaintiff Magnoliadrhomes LLC's motion for leave to file a first amended complaint is granted. Plaintiff has not unduly delayed in |

seeking leave to amend, and Defendants do not show that they would be prejudiced by the amendment. To the extent that Defendants challenge the viability of the proposed causes of action or the court's jurisdiction to decide those causes of action, they may raise those issues by demurrer or other appropriate motion. (See, e.g., California Casualty Gen. Ins. v. Superior Court (1985) 173 Cal.App.3d 274, 281 ["the preferable practice would be to permit the amendment and allow the parties to test its legal sufficiency by demurrer, motion for judgment on the pleadings or other appropriate proceedings."].) The Court will not condition leave to amend on plaintiff's agreement to "consolidate" this action with a related action pending in a different court. Any request to coordinate, stay or transfer the action must be brought by separate motion. Likewise, any request to continue the existing trial date must be made in Dept. 206. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link, or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to contestdept302tr@sftc.org with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. The subject line of the email shall include the line number, case name and case number. The text of the email shall include the name and contact information, including email address, of the attorney or party who will appear at the hearing. Counsel for the plaintiffs is required to prepare a proposed order which repeats verbatim the substantive portion of the tentative ruling and must email it to contestdept302tr@sftc.org prior to the hearing even if the tentative ruling is not contested. =(302/EPS)

| | |
|---|---|
| Case Number: | CGC20584863 |
| Case Title: | OLD REPUBLIC GENERAL INSURANCE CORPORATION VS. CABRILLO HOIST ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Notice Of Motion And Motion To Compel Plaintiffs Responses To Form Interrogatories (Set One) And Special Interrogatories (Set One) And Request For Monetary Sanctions In The Amount Of 430 |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 2, 2. DEFENDANT CABRILLO HOIST's Motion To Compel Plaintiffs Responses To Form Interrogatories (Set One) And Special Interrogatories (Set One) And Request For Monetary Sanctions In The Amount Of $430 Pro Tem Judge Steve Stein, a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge, has been assigned to hear this motion. Prior to the hearing all parties to the motion will be asked to sign a stipulation agreeing that the motion may be heard by the Pro Tem Judge. If all parties to the motion sign the stipulation, the hearing will proceed before the Judge Pro Tem who will decide the motion with the same authority as a Superior Court Judge. If a party appears by telephone, the stipulation may be signed via fax or consent to sign given by email. If not all parties to the motion sign the stipulation, the Pro Tem Judge will hold a hearing on the motion and, based on the papers submitted by the parties and the hearing, issue a report in the nature of a recommendation to the Dept. 302 Judge, who will then decide the motion. If a party does not appear at the hearing, the party will be deemed to have stipulated that the motion will be decided by the Pro Tem Judge with the same authority as a Superior Court Judge. The Pro Tem Judge has issued the following tentative ruling: Defendant Cabrillo Hoists motion to compel responses from Plaintiff to its Form Interrogatories and Special Interrogatories is unopposed and granted. Plaintiff shall serve its verified responses without objections within fifteen days of service of a copy of this Order with Notice of Entry. Monetary sanctions are awarded to Defendant as against the Plaintiff in the sum of $430.00 to be paid within the aforesaid fifteen days. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. The subject line of the email shall include the line number, case name and case number. If parties have arranged for a court reporter to appear, please include the following in your email: (1) ensure that they are California Certified Shorthand Reporters; (2) the reporter's full contact information [name, CSR number, personal work email, and phone number]. If the reporter is not a California Certified Shorthand Reporter, the transcript cannot be certified for use in California courts. If the tentative ruling is not contested, the parties are deemed to have stipulated to the Pro Tem hearing the motion and the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT) |

| | |
|---|---|
| Case Number: | CGC20584863 |
| Case Title: | OLD REPUBLIC GENERAL INSURANCE CORPORATION VS. CABRILLO HOIST ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Notice Of Motion And Motion To Compel Plaintiffs Responses And Production Of Documents In Response To Request For Production Of Documents (Set One) And Request For Monetary Sanctions In The Amount Of 245 |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 2, 1. DEFENDANT CABRILLO HOIST's Motion To Compel Plaintiffs Responses And Production Of Documents In Response To Request For Production Of Documents (Set One) And Request For Monetary Sanctions In The Amount Of 245 Pro Tem Judge Steve Stein, a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge, has been assigned to hear this motion. Prior to the hearing all parties to the motion will be asked to sign a stipulation agreeing that the motion may be heard by the Pro Tem Judge. If all parties to the motion sign the stipulation, the hearing will proceed before the Judge Pro Tem who will decide the motion with the same authority as a Superior Court Judge. If a party appears by telephone, the stipulation may be signed via fax or consent to sign given by email. If not all parties to the motion sign the stipulation, the Pro Tem Judge will hold a hearing on the motion and, based on the papers submitted by the parties and the hearing, issue a report in the nature of a recommendation to the Dept. 302 Judge, who will then decide the motion. If a party does not appear at the hearing, the party will be deemed to have stipulated that the motion will be decided by the Pro Tem Judge with the same authority as a Superior Court Judge. The Pro Tem Judge has issued the following tentative ruling: Defendant Cabrillo Hoists motion to compel responses from Plaintiff to its Request for Production of Documents is unopposed and granted. Plaintiff shall serve verified responses and related documents without objections within fifteen days of service of a copy of this Order with Notice of Entry. Monetary sanctions are awarded to Defendant as against the Plaintiff in the sum of $245.00 to be paid within the aforesaid fifteen days. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. The subject line of the email shall include the line number, case name and case number. If parties have arranged for a court reporter to appear, please include the following in your email: (1) ensure that they are California Certified Shorthand Reporters; (2) the reporter's full contact information [name, CSR number, personal work email, and phone number]. If the reporter is not a California Certified Shorthand Reporter, the transcript cannot be certified for use in California courts. If the tentative ruling is not contested, the parties are deemed to have stipulated to the Pro Tem hearing the motion and the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is |

required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. = (302/JPT)

| | |
|---|---|
| Case Number: | CGC20587272 |
| Case Title: | ESMIOL PROPERTIES, LLC, VS. SHAZAD AKHTAR ET AL |
| Court Date: | MAR-16-2021 09:00 AM |
| Calendar Matter: | Notice Of Motion And Motion To Compel Responses To Special Interrogatories And Request For Monetary Sanctions |
| Rulings: | Matter on the Discovery Calendar for Tuesday, March 16, 2021, Line 3, PLAINTIFF ESMIOL PROPERTIES, LLC's Motion To Compel Responses To Special Interrogatories And Request For Monetary Sanctions Pro Tem Judge Steve Stein, a member of the California State Bar who meets all the requirements set forth in CRC 2.812 to serve as a temporary judge, has been assigned to hear this motion. Prior to the hearing all parties to the motion will be asked to sign a stipulation agreeing that the motion may be heard by the Pro Tem Judge. If all parties to the motion sign the stipulation, the hearing will proceed before the Judge Pro Tem who will decide the motion with the same authority as a Superior Court Judge. If a party appears by telephone, the stipulation may be signed via fax or consent to sign given by email. If not all parties to the motion sign the stipulation, the Pro Tem Judge will hold a hearing on the motion and, based on the papers submitted by the parties and the hearing, issue a report in the nature of a recommendation to the Dept. 302 Judge, who will then decide the motion. If a party does not appear at the hearing, the party will be deemed to have stipulated that the motion will be decided by the Pro Tem Judge with the same authority as a Superior Court Judge. The Pro Tem Judge has issued the following tentative ruling: Plaintiff Esmiol Properties motion to compel responses from Defendant to its Special Interrogatories is unopposed and granted. Plaintiff shall serve its verified responses without objections within fifteen days of service of a copy of this Order with Notice of Entry. Monetary sanctions are awarded to Plaintiff as against the Defendant in the sum of $420.00 to be paid within the aforesaid fifteen days. As a result of the COVID-19 emergency, all attorneys and parties are required to appear remotely. Hearings will be conducted by videoconference using Zoom. To appear at the hearing, go to the court's website at sfsuperiorcourt.org under "Online Services," navigate to "Tentative Rulings," and click on the appropriate link (DISCOVERY, DEPT 301 @ 9:00AM), or dial the corresponding phone number. Any party who contests a tentative ruling must send an email to sbs@sbslawsf.com with a copy to all other parties by 4pm stating, without argument, the portion(s) of the tentative ruling that the party contests. The subject line of the email shall include the line number, case name and case number. If parties have arranged for a court reporter to appear, please include the following in your email: (1) ensure that they are California Certified Shorthand Reporters; (2) the reporter's full contact information [name, CSR number, personal work email, and phone number]. If the reporter is not a California Certified Shorthand Reporter, the transcript cannot be certified for use in California courts. If the tentative ruling is not contested, the parties are deemed to have stipulated to the Pro Tem hearing the motion and the Pro Tem will sign an order confirming the tentative ruling. The prevailing party is required to prepare a proposed order repeating verbatim the substantive portion of the tentative ruling and must e-mail it to the Judge Pro Tem. =(302/JPT) |

| | |
|---|---|
| Case Number: | CGC20588228 |
| Case Title: | IDEMITSU RENEWABLES AMERICA INC. VS. GCL SYSTEM INTEGRATION TECHNOLOGY LLC ET AL |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | DEMURRER to COMPLAINT |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 13, DEFENDANTS GCL SYSTEM INTEGRATION TECHNOLOGY LLC AND ZHANG JIAGANG GCL SYSTEM INTEGRATION TECHNOLOGY'S DEMURRER TO COMPLAINT. Off calendar. First amended complaint filed March 3, 2021. =(302/EPS) |

| | |
|---|---|
| Case Number: | CGC20588300 |
| Case Title: | APOLLO BROKERS, INC. ET AL VS. CLEAR BLUE SPECIALTY INSURANCE COMPANY ET AL |
| Court Date: | MAR-16-2021 09:30 AM |
| Calendar Matter: | MOTION TO ADMIT COUNSEL PRO HAC VICE |
| Rulings: | Matter on the Law & Motion Calendar for Tuesday, March 16, 2021, Line 14, PLAINTIFFS APOLLO BROKERS, INC., JOHN LOEBER, ALEX BECKER, AND JOHN MCNAMARA'S MOTION TO ADMIT COUNSEL PRO HAC VICE. The verified application of Jodi A. McDougall to appear as counsel pro hac vice to defendant Clear Blue Insurance Company is granted. No opposition filed, and the application conforms to Cal. R. Ct. 9.40. Counsel for the defendant is required to prepare a proposed order and must email it to contestdept302tr@sftc.org prior to the hearing. No court appearance is required. = (302/EPS) |