**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*

HARRY B. GREENHOUSE, Case No.: 21-12844-AJC

Debtor. / Chapter 11

**DEBTOR-IN-POSSESSIONS' APPLICATION (I) TO EMPLOY SONEET R. KAPILA, CPA, CIRA, CFE, CFF AND THE FIRM OF KAPILA MUKAMAL AS FINANCIAL ADVISORS ON AN INTERIM AND FINAL BASIS AND (II) TO APPROVE POST-PETITION RETAINER**

HARRY GREENHOUSE (the "Debtor"), as debtor-in-possession, and pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"), moves to employ Soneet Kapila, CPA, CIRA, CFE, CFF ("Kapila") and the firm of Kapila Mukamal ("KM") as financial advisors for the Debtor, and to approve a post-petition retainer in the amount of $20,000.00 for KM and states:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A).

3. The statutory predicates in support of the relief requested herein are sections 327 and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 6003 and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4. On March 26, 2021, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code (the "Petition Date"). The Debtor is managing his affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee (other than a Subchapter V trustee), examiner, or statutory committee has been appointed in this case.

6. The Debtor is an individual who resides in Miami-Dade County, Florida.

## RELIEF REQUESTED

7. The Debtor seeks authority from the Court to employ and compensate Kapila as a financial advisor during the pendency of this case. In support of this application attached as **Exhibit "A"** is the affidavit of Soneet Kapila (the "Kapila Affidavit") demonstrating the disinterestedness of both Kapila and KM.

8. Specifically, the Debtor wishes to employ Kapila to assist him with: (i) formulating the liquidation analysis of the Debtor's plan as required by 11 U.S.C. §1190; (ii) projections with respect to the Debtor's ability to make payments under a plan; and (iii) to assist the Debtor in completing Monthly Operating Reports.

9. As set forth in the Kapila Affidavit, KM and its professionals have extensive expertise providing financial advisory services to financially distressed Debtors, creditors, committees, equity holders, asset purchasers, and other constituencies in reorganization proceedings and complex financial restructurings, both in and out of court.

10. Subject to the approval of the Court, KM has agreed to perform the foregoing services at the ordinary and usual hourly billing rates of its members who will perform services on this matter.

11. KM shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, and any order of this Court.

12. KM has informed the Debtor that as of the date hereof, except as set forth in the Kapila Affidavit: (a) KM has no connection with the Debtor, their creditors, equity security holders, or other parties in interest in these chapter 11 case; (b) KM does not have or represent any interest adverse to the Debtor's estates; and (c) KM (i) is not a creditor, equity security holder, or an insider of any of the Debtor and (ii) is not and was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtor.

13. Additionally, Kapila discloses that he serves as a member of the pool of both Chapter 7 and Subchapter V trustees for the Office of the United States Trustee in the Southern District of Florida. The Debtor and Kapila do not believe that a conflict exists nor that Kapila has a material adverse interest against the estate by virtue of Kapila's position as a Chapter 7 and Subchapter V trustee in unrelated matters. However, Kapila makes this additional disclosure in an abundance of caution and for the purpose of providing adequate notice and an opportunity to be heard to all parties in interest.

14. In addition, none of the KM professionals expected to assist the Debtor in this chapter 11 case is related or connected to any United States Bankruptcy Judge for the Southern

District of Florida, any United States Trustee (the "U.S. Trustee"), or any person employed in the office of the U.S. Trustee.

15. To the best of the Debtor's knowledge, neither Kapila nor KM has any connection with the creditors, other parties in interest or their respective attorneys or accountants, the United States trustee, or any person employed in the office of the United States trustee. Neither Kapila nor KM, represents any interest adverse to the Debtor or their estates.

16. KM requires a post-petition retainer in the amount of $20,000.00, and the Debtor therefore seeks authority from the Court to pay such a retainer in connection with this proposed engagement.

**WHEREFORE**, the Debtor respectfully request entry of an Order substantially in the form attached hereto as **Exhibit "B"**: (i) granting this Application, authorizing the employment Soneet Kapila, CPA, CIRA, CFE, CFF and the firm of Kapila Mukmal as financial advisors for the debtor-in-possession in this Chapter 11 case, (ii) authorizing a post-petition retainer in the amount of $20,000.00; and (iii) granting such further relief as this Court deems just and proper.

Respectfully submitted this 11th day of May 2021.

HARRY B. GREENHOUSE
By: Harry B Greenhouse
Name: Harry B. Greenhouse

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on May 11th, 2021.

AGENTIS PLLC
***Counsel for Debtor In Possesion***
55 Alhambra Plaza, Suite 800
Coral Gables, FL 33134
T. 305.722.2002
www.agentislaw.com

By: *<u>/s/ Robert P. Charbonneau</u>*
Robert P. Charbonneau
Florida Bar No: 968234
rpc@agentislaw.com

**EXHIBIT "A"**

**Affidavit**

agentis
Legal Advocates & Advisors
55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*

HARRY B. GREENHOUSE, Case No.: 21-12844-AJC

Debtor. / Chapter 11

STATE OF FLORIDA )
) SS:
COUNTY OF BROWARD )

I, Soneet Kapila, being duly sworn, state that:

1. I am the founder of Soneet R. Kapila, P.A., d/b/a Kapila & Company and founding partner of KapilaMukamal, LLP ("KM") with offices located at 1000 South Federal Highway, Suite 200, Fort Lauderdale, FL 33316. I am a Certified Public Accountant ("CPA"), Certified Insolvency & Restructuring Advisor ("CIRA"), a Certified Fraud Examiner ("CFE") and Certified in Financial Forensics ("CFF"). I am also a sitting member of the Panel of U.S. Chapter 7 Trustees in the Southern District of Florida. I am also in the pool of the Sub Chapter V Trustees.

2. I am familiar with the matters set forth herein and make this Affidavit in support of the Debtor-in-Possession's Application to Employ Soneet Kapila, CPA, CIRA, CFE, CFF and the Firm of KapilaMukamal as Financial Advisors (the "Application").

3. The debtor-in-possession, HARRY B. GREENHOUSE (the "Debtor"), has requested that KM and I represent him for the reasons stated in the said Application.

4. This Affidavit is submitted as the statement required pursuant to section 327(a) of title 11, United States Code (11 U.S.C. §§ 101 et seq.) (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**KapilaMukamal's Qualifications**

5. KM and its professionals and employees have a wealth of experience in providing financial advisory services to distressed companies, including those operating as chapter 11 debtors-in-possession. I have over 25 years of experience in the areas of insolvency, fiduciary and creditors' right matters. I have been appointed in numerous cases in Federal District Court, Bankruptcy Court and Florida State Courts serving in the role of Chief Restructuring Officer, Securities and Exchange Commission (SEC) Corporate Monitor, Examiner, Chapter 11 Trustee of Operating Businesses, Liquidating Trustee and Receiver.

6. My practice and that of KM is focused on restructuring, creditors' rights, bankruptcy, fiduciary matters and financial transactions litigation. KM represents other bankruptcy trustees, debtors and both secured and unsecured creditors in and out of bankruptcy court. KM regularly advises clients about insolvency and implications involved in business transactions and the operation of distressed businesses. As a Trustee, I have managed complex litigation in significant cases. As a fiduciary, I have advised and represented debtors and creditors' committees in formulating, analyzing and negotiating plans of reorganization. I have provided expert testimony and extensive litigation support services to law firms involving complex insolvency issues and commercial damages. I have conducted numerous forensic and fraud investigations and worked in conjunction with the SEC, Federal Bureau of Investigation (FBI) and the United States Attorney's Office on various cases.

**Professional Compensation**

7. The professional fees and costs incurred by KM in the course of its representation of the Debtor in this case shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and F.R.B.P. 2014 and 2016.

8. Subject to the approval of the Court, KM has agreed to perform the foregoing services listed on the Application at the ordinary and usual hourly billing rates of its members who will perform services on this matter. The rates are subject to customary annual adjustments on January 1 of each year to allow for costs of living and economic factors.

9. In addition to compensation for services rendered, KM will seek reimbursement for reasonable out-of-pocket expenses in connection with this assignment, such as travel, communication, research materials, and other miscellaneous charges incurred by KM on the Debtor's behalf. KM will not incur such expenses without the Debtor's prior approval.

10. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when the professionals and paraprofessionals who provide services to the Debtor perform services.

11. KM will maintain detailed records of fees and expenses incurred in connection with the rendering of the Debtor's representation services described above, in accordance with the applicable rules and guidelines.

12. KM nor any member or employee thereof as to payment or compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code has received no promises. Except for internal agreements among the members, employees and independent contractors of KM, regarding the sharing of revenue or compensation, neither KM nor any of its members, employees, or independent contractors has entered into an agreement or understanding to share compensation with any other entity descried in Bankruptcy Rule 2016.

**KapilaMukamal's Disinterestedness**

13. In connection with its proposed retention by the Debtor in this case, KM undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtor. Specifically, KM reviewed

a list of the creditors of the Debtor, equity holders and other interested parties of the Debtor as provided to us by the Debtor, the business records of KM, including its conflicts database, and the responses to conflict checks circulated throughout the firm.

14. My review revealed the following matters, none of which impairs my or KM's disinterestedness or constitutes any conflict of interest:

a. I and my partner, Barry Mukamal, are a sitting members of the Panel of U.S. Chapter 7 Trustees in the Southern District of Florida. I am also in the pool of the Sub Chapter V Trustees. Should the firm or I become notified of any conflicts asserted by a party with which the firm has a relationship, I will notify this Court immediately.

b. KM and I have widespread practice in insolvency and bankruptcy matters. KM, and I participate in numerous cases in both the federal and state courts involving different professionals, including attorneys, accountants and financial consultants. Some of those professionals may represent parties-in-interest in this case. In addition, KM has in the past and will likely in the future be working with or against other professionals involved in this case in matters unrelated to the Debtor and this case. However, I am not advising any such entity and/or professional in connection with this Chapter 11 proceeding nor do I have a relationship with any such entity or professional which is adverse to the Debtor, its creditors or the estate.

15. KM submits that none of the foregoing representations or connections constitutes any conflict of interest, creates an adverse interest to the Debtor, or in any way impairs the disinterestedness of KM in respect to the matters upon which the Debtor proposes to engage KM to advise them herein.

16. To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, KM neither holds nor represents any interest adverse to the Debtor and is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), as modified by section 1107(b), given that, KM:

a. is not a creditor, an equity security holder, or an insider of the Debtor;

b. is not and was not, within two years before the commencement of this chapter 11 case, a director, officer or employee of the Debtor; and

c.  does not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

17. There is no agreement of any nature, other than the sharing of any compensation to be paid to KM, except between the partners of KM. No promises have been received by KM, nor any partner or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

18. No accountant at KM is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

19. No accountant at KM is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two years before the Petition Date.

20. No accountant at KM has assisted a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three years before the Petition Date.

21. Other than set forth herein, no accountant at KM has any other interest, direct or indirect, that may be affected by the proposed representation.

22. Except as set forth above, no accountant at KM has had or presently has any material connection with the Debtor, the Debtor's creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee, except that Barry Mukamal (who is a Partner in the Firm) and I are currently on the Panel of U.S. Bankruptcy Trustees for the Southern District of Florida, or any person employed in the Office of the United States Trustee, or any matters on which KM is to be engaged, except that I, KM and its accountants (i) may have advised in the past, and may advise in the future, in other cases in which one or more of said parties may

be involved; and (ii) may advise or may have advised certain of the Debtor's creditors in matters unrelated to this case.

23. KM is well qualified to serve as financial advisors to the Debtor for the purpose required.

24. To the extent that any information disclosed herein requires supplementation, amendment or modification upon KM's completion of further analysis or as additional information becomes available to it, a supplemental Affidavit will be submitted to the Court as required by Bankruptcy Rule 2014.

25. This concludes my Affidavit.

**FURTHER AFFIANT SAYETH NAUGHT.**

Soneet Kapila, CPA, CIRA, CFE, CFF

Sworn and subscribed before me by means of ☑ physical presence or ☐ online notarization, this 11th day of May 2021, by May, who is personally known to me or has produced : ______________ as identification.

NOTARY PUBLIC, STATE OF FLORIDA
AT LARGE

NOTARY PUBLIC, STATE OF FLORIDA
Print Name: ______________
Commission No. ______________
My Commission Expires: ______________

Notary Public State of Florida
Nancy A O'Donnell
My Commission GG 218200
Expires 08/30/2022

**EXHIBIT "B"**

**Proposed Order**

agentis
Legal Advocates & Advisors

55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*

HARRY B. GREENHOUSE, Case No.: 21-12844-AJC

Debtor. / Chapter 11

**ORDER GRANTING DEBTOR-IN-POSSESSION'S APPLICATION TO EMPLOY SONEET KAPILA, CPA, CIRA, CFE, CFF AND THE FIRM OF KAPILA MUKAMAL AS FINANCIAL ADVISORS AND AUTHORIZING POST-PETITION RETAINER**

**THIS MATTER** came before the Court for hearing on ________________, 2021 at ______:______ a.m. / p.m. (the "Interim Hearing") upon the Debtor-in-Possession's *Application to Employ Soneet Kapila, CPA, CIRA, CFE, CFF and the Firm of Kapila Mukamal* ("KM") as Financial Advisors [ECF # --] (the "Application"). The Court, having noted that KM represents no interest adverse to the Debtor in the matters upon which it is to be engaged persons as required by 11 U.S.C §327(a), has disclosed any connections with parties set forth in Fed. Bankr. R. P. 2014, that its employment is necessary and would be in the best interests of the estate, and that said case justifies the retention of accountant for the purposes specified in the Application, it is **ORDERED** as follows:

1. The Application is **GRANTED**.

2. The Debtor-in-Possession is authorized to employ Soneet Kapila, CPA, CIRA, CFE, CFF and Kapila Mukamal as financial advisors to perform the services enumerated in the Application.

3. The Debtor is authorized to pay KM a post-petition retainer in the amount of $20,000.00.

4. This Court reserves jurisdiction over the parties and the subject matter to award and/or approve fees and expenses of said parties appointed herein, in accordance with the applicable statutes and procedures.

5. The Court retains jurisdiction to enforce this Order.

# # #

**Submitted by:**
Robert P. Charbonneau
Florida Bar No.: 968234
rpc@agentislaw.com
AGENTIS PLLC
*Counsel for the Debtor in Possession*
55 Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
T: 305.722.2002
www.agentislaw.com

Attorney Charbonneau is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.