**UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                                          Chapter 11

HARRY BECK GREENHOUSE,                                                Case No.: 21-12844 AJC

             Debtor.
_____/

**NOTICE OF 2004 EXAMINATION**
**(Documents Only)**

      PLEASE TAKE NOTICE THAT, Subchapter V Trustee Linda Leali will examine **Thrive Market, Inc.** under oath on October 28, 2021, no later than 5:00 p.m. The examination may continue from day to day until completed. If the examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time.

      The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be recorded by this method: Production of documents only – no testimony is required at this time.

      The scope of the examination shall be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order shall be necessary. A "Subpoena for Rule 2004 Examination" is included with this notice.

      ☒ Production: The examinee or your representatives, must also bring with you to the examination the documents, electronically stored information, or objects described on the attached Subpoena and must permit inspection, copying, testing, or sampling of the materials.

DATED: October 6, 2021

                LINDA LEALI, P.A.
                2525 Ponce De Leon Blvd., Suite 300
                Coral Gables, FL  33134
                Telephone:     (305) 341-0671

By:    */s/ Linda Leali*
        LINDA LEALI
        lleali@lealilaw.com
        Florida Bar No. 186686
        Subchapter V Trustee

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2021, the foregoing was electronically filed with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case.

By: <u>*/s/ Linda Leali*</u>
LINDA LEALI
Florida Bar No. 186686

Jacqueline Calderin, Esq. on behalf of Debtor Harry Beck Greenhouse
jc@agentislaw.com, bankruptcy@agentislaw.com;nsocorro@agentislaw.com

Robert P. Charbonneau, Esq. on behalf of Debtor Harry Beck Greenhouse
rpc@agentislaw.com,
nsocorro@agentislaw.com;bankruptcy@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com

Maria Jose Gonzalez on behalf of Creditor Olivia Sampaio Greenhouse
mjg@lsaslaw.com, zbs@lsaslaw.com

Nicole Grimal Helmstetter on behalf of Debtor Harry Beck Greenhouse
Nicole.helmstetter@bipc.com, marilee.tamesolmedo@bipc.com;kimberly.ecker@bipc.com

James C. Moon, Esq on behalf of Creditor Polychain Fund I LP
jmoon@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

James C. Moon, Esq on behalf of Creditor Polychain Partners LLC
jmoon@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Steven D Schneiderman on behalf of U.S. Trustee Office of the US Trustee
Steven.D.Schneiderman@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

In re  **Harry Beck Greenhouse**                                              Case No.  **21-12844 AJC**
          Debtor

                                                                              Chapter  **11**

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  **Thrive Market, Inc.; 4509 Glencoe Ave; Marina Del Rey, CA 90292**

*(Name of person to whom the subpoena is directed)*

☐  *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE (if not produced electronically) **Linda Leali, P.A.** **2525 Ponce De Leon Blvd., Suite 300** **Coral Gables, FL 33134** | DATE AND TIME **October 28, 2021,** **no later than 5:00 pm EST** |
|---|---|

The examination will be recorded by this method:  **Documents Only – No testimony will be taken**

[X]  *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Schedule A attached hereto.**

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **October 5, 2021**

                CLERK OF COURT

                                                OR

_____                    **/s/ Linda Leali**
Signature of Clerk or Deputy Clerk                  Attorney's signature

The name, address, email address, and telephone number of the Subchapter V trustee who issues or requests this subpoena, is: Linda Leali, Esq; 2525 Ponce De Leon Blvd., Suite 300; Coral Gables, FL 33134; 954-271-0009; LLeali@lealilaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Page 1 of 3

LF-84 (rev. 12/01/15)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): _____

on (date) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____<br>
Server's signature

_____<br>
Printed name and title

_____<br>
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

---

LF-84 (rev. 12/01/15)

## SCHEDULE A

**INSTRUCTIONS**

1. This document request is continuing in nature. If new knowledge or information comes to your attention, supplement the information supplied in the answers to the document request as soon as possible.

2. For each and every request herein, produce documents in your possession, custody, or control which includes, but is not limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

3. Please organize and label (without permanently marking the item produced) the documents being produced to correspond with the numbered paragraph and each subset thereof to which such documents are responsive. If a document is responsive to more than one document request, each document request to which it is responsive should be identified.

4. If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, identify such documents as completely as possible by providing the following information:

   a. The name(s) of the author(s) of the document;

   b. The name(s) of the person(s) to whom the documents or copies were sent;

   c. The date of the document;

   d. The date on which the document was received by each addressee, copyee, or its recipients;

   e. A complete description of the nature and subject matter of the document;

   f. The date on which the document was lost, discarded, or destroyed; and

   g. The manner in which the document was lost, discarded, or destroyed.

5. If you withhold any document under a claim of privilege, number such documents, hold them separately, and retain them intact pending further indication from the requesting party

or a ruling by the Court on the claimed privilege, and provide a privilege log addressing each document withheld in compliance with applicable rules.

6. If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person who has possession, custody, or control of the requested document(s).

7. Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similarintelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

8. The singular and plural forms, and the masculine, feminine and neutral forms, should be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

9. The use of the singular form of any word includes the plural and vice versa.

10. For purposes of this request for documents, the single includes the plural, and vice versa; the masculine includes the feminine and neutral genders, and vice versa; and the word "and" includes "or," and vice versa. None of these words or any others in this request should be interpreted so as to exclude any information otherwise within the scope of these requests.

11. If the information sought by this request is maintained on, or in, a computer then a printout of such information is required.

**DEFINITIONS**

For purposes of responding to the *duces tecum* portion of the subpoena, the following definitions shall apply:

1. "Communication" means the transmittal of information of any kind, in any form and by any means, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, or exchange of Documents. All written Communications shall include, without limitation, electronic, printed, typed, handwritten or other readable Documents, correspondence, memos, reports, contracts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys, forecasts, emails, text messages, and instant messages. A Document Request concerning any Communication among or between specified parties includes a request for any Communication among or between such parties, whether or not such Communication included or was directed to any other person.

2.  The term "Document" has the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure. For the avoidance of doubt, Document includes information or Communications of any kind or nature stored in any medium from which information can be obtained either directly or after conversion into a reasonably usable form, including any writings; drawings; graphs; charts; photographs; phonorecords; and electronic, recorded, digitally encoded, graphic, and/or other data compilations. The term "Document" includes all originals, translations, non-identical copies and copies with marginal notations or interlineations. A draft or non-identical copy is a separate Document within the meaning of this term. The term "Document" also includes all Electronically Stored Information (defined below).

3.  "Electronically Stored Information" or "ESI" has the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and refers to all computer or electronically stored or generated data and information and includes all attachments to and enclosures with any requested item, and all drafts thereof. "Electronically Stored Information" or "ESI" includes information stored in any format and on any storage media, including: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable. "Electronically Stored Information" or "ESI" includes: word-processing Documents; electronic spreadsheets; electronic presentation Documents; email messages; image files; sound files; and material or information stored in a database, or accessible from a database. "Electronically Stored Information" or "ESI" also includes all associated metadata that is maintained or saved, which includes: a Document's title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; email header information; history of who viewed an email and when; and email routing information.

4.  "And" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

5.  Words and phrases not defined shall have their ordinary and plain meaning within the context of the Federal Rules of Civil Procedure and the Bankruptcy Rules and in accordance with the generally accepted meaning accorded such words and phrases in everyday use in the English language.

6.  Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

## DOCUMENTS TO BE PRODUCED

1. All documents reflecting the current value of Livewell, LLC's interest in Thrive Market, Inc., including, but not limited to, audited financial statements and/or the most recent capital account statements.