## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

*In re:*

HARRY B. GREENHOUSE,

      Debtor.

_____/

Chapter 11
Subchapter V

Case No.: 21-12844-AJC

### DEBTOR IN POSSESSION'S MOTION FOR ORDER
### AUTHORIZING MAINTENANCE OF BROKERAGE ACCOUNT

HARRY B. GREENHOUSE (the "Debtor") as debtor-in-possession, by and through his undersigned counsel, and pursuant to 11 U.S.C. § 105, moves this Court for the entry of an order maintaining a brokerage account (the "Motion"). In support of the Motion, the Debtor states as follows:

### BACKGROUND

1.     This case was initiated by the Debtor upon the filing of a Voluntary Petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case") in this Court on March 26, 2021 [ECF #1] (the "Petition Date").

2.     On March 29, 2021, Linda Marie Leali was appointed as Subchapter V Trustee of this case [ECF #12] (the "Subchapter V Trustee"). No other trustee, examiner, or statutory committee has been appointed in this case.

3.     In his Schedules, Debtor disclosed his ownership interest in First Gear, LLC ("First Gear") valued at $168,099.55 as of the Petition Date [ECF #35, Schedule B, § 19].

4.     First Gear invests in Linse Capital CP, LLC ("Linse Capital"), which in turn invested in ChargePoint Holdings, Inc. ("ChargePoint"). On September 28, 2021, Linse Capital

made a stock distribution of ChargePoint shares to First Gear. On October 31, 2021, First Gear issued a stock distribution of the ChargePoint shares to the Debtor (the "Stock Distribution").

5.      First Gear reserves the absolute right to make distributions in either cash or stock form in its sole discretion. The Debtor has no control over the form of distribution he receives, and did not cause or request the Stock Distribution.

6.      First Gear required the opening of a brokerage account with Oppenheimer & Co. Inc. (the "Oppenheimer Account") by all investors in order to receive the Stock Distribution.

7.      The Oppenheimer Account is purely an investment account, the purpose of which is to maintain the ChargePoint stock shares the Debtor received through the Stock Distribution.

8.      After receiving his first statement from the Oppenheimer Account, the Debtor filed an amended October 2021 monthly operating report to reflect the existence of the account [ECF #291].

9.      The Debtor has determined that it is not in the best interests of the estate to liquidate the Stock Distribution at this time.

10.     Additionally, in the event that First Gear makes additional stock distributions in the near future, such distributions would necessitate the continued maintenance of the Oppenheimer Account to receive the same.

11.     Accordingly, the Debtor seeks authorization to maintain the Oppenheimer Account during the pendency of this Bankruptcy Case.

**RELIEF REQUESTED**

12.     The Office of the United States Trustee has established certain operating guidelines for debtors-in-possession in order to supervise the administration of chapter 11 cases. These guidelines require the Chapter 11 debtor to, among other things, close all existing bank accounts

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

2

and open new debtor in possession bank accounts in certain financial institutions designated as authorized depositories by the U.S. Trustee.

13.     Through this Motion, the Debtor seeks relief from certain of these requirements as it relates to the Oppenheimer Account. *See* Local Rule 1001- 1(E). The Debtor requests that the Court authorize Oppenheimer & Co. Inc. to continue to maintain, service, and administer the Oppenheimer Account.

14.     Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Extensive authority supports the relief that Debtor requests. In other chapter 11 cases, courts have recognized that strict enforcement of the United States Trustee requirements does not always serve the purposes of chapter 11. Accordingly, courts, including courts in this District, often grant relief from these requirements and replace them with alternative procedures. *See, e.g., In re Gemini Air Cargo Logistics, Inc.*, Case No. 06-10780-BKC-AJC (Bankr. S.D. Fla. Mar. 20, 2006) (Order granting motion for inter alia maintenance of existing corporate bank accounts and cash management system); *In re Fine Air Serv. Corp.*, Case No. 00-18671-75 (Bankr. S.D. Fla. Feb. 7, 2001) (same); *In re Atlas Air Worldwide Holdings, Inc.*, Case No. 04-10792-BKC-RAM (Bankr. S.D. Fla. March 26, 2004) (same).

15.     Maintaining the Oppenheimer Account is justified. The necessity of opening this account was beyond the Debtor's control and he Debtor may be required to use this account again in the future, should First Gear issue additional stock distributions at their sole discretion. The Debtor shall not use the Oppenheimer Account for any other purpose other than to receive any stock distributions from First Gear and shall provide full disclosure of any activity in the Oppenheimer Account within his monthly operating reports.

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

3

**WHEREFORE**, the Debtor requests entry of an order (i) granting this Motion, (ii) maintaining the Oppenheimer Account during the pendency of this Bankruptcy Case, and (iii) granting any further relief that the Court may deem just and proper.

Dated: December 30, 2021                    Respectfully Submitted,

BUCHANAN INGERSOLL & ROONEY PC
***Counsel for the Debtor in Possession***
One Biscayne Tower, Suite 1500
Two South Biscayne Boulevard
Miami, Florida, 33131
Telephone: (305) 347-4080
Facsimile: (305) 347-4089

By: */s/ Nicole Grimal Helmstetter*
Nicole Grimal Helmstetter, Esq.
Florida Bar No. 86937
Nicole.helmstetter@bipc.com

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 ::  Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

4

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by

transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to

receive electronic notices of filing in this case on December 30, 2021.


By*: /s/  Nicole Grimal Helmstetter*
       BUCHANAN INGERSOLL & ROONEY PC

4873-4390-8615, v. 4

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

5