UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Case No. 21-12844-AJC

HARRY BECK GREENHOUSE,

Chapter 11 (Subchapter V)

Debtor.

_____/

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA TO LEE GREENHOUSE

Polychain Partners LLC (f/k/a Polychain 2030 LLC) and Polychain Fund I LP (collectively, "Polychain"), pursuant to Federal Rules of Bankruptcy Procedure 2004, 7026, 7037, 9014 and 9016, files this Motion to Compel (the "Motion to Compel"), requesting that this Court enter an Order directing Lee Greenhouse to comply with Polychain's discovery requests to produce certain documents.

## INTRODUCTION

1.     The central issue in this bankruptcy proceeding is the valuation and liquidity of Debtor's substantial investments. Initial discovery has shown the value of these investments to be more than $5 million, with substantial additional appreciation since and additional distributions forthcoming. To evaluate the scope of the estate, Polychain served discovery requests on Debtor and certain third parties who are closely involved in Debtor's financial affairs, including his father, Lee Greenhouse.

2.     Lee Greenhouse is closely involved in Debtor's finances and intimately familiar with Debtor's most valuable assets. He manages the Greenhouse USV Joint Ventures, which form

1

the largest portion of Debtor's investment portfolio—these interests have already distributed more than $1.3 million since the petition date, with future distributions forthcoming, and have capital account balances in excess of $1.5 million. These joint ventures controlled by Lee Greenhouse are Debtor's largest and most significant income source. Lee Greenhouse also held power of attorney over Debtor's affairs during a portion of these proceedings, filed a proof of claim on behalf of one of the Greenhouse USV Joint Ventures, and is covering the costs of Debtor's bankruptcy counsel.

3.    Given Lee Greenhouse's important role in Debtor's finances, Polychain has diligently pursued discovery from him relevant to the valuation and liquidity of Debtor's investments. Polychain issued Rule 2004 discovery requests to Lee Greenhouse, which resulted in a limited production of documents. Polychain also deposed Lee Greenhouse pursuant to Rule 2004; that deposition was cut short at Lee Greenhouse's request and left open for continuation at a future date. Lee Greenhouse's deposition testimony revealed that his document collection was inadequate, and his document production was incomplete and omitted documents responsive to Polychain's Rule 2004 requests.

4.    Polychain subsequently issued a Subpoena *Duces Tecum* to Lee Greenhouse on a narrow set of issues related to (i) his payment of a retainer for Debtor's bankruptcy counsel and (ii) efforts by members of the Greenhouse USV Joint Ventures to transfer or sell their interests. Lee Greenhouse's response to the subpoena was deficient. Polychain's efforts to meet and confer with Lee Greenhouse's counsel to obtain a supplemental production and complete Lee Greenhouse's Rule 2004 deposition have been unsuccessful.

5.    Polychain now comes before the Court to respectfully request an order directing Lee Greenhouse to (i) conduct a reasonable search of electronically stored information in his

2

possession, custody, or control, (ii) produce documents responsive to Polychain's requests, and (iii) appear for the remainder of his Rule 2004 examination.

## FACTUAL BACKGROUND

**A.      Lee Greenhouse Has Material Relevant Information Regarding the Valuation and Liquidity of Debtor's Investments**

6.      On February 3, 2021—approximately one month after Debtor's arbitration against Polychain concluded—Debtor executed a power of attorney agreement granting Lee Greenhouse "full authority to do and perform any act as the Attorney understands to be in the best interests" of Debtor. (Ex. 1 (2/3/21 Power of Attorney Agreement).) The Power of Attorney Agreement expressly granted Lee Greenhouse the authority to make any and all decisions related to this bankruptcy proceeding, related to Debtor's divorce proceeding, and related to Debtor's federal income tax liability. (*Id.*)

7.      Lee Greenhouse retained the authority to act on Debtor's behalf for almost two months. On March 26, 2021, Debtor terminated the Power of Attorney Agreement with Lee Greenhouse. (Ex. 7 (3/26/21 R. Charbonneau Letter to L. Greenhouse).)

8.      Debtor has represented to the Court that his two sources of income are (i) residual commissions he receives from referrals to an electronic wallet platform for professional gamblers[1] and (ii) distributions from investments. (ECF No. 35.) Lee Greenhouse manages a number of Debtor's investments, special purpose vehicles or joint ventures which invest in various investment funds managed by Union Square Ventures (referred to as the "Greenhouse USV Joint Ventures."[2]

---

[1] During Debtor's divorce trial on January 28, 2022, he admitted under oath that his income from this activity were minimal and barely enough to support himself.

[2] Debtor and Lee Greenhouse are members in the following joint venture entities: Greenhouse USV 2012 Joint Venture, Greenhouse USV 2014 Joint Venture, Greenhouse USV 2014

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

As the Nominee of the Greenhouse USV Joint Ventures, he almost certainly has unique documents reflecting the value of the joint ventures' interests in the various USV funds.

9.     At his deposition, Lee Greenhouse testified that he is the "administrator" or "manager" for the joint venture entities. (Ex. 2, 6/2/21 L. Greenhouse Dep. Tr. at 67:8-25.) He communicates with Union Square Ventures directly, corresponds with members regarding the interests in the underlying USV funds, maintains a ledger, and distributes the proceeds of any liquidity events.  (*Id.* at 50:21-51:16; 54:2-22.)

10.     On June 4, 2021, Lee Greenhouse submitted a Proof of Claim for $99,166.67 in this bankruptcy proceeding on behalf of one of these joint ventures, Greenhouse USV 2019 Joint Venture. (Claim No. 12-1.) Lee Greenhouse describes the basis of his claim as arising from an "[u]npaid capital call due and owing." (*Id.*)

### B.     Polychain Serves Discovery Pursuant to Rule 2004

11.     On April 14, 2021, Polychain issued the Subpoena for Rule 2004 Examination *Duces Tecum* of Lee Greenhouse. (ECF No. 44.)

12.     Polychain's Rule 2004 document requests sought, among other things:

   a.     "All statements for investment, trading, or retirement accounts jointly held or owned by [Lee Greenhouse] and Debtor from January 1, 2018 to present" (*id.* at 11);

   b.     "All documents from January 1, 2018 to present regarding any entities in which both [Lee Greenhouse] and Debtor have an interest" (*id.*);

   c.     "Documents regarding any limited liability company, limited partnership, general partnership, or similar domestic or foreign corporate entity managed or controlled by [Lee Greenhouse] in which Debtor has any interest." (*Id.* at 12.)

---

Opportunity Joint Venture, Greenhouse USV 2016 Joint Venture, and Greenhouse USV 2019 Joint Venture (together, the "Greenhouse USV Joint Ventures").

4

13.    On May 6, 2021, the parties met and conferred on Polychain's Rule 2004 Requests. Lee Greenhouse sought clarification on the categories of documents that Polychain sought, and Polychain clarified that it was seeking documents such as profit/loss statements, financial projections, transactions ledges, tax documents, membership agreements, or documents pertaining to Debtor's future income related to any investment in which both Debtor and Lee Greenhouse held an interest. (Ex. 3 (5/6/21 Email from P. Ghosh to R. Saldinger).)

14.    Lee Greenhouse subsequently made a limited production of 59 documents responsive to Polychain's Rule 2004 Requests consisting of the unsigned copies of agreements underlying the Greenhouse USV Joint Ventures and Form K-1 tax documents for each entity.

15.    As Polychain clarified during the meet and confer process, documents and communications related to the Greenhouse USV Joint Ventures, such as transaction ledgers and documents showing the holdings of the Greenhouse USV Joint Ventures would all be responsive to these Rule 2004 document requests. Nonetheless, Lee Greenhouse failed to produce these documents in response to Polychain's Rule 2004 requests.

###    C.    Lee Greenhouse Admits He Failed to Conduct a Reasonable Search

16.    On June 2, 2021, Polychain deposed Lee Greenhouse pursuant to its Rule 2004 requests. During the deposition Polychain inquired regarding the sufficiency of Lee Greenhouse's document collection. He testified that he conducted the document collection entirely by himself without utilizing keyword search terms and made his own determinations about whether documents were responsive. (Ex. 2, 6/2/21 L. Greenhouse Dep Tr. at 9:16-13:9) He further testified that he did not search his hard drive on his personal computer for responsive documents using any keyword search terms. (*Id.*) He conducted a manual review of a subset of his e-mails and paper

files and did not search any cloud-based platforms that he uses, nor any prior electronic devices that may still be in his possession. (*Id.*)

17.    He also admitted to the existence of a number of responsive documents that he did not produce. These documents include: (i) the ledger maintained to track the transactions for the Greenhouse USV Joint Ventures, (ii) all subscription agreements between the Greenhouse USV Joint Ventures and Union Square Ventures, (iii) all communications regarding capital calls issued to or by Greenhouse USV Joint Ventures, (iv) all communications regarding the Greenhouse USV Joint Ventures, and (v) any documents concerning the holdings of any USV funds that any Greenhouse USV Joint Ventures was invested in. (*Id*. at 52:19-23; 66:21-24; 47:19-23; 42:15-18; 46:14-18; *see also* Ex. 4 (6/4/21 Letter from P. Ghosh to R. Saldinger).) Polychain was unable to question Lee Greenhouse regarding the details of Debtor's investments, including their value, expected future distributions, liquidity, and transferability.

18.    While Polychain had scheduled and was entitled to depose Lee Greenhouse for the full seven hours, Lee Greenhouse requested that the deposition be adjourned after four hours. Polychain agreed to adjourn the deposition subject to it remaining open until Polychain had the opportunity to complete the seven hours of questioning to which it is entitled. (*Id*. at 4:17-5:4.)

### D.    Lee Greenhouse Funds Debtor's Bankruptcy Counsel

19.    On September 20, 2021, Debtor filed the *Expedited Application for Approval for the Substitution and Employment of John D. Emmanuel, Esq. and Buchanan Ingersoll & Rooney PC as General Bankruptcy Counsel*. (ECF No. 266.) In this expedited application, Debtor disclosed that he would be changing bankruptcy counsel and that Lee Greenhouse had provided a

$100,000.00 retainer to Buchanan Ingersoll & Rooney (Debtor's current bankruptcy counsel) "in connection with its prospective representation of the Debtor in this case." (ECF No. 266 ¶ 8.)

### E.    Polychain's Subpoena *Duces Tecum* to Lee Greenhouse

20.    On October 21, 2021, Polychain issued a Subpoena *Duces Tecum* to Produce Documents to Lee Greenhouse. A true and correct copy of the subpoena is attached hereto as **Exhibit 5**. The subpoena sought all documents or communications related to Lee Greenhouse's payment of the $100,000 retainer for Debtor's bankruptcy counsel, as well as all documents or communications regarding the transfer, sale, proposed transfer, or proposed sale of any interest in the Greenhouse USV Joint Ventures. The documents requested by the subpoena were in addition to those already outstanding from Polychain's Rule 2004 requests to Lee Greenhouse.

21.    Lee Greenhouse produced only 17 documents in response to Polychain's Subpoena, including the Q4 2021 capital account statements for the Greenhouse USV Joint Ventures, capital call letters from Lee Greenhouse to the members of the joint ventures, and two heavily redacted letters from Union Square Ventures. His production included a lone transaction confirmation for the $100,000 retainer he paid to Debtor's bankruptcy counsel with no related communications regarding the payment of that retainer.

22.    On December 10, 2021, the parties met and conferred regarding the subpoena. Polychain expressed its concern regarding Lee Greenhouse's deficient manual document collection process and requested that the parties negotiate search parameters such as keywords and date ranges to locate responsive documents more reliably. Counsel for Lee Greenhouse refused to conduct a reasonable document search of electronically-stored information within Lee Greenhouse's possession, custody, or control.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

23.     With regards to the heavily redacted correspondence from Union Square Ventures, Polychain requested unredacted versions of these documents. Given the Confidentiality Order governing documents produced in this case (ECF No. 205), the redactions applied to these documents was unnecessary. Lee Greenhouse refused to produce unredacted copies of the correspondence from Union Square Ventures and responded that Polychain would have to seek these documents directly from Union Square Ventures.

24.     Polychain further provided examples of documents produced by Debtor that were responsive to document requests served on Lee Greenhouse, but which Lee Greenhouse did not produce. Lee Greenhouse's counsel insisted that the documents—despite being plainly relevant to Debtor's investments—were not responsive to Polychain's discovery requests. (Ex. 6 (12/10/21 Email from P. Ghosh to R. Saldinger).)

**F.     Lee Greenhouse Still Has Not Completed His Document Production and Refuses to Complete His Deposition**

25.     Counsel for Lee Greenhouse has refused to conduct a reasonable search of the relevant document repositories using search parameters such as keywords and date ranges. As a result, Lee Greenhouse's document production remains incomplete and Polychain, other creditors, the Subchapter V and U.S. trustees, and the Court are deprived of important information regarding the valuation and liquidity of Debtor's investment with the Greenhouse USV Joint Ventures, as well as regarding how Debtor is funding this proceeding . For example, Lee Greenhouse has yet to produce:

a.     Documents or communications regarding and transfer or sale of any interest in any of the Greenhouse USV Joint Ventures;

     b.      Documents or communications regarding any proposed or requested transfer of any interest in any of the Greenhouse USV Joint Ventures;

     c.      Communications between Lee Greenhouse and any member of any Greenhouse USV Joint Venture regarding the transferability of the interests in the joint venture entities; and

     d.      Documents and communications regarding the $100,000.00 retainer he paid to Debtor's current bankruptcy counsel.

26.     Prior discovery has shown that Lee Greenhouse and Debtor regularly correspond with each other regarding these investments, and Lee Greenhouse himself has testified that he corresponds with the members of the joint venture entities regarding these investments in his role as the administrator of these funds. (Ex. 2, 6/2/21 L. Greenhouse Dep. Tr. at 51:14-52:24.). A reasonable search would likely uncover the email correspondence between Lee Greenhouse and the members of the joint ventures that he has already offered testimony about.

**G.     Polychain Met and Conferred with Lee Greenhouse in Good Faith Prior to Filing this Motion**

27.     Pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Civil Rule of Procedure 37(a)(2)(B), Polychain has in good faith repeatedly conferred with Debtor in an effort to secure the documents without court action, but has been unsuccessful in doing so.

<u>**ARGUMENT**</u>

**A.     Polychain's Discovery Requests Seek Relevant Information**

28.     It is well established that discovery requests "under Rule 2004 are by their nature extremely broad, and are allowed for the purpose of discovering assets and unearthing frauds." *In re Pan Am. Hosp. Corp.*, 2005 WL 2445907, at *2 (Bankr. S.D. Fla. Feb. 25, 2005) (Cristol, J.).

9

Indeed Rule 2004 discovery "can be legitimately in the nature of a fishing expedition." *Id.* (citing *In the Matter of M4 Enterprises, Inc.,* 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995)).

29.    Third parties have an obligation to diligently respond to Rule 2004 discovery and to subpoenas *duces tecum*. A third party who complains that responding will cause an undue burden "must make a particular and specific demonstration of fact and cannot rely on simply conclusory assertions about the difficulty of complying with a discovery request." *In re Tabor*, 2015 WL 9283217, at *2 (Bankr. S.D. Fla. Dec. 18, 2015) (citing *Belaire at Boca, LLC v. Assns. Ins. Agency, Inc.,* 2007 WL 1830873, *1 (S.D.Fla.2007)). Lee Greenhouse cannot make the required showing because Polychain's Rule 2004 and subpoena are narrowly tailored to obtain information squarely relevant to these bankruptcy proceedings that are in his possession, custody and control and which he can access by conducting a diligent search under the aid and direction of his counsel. Nor, as explained above, can Lee Greenhouse claim to be a stranger to these proceedings; he is Debtor's father, recently held power of attorney over Debtor's financial affairs, manages a number of Debtor's most valuable assets, and has elected to fund Debtor's bankruptcy counsel.

30.    Polychain seeks an order compelling Lee Greenhouse comply with his obligation to conduct a reasonable search through the application of keywords and date ranges to the relevant document repositories. Polychain seeks documents regarding the following discrete topics: documents and communications regarding (i) Debtor's investments and financial condition; (ii) the value of and any transfer or proposed transfer of interests in the Greenhouse USV Joint Ventures, which Lee Greenhouse manages and administers, and (iii) documents and

10

communications regarding the $100,000.00 retainer Lee Greenhouse paid to Debtor's current bankruptcy counsel.

31.     The valuation of Debtor's investments and understanding Debtor's representation regarding the liquidity of the Investments, is the most important issue in this case. Neither Polychain—nor any other creditor—can properly evaluate debtor's Plan and liquidation analysis without the opportunity to understand the value of the Debtor's interests in the Greenhouse USV Joint Ventures (and indirectly in the USV funds) and whether members of the Greenhouse USV Joint Ventures are able to transfer their interests in those entities. As the Nominee for those joint ventures, Lee Greenhouse is unique situated to produce these documents.

32.     Discovery into the administration of this bankruptcy action—including the payment of Debtor's legal fees by Lee Greenhouse—is also relevant to uncovering whether there has been any mismanagement of estate resources, especially given the amount of administrative expense incurred thus far. Ten months have elapsed since Debtor filed his petition; he has not yet completed his own Rule 2004 examination; has yet to complete his disclosures regarding the current value of his estate assets; and has not proposed a confirmable plan. Yet, his professionals already seek over $300,000 in administrative expenses from the estate (*see e.g.*, ECF Nos. 228-231), largely expended on motion practice designed to limit Debtor's disclosure of key financial information.

33.     Polychain, other creditors, and the Subchapter V and U.S. trustees are entitled to understand why his father, Lee Greenhouse, contributed an additional $100,000 to Debtor's war chest and to question Lee Greenhouse about his management of Debtor's assets with the benefit of his documents.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**B.      Polychain is Entitled to Complete its Rule 2004 Deposition of Lee Greenhouse**

34.      When conducting Lee Greenhouse's Rule 2004 deposition, Polychain agreed to adjourn the deposition at the four-hour mark as an accommodation to Lee Greenhouse. This accommodation was made in good faith with the understanding that the deposition would be kept open. Indeed, counsel for Polychain stated as much and expressly reserved the right to reopen the deposition in the future should the need arise. (Ex. 2, 6/2/21 L. Greenhouse Dep Tr. at 4:17-5:4.)

35.      Fed. R. Civ. P. 30 (made applicable by Fed. R. Bankr. P. 7030) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Indeed, Polychain's accommodation to Lee Greenhouse to adjourn his deposition early was made with the understanding that it would have the opportunity to complete the seven hours of questioning it was entitled to, at a later date.

36.      Lee Greenhouse now refuses to complete his deposition to supplement his search and production of documents in response to Polychain's Rule 2004 requests and subpoena. Given that Debtor plans to file an Amended Plan in the coming weeks, Polychain seeks the Court's intervention in compelling Lee Greenhouse to produce responsive documents within ten (10) days of the issuance of an Order and appear for the remainder of his Rule 2004 deposition within 14 days of the issuance of an Order. Allowing Polychain to conduct this discovery will avoid the need for expedited motion practice after Debtor's Amended Plan is on file, and will ensure that this bankruptcy case can proceed in an orderly and efficient manner.

## CONCLUSION

Polychain respectfully requests that the Court enter an Order compelling Lee Greenhouse to (i) conduct a reasonable search of electronically stored information in his possession, custody,

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

or control using keyword search terms that are agreed upon by Polychain and Lee Greenhouse, (ii) produce documents responsive to the Polychain's Rule 2004 document requests and subpoena *duces tecum* within ten (10) days of the issuance of the Order, (iii) appear for the remainder of his Rule 2004 deposition within 14 days of the issuance of the Order, and (iv) granting any other additional relief the Court deems just and proper.

Dated: January 31, 2022.

Respectfully submitted,

By:  */s/ James C. Moon*
James C. Moon, Esq.
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

*Local Bankruptcy Counsel for Polychain Partners LLC (f/k/a Polychain 2030 LLC) and Polychain Fund I LP*

-and-

BRAUNHAUGEY & BORDEN LLP

J. Noah Hagey (admitted *pro hac vice*)
Andrew Levine (admitted *pro hac vice*)
315 California Street, 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210
Email: hagey@braunhagey.com
Email: levine@braunhagey.com

13

Pratik Ghosh (admitted *pro hac vice*)
7 Times Square, 27th Floor
New York, NY 10036-6524
Tel. & Fax: (646) 829-9403
Email: ghosh@braunhagey.com

*Counsel for Polychain Partners LLC (f/k/a
Polychain 2030 LLC) and Polychain Fund I LP*

14

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on January 31, 2022, via the Court's Notice of Electronic Filing upon Registered Users listed on the attached **Exhibit 8** and served via Regular U.S. Mail upon the parties listed on the Manual Notice List.

*/s/ James C. Moon*
James C. Moon, Esq.

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that HARRY GREENHOUSE (hereinafter "Principal"), has constituted and appointed his father, LEE GREENHOUSE (hereinafter "Attorney"), as his true and lawful attorney and in name, place, and stead, granting the Attorney full authority to do and perform any act as the Attorney understands to be in the best interests of the Principal, including and related to:

    (1) Consulting with and, if necessary, making decisions on behalf of the Principal in the Principal's bankruptcy case to be filed in the United States Bankruptcy Court of the Southern District of Florida, Miami Division (the "Bankruptcy Case");

    (2) Consulting with and, if necessary, making decisions on behalf of the Principal in any adversary or contested proceeding related to the Bankruptcy Case ("Adversary Proceeding");

    (3) Consulting with and, if necessary, making decisions on behalf of the Principal in the Principal's dissolution proceeding to be filed against Olivia Greenhouse before the Eleventh Judicial Circuit in and for Miami Dade County, Florida (the "Dissolution Proceeding").

    (4) Consulting with and, if necessary, making decisions on behalf of the Principal regarding the retention of any professionals, including but not limited to attorneys and accountants, necessary to protect the rights of the Principal in the Bankruptcy Case, any Adversary Proceeding or the Dissolution Proceeding;

    (5) Consulting with and, if necessary, making decisions on behalf of the Principal regarding any decision related to the Principal's interests, assets, debts and plan of reorganization in the Bankruptcy Case or any Adversary Proceeding;

    (6) Consulting with and, if necessary, making decisions on behalf of the Principal regarding the execution delivery and/or acknowledgement of any documents related to the Bankruptcy Case, any Adversary Proceeding or the Dissolution Proceeding;

    (7) Consulting with and, if necessary, making decisions on behalf of the Principal regarding the performance of any acts to preserve the interests and rights of the Principal in the Bankruptcy Case, any Adversary Proceeding or the Dissolution Proceeding;

[2239.001/1815933/1]

Exhibit 1

(8) Consulting with and, if necessary, making decisions on behalf of the Principal regarding decisions, and executing documents on behalf of the Principal related to federal income tax liability.

The Principal gives and grants unto the Attorney full power and authority to do any act and thing whatsoever, limited only as set forth above, as the Principal might or could do if personally present.

As set forth in this Power of Attorney, anything the Attorney shall lawfully do or cause to be done is expressly approved.

This Power of Attorney shall not be terminated by subsequent incapacity of the Principal except as provided in Chapter 709, Florida Statutes.

**In Witness Whereof,** I have hereunto set my hand and seal the _3rd_ day of February, in the year 2021.

Signed, sealed and delivered in my presence:

Print Name: _Maryangel Rangel_
Witness

_____
HARRY GREENHOUSE

Print Name: _Humberto Rangel_
Witness

STATE OF FLORIDA
COUNTY OF _Miami-Dade_

The foregoing instrument was acknowledge before me this _3rd_ day of February, 2021, by Harry Greenhouse who ___ is personally known to me _✓_ or who has produced _USA PASSPORT_____, as identification.

_____
Notary Public, State of _Florida_

My Commission Expires: _May 4, 2024_

NATHALIE CRUZ
Commission # GG 984340
Expires May 4, 2024
Bonded Thru Budget Notary Services

[2239.001/1815933/1]

Page 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  21-12844-AJC

IN RE.:

HARRY BECK GREENHOUSE,

    Debtor.
_____/


VIDEOCONFERENCE
VIDEOTAPED REALTIME
DEPOSITION OF:    LEE GREENHOUSE

DATE:             WEDNESDAY, JUNE 2, 2021

TIME:             9:10 A.M. - 1:03 P.M.

PLACE:           VIA VIDEOCONFERENCING TECHNOLOGY


STENOGRAPHICALLY
REPORTED BY:      JAZZMIN A. MUSRATI, RPR, CRR
                 Registered Professional Reporter
                 Certified Realtime Reporter



Exhibit 2

Page 4

```
 1              P R O C E E D I N G S
 2                   *********
 3         (Whereupon, the proceedings began at 9:10 a.m.)
 4         THE STENOGRAPHER:  If I could have you raise
 5    your right hand, please.
 6         Do you swear or affirm that the testimony you
 7    are about to give will be the truth, the whole truth
 8    and nothing but the truth?
 9         THE WITNESS:  Yes.
10         THE STENOGRAPHER:  Thank you.
11  Thereupon,
12                  LEE GREENHOUSE,
13  having been first duly sworn or affirmed, was examined
14  and testified as follows:
15                DIRECT EXAMINATION
16  BY MR. GHOSH:
17    Q.  Good morning.  Mr. Greenhouse, my name is Pratik
18  Ghosh with BraunHagey & Borden.  I represent Polychain
19  Fund 1, LP, and Polychain Partners, LLC, in this matter.
20       Before starting, I just want to state on the
21  record that we've agreed with your counsel,
22  Mr. Saldinger, to accommodate for your schedule to
23  adjourn this deposition at 1:00 p.m. Eastern Time today.
24       Although it's possible we won't conclude the
25  deposition at that time, we reserve the right to keep,
```



Page 5

1    you know, the deposition open until we've completed the

2    seven hours of examination, to which we're entitled.

3    That being said, we will do our very best to -- to get

4    all of our questions asked today.

5        Does that make sense to you?

6    A.    That's fine.

7    Q.    Perfect.

8        Can you please state your name for the record.

9    A.    Lee R. Greenhouse.

10   Q.    Have you ever had your deposition taken before?

11   A.    Yes.  A long time ago I was an expert witness in

12   a trial.

13   Q.    And can you describe that -- the nature of that

14   case, briefly.

15   A.    A long time ago, it's probably 25 years ago.  It

16   involved an information company that had a contract with

17   another company that they felt had been breached.  And

18   that was basically the -- the essence of the matter.  I

19   don't recall it, it was a long time ago.

20   Q.    Do you know the caption of that case.  So the

21   parties v. parties?

22   A.    I don't even remember the -- I think -- I think

23   the -- I don't even remember the name of the company.  I

24   believe it -- I believe they were suing Citibank, that's

25   all I...


MAGNA
LEGAL SERVICES

Page 9

1          Mr. Saldinger is your attorney in this case; is

2     that correct?

3          A.   Yes.

4          Q.   Have you had any other counsel besides from

5     Mr. Saldinger in this bankruptcy?

6          A.   No.

7          Q.   What is your relationship with Harry Beck

8     Greenhouse?

9          A.   Harry's my son.

10         Q.   He's the debtor in these Chapter 11 cases; is

11    that correct?

12         A.   Yes.

13         Q.   When I refer to Mr. Harry Greenhouse as "Debtor,"

14    will that be clear to you?

15         A.   Yes.

16         Q.   If you have any questions about who I'm referring

17    to, please ask.

18              I want to briefly talk about, you know, your

19    document collection process, we do appreciate that --

20    the documents that you were able to provide to us.  You

21    understand that once you were served with that subpoena,

22    you had an obligation to preserve all relevant

23    documents, right?

24         A.   Yes.

25         Q.   Did you take any steps in order to meet that



1  preservation obligation?

2     A.  Well, it's what I, I guess, I didn't do.  I

3  didn't delete any documents or anything else.  So I did

4  nothing specific.

5     Q.  Great.

6         Did you speak with anybody regarding how to

7  fulfill your preservation -- document preservation

8  obligations?

9     A.  No.

10    Q.  Okay.  Did you, yourself, collect documents that

11  were responsive to Polychain's Rule 2004 request?

12    A.  Do you mean in response to your request?

13    Q.  That's right.

14    A.  Did -- I'm sorry.

15        Would you restate the question?

16    Q.  Sure.

17        Who was responsible for collecting the documents

18  responsive to the -- the request?

19    A.  Oh, I was.

20    Q.  Okay.  Can you briefly describe the process for

21  that collection.

22    A.  Well, depends on the type of document.  For bank

23  statements, I went online and got the bank statements.

24  Brokerage statements, I did the same.  For emails, I

25  went through emails.  And that was about it.



Page 11

1      Q.  Okay.  When you say that you went through emails,

2  are you referring to your Gmail account?

3      A.  Yes.

4      Q.  How did you locate responsive emails on that

5  account?

6      A.  I went through every email between me and Harry

7  for the dates that were requested.

8      Q.  Got it.

9          Did you apply any -- any search terms to capture

10  any communications between that with Debtor?

11      A.  No.

12      Q.  Okay.  You didn't apply any terms into the -- the

13  Gmail search bar up top to make sure you were capturing

14  all communications?

15      A.  No.  Because I went through every one.

16      Q.  Okay.  So when you say you went through every

17  one, you mean every one between yourself and Debtor; is

18  that correct?

19      A.  Yes.

20      Q.  Got it.

21          You didn't go through any emails between yourself

22  and any other individual?

23      A.  I don't think so.

24      Q.  Okay.  Did you search any other electronic

25  devices you may have, other than your Gmail account, for



Page 12

1    any other responsive documents or communications?

2       A.  No.  Just the -- you know, just the Gmail

3    account.

4       Q.  Do you have a cell phone with text messaging

5    features?

6       A.  Yes, I do.  Actually, I did look at the text

7    messages too.

8       Q.  Okay.  And did you -- did you have any responsive

9    text messages...

10      A.  No.

11      Q.  Okay.  Do you have an iCloud account or some

12   other sort of cloud-based platform that you use?

13      A.  Yes.

14      Q.  Did you search those cloud-based platforms for

15   any responsive documents?

16      A.  No.

17          Well, wait.  Did I?

18          I guess not, no.

19      Q.  Okay.  Do you have any email accounts, besides

20   that greenhousegrows Gmail accounts that you stated you

21   searched?

22      A.  I have two email accounts.  One is the

23   greenhousegrows and the other is lrgreenhouse@gmail.

24      Q.  All right.  Did you search that lrgreenhouse

25   account for responsive documents and communications?



Page 13

1      A.  I did, yes.

2      Q.  Okay.  And were there any?

3      A.  I think there were just two which had to do

4  with -- yes, I think there were just two, and I provided

5  those.

6      Q.  Okay.  Have you withheld any documents or

7  communications that were responsive to Polychain's

8  request?

9      A.  No.

10     Q.  Okay.  I want to briefly get into your

11  background.

12          Can you briefly describe your educational

13  background?

14     A.  I have a -- a bachelor's degree from Harvard

15  University.  No other further formal education.

16     Q.  Can you briefly describe your professional

17  experiences.

18     A.  Most recently, say from about 1992 until I

19  retired about a year and a half ago, I was a consultant

20  doing strategy consulting or, you know, business

21  consulting for companies whose businesses involved

22  information, online databases, and things like that.

23  You can think of them as publishers, database

24  publishers.

25     Q.  Can you just describe some of the various



Page 42

```
 1     A.  No.

 2     Q.  Okay.  Are you a participant in 1confirmation

 3  Fund, LP?

 4     A.  You're talking about the fund -- the fund one,

 5  no.

 6     Q.  The entity name is 1confirmation Fund, LP?

 7     A.  No.

 8     Q.  Okay.  Are you a participant in Greenhouse USV

 9  2012 Joint Venture?

10     A.  Yes.

11     Q.  Are you a participant in Greenhouse USV 2014

12  Joint Venture?

13     A.  Yes.

14     Q.  Are you a participant in USV 2014 Opportunity

15  Joint Venture?

16     A.  Yes.

17     Q.  Are you a participant in Greenhouse USV 2016

18  Joint Venture?

19     A.  Yes.

20     Q.  Are you a participant in Greenhouse USV 2019

21  Joint Venture?

22     A.  Yes.

23     Q.  Okay.  What is the difference between the

24  Greenhouse USV 2014 Joint Venture and the USV 2014

25  Opportunity Joint Venture?
```



Page 46

1        Q.  And which email account does the Union Square

2    Ventures send you emails about your investments there?

3        A.  I believe it's the -- it's the greenhousegrows

4    account.  But I should tell you, all the -- all of

5    the -- because I am trying to switch over -- all of

6    greenhousegrows emails are automatically forwarded to my

7    other account, which is really the one I use.

8        Q.  And that's the @lgreenhouse.com Gmail account,

9    correct?

10       A.  Lrgreenhouse.

11           MR. GHOSH:  Okay.  At this point we'd like to

12       make a document request for those USV capital call

13       communications.  And, you know, as we stated on the

14       record, all rights are reserved, and we'll be

15       following up with formal requests.

16           MR. SALDINGER:  May I just point out one thing

17       here:  I believe that you have the capital account

18       statements, which are cumulative.  And all of those

19       list all of the capital calls on them, I believe.

20           MR. GHOSH:  Understood.  We will get to those

21       in a second.

22    BY MR. GHOSH:

23       Q.  If I can just draw your attention -- if we can go

24    to the next page of this document, to the paragraph

25    titled "Second."



1    Contributions to this 2019 USV JV -- and by "JV,"
2  I mean joint venture -- these contributions were made
3  between yourself, Lee R. Greenhouse, Debtor, and Harry
4  Greenhouse, as well as three other individuals,
5  Charles R. Greenhouse, Nancy Greenhouse, and Wendy
6  Greenhouse; is that correct?
7       A.  Yes.
8       Q.  Are these all of the individuals that invested in
9  the USV 2019 Joint Venture?
10      A.  Yes.
11      Q.  Can you please explain your relationship between
12  each of these investors, between yourself and each of
13  the investors.
14      A.  Charles is my father, Nancy's my sister, and
15  Wendy's my sister.
16      Q.  Understood.
17          Currently, if we could just scroll down to the
18  next paragraph.  Currently Debtor has a 29.38 percent
19  interest in the USV 2019 Joint Venture; is that correct?
20      A.  If that's what it says here, then that's correct.
21      Q.  That amounts to approximately $99,000 in
22  interest; is that correct?
23      A.  Yes.
24      Q.  Has Debtor actually paid that $99,000?
25      A.  No.



Page 50

1    Square Ventures regarding the makeup of the portfolio

2    for any of their funds?

3        A.    Yes.

4        Q.    Okay.   How do you receive those communications?

5        A.    Usually, sometimes they have a core meeting

6    report where they list the components of the funds.

7        Q.    Okay.   What are the sort of assets that are in

8    the USV Joint Venture 2019, or the -- or the USV 2019

9    Fund?

10       A.   I can't tell you specifically.   But I can say

11   they are generally early-stage companies in, you know,

12   technology.   Well, they're not all technology.   But

13   they're, you know -- they're early-stage companies,

14   basically.

15           MR. GHOSH:   Okay.   At this time, understanding

16       that all rights have been reserved, we would like to

17       make a document request for documents and

18       communications concerning the portfolio makeup of the

19       USV funds in which Debtor has a stake.

20   BY MR. GHOSH:

21       Q.   What were your responsibilities with respect to

22   the management of the USV Joint Venture entities?

23       A.   As earlier, after the entity had been set up, I

24   would collect money periodically from each member,

25   deposit in the bank, and then either write a check or



Page 51

1    wire the money to Union Square when they called capital.

2    And then if there was a liquidity event, I would

3    distribute out to everybody.

4        Q.   I'm just trying to understand the nature of the

5    capital call for Greenhouse USV 2019.

6            Is that capital call coming from United -- or

7    Union Square Ventures to your fund, or is it coming from

8    your fund to the investors?

9        A.   Well, first it comes from Union Square to us, and

10   they call capital periodically.   And then if -- if

11   necessary, then I ask my relatives to send me a check

12   for some amount.   So -- but it starts with the request

13   from Union Square.

14       Q.   And how do you ask your relatives to send you a

15   check?   What is the form of that communication?

16       A.   Typically I'll just send an email.

17           MR. GHOSH:   Okay.   At this time, understanding

18       all rights are reserved, we would like to make a

19       request for communications regarding any capital

20       calls on behalf of the USV Greenhouse 2019 Venture.

21           MR. SALDINGER:   Any request by whom?

22           MR. GHOSH:   Any requests by Mr. Greenhouse to

23       Debtor.

24           But, again, we'll clarify that via a follow-up

25       off the record.



Page 52

1   BY MR. GHOSH:

2      Q.  Do you -- have you had any communications with

3   Debtor regarding his ability or inability to make the

4   capital call for the 2019 Joint Venture entity?

5      A.  May I also explain that first?  It's not -- it's

6   not always an entirely formal thing, that sometimes it's

7   verbal as well.  Because in different -- different

8   people have had different abilities to pay more, you

9   know, faster than others.

10          So for some of it, it's like some people pay more

11  sooner, just to have it paid in.  And other people do it

12  slower.  And sometimes it's just been verbal.  I don't

13  know that it's always -- it's not like it's a formal

14  thing for me.  Because, you know, these are my close

15  relatives.  A lot of times it's just a phone call.

16     Q.  Okay.  Understood.

17          But some of the time these capital calls are made

18  via email; is that correct?

19     A.  Right.  Sometimes.  But I -- I'm not going to --

20  I just want you to know, there's not necessarily an

21  email every time.  And also I have tended to

22  generally -- the capital that I request from my

23  relatives does not necessarily map one to one at all, or

24  even map to the capital requested by the fund.

25          A lot of times it's, you know -- I'm going to get



Page 54

1    what the percent was.

2        Q.  Okay.  And then how do you -- how do you make

3    sure -- since it's such an informal communication, how

4    do you make sure that every one is sending the amount

5    that you agreed to, you know, informally on the phone?

6        A.  I just keep kind of a, you know -- a little

7    spreadsheet I keep it in.

8        Q.  Okay.

9        A.  And not everybody sends the same amount either.

10   That's the other thing.

11       Q.  Okay.  So, again, just -- just drawing your

12   attention back to this percentage schedule here, you,

13   Charles R. Greenhouse, your father, and your son, Harry

14   Greenhouse, all have the same stake.

15           Would you say sometimes the three of you will

16   deposit different amounts into this joint account?

17       A.  Yes.

18       Q.  Okay.  And how do you reconcile that going

19   forward to make sure that the -- the amount of money

20   from each investor that's put into the USV fund is

21   consistent with your -- with your agreement laid out in

22   Exhibit 3?

23       A.  I just -- I track it on a spreadsheet.

24           MR. GHOSH:  Okay.  At this time, understanding

25       all rights are reserved, we would like to request the



Page 66

1  company, so the price was not evident either.

2      Q.  Okay.  What was the vehicle in which you were

3  permitted to invest in a private company?

4      A.  This is -- Union Square did the investing.

5      Q.  To your knowledge, Union Square is permitted to

6  invest in nonpublic entities; is that correct?

7      A.  That's basically their business.

8      Q.  Understood.

9          And do you have any say in what kind of nonpublic

10  entities they invest in?

11      A.  No.

12      Q.  You understand that Coinbase's primary business

13  is brokering cryptocurrency transactions?

14      A.  It brokers' transactions.  It's also like a bank

15  with a secure holding service.

16      Q.  A secure holder of cryptocurrency; is that right?

17      A.  Yeah.  Sort of a combination of a stock exchange,

18  I guess, in a bank.  That's as I understand it.

19      Q.  Is your understanding of cryptocurrencies' value,

20  in general, would it be fair to characterize that as

21  volatile?

22      A.  Cryptocurrencies' value as volatile?

23      Q.  Yeah.  Would that be a correct characterization?

24      A.  I think so.

25      Q.  Okay.  Do you know how much of USV assets are



1    involved in Coinbase or other crypto-based businesses?

2        A.  I don't know.

3        Q.  Is that information located on the portfolio

4    reports that you get from USV?

5        A.  They list companies.  And to the extent you can

6    tell from the name of the company they own, I suppose

7    so.

8        Q.  You're administrator of the Greenhouse USV Joint

9    Venture; is that correct?

10       A.  Yeah.  That's my informal role.  It's not my job

11   title.

12       Q.  Right.  And it's not your job title because this

13   is all sort of an informal family investment vehicle; is

14   that right?

15           MR. SALDINGER:  Objection; mischaracterizes

16       prior testimony.

17           You're putting words in his mouth, Pratik.

18           MR. GHOSH:  The question stands.

19   BY MR. GHOSH:

20       Q.  Is the reason why that's not your job title, is

21   it because this is an informal family investment

22   vehicle?

23       A.  Right.  The -- the agreements, when they're set

24   up, names me as something called a nominee, which is

25   sort of the manager.



Page 152

1                    CERTIFICATE OF REPORTER

2    STATE OF FLORIDA:

3    COUNTY OF ORANGE:

4

5        I, Jazzmin A. Musrati, RPR, CRR, Notary Public, State

6    of Florida, certify that I was authorized to and did

7    stenographically report the deposition of LEE

8    GREENHOUSE; that a review of the transcript was

9    requested; and that the foregoing transcript, Pages 1

10   through 154, is a true and accurate record of my

11   stenographic notes.

12       I further certify that I am not a relative, employee,

13   or attorney, or counsel of any of the parties, nor am I

14   a relative or employee of any of the parties' attorneys

15   or counsel connected with the action, nor am I

16   financially interested in the action.

17

18                   DATED:  June 7, 2021.

19

20

21       _____

                 Jazzmin A. Musrati, RPR, CRR
22               Registered Professional Reporter
                 Certified Realtime Reporter
23

24

25



| | |
|---|---|
| **From:** | Pratik Ghosh |
| **To:** | Richard A. Saldinger |
| **Cc:** | Noah Hagey; Andrew Levine; James C. Moon |
| **Subject:** | RE: In re Bankruptcy Estate of Harry Greenhouse |
| **Date:** | Thursday, May 6, 2021 7:28:00 AM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image003.jpg |
| | image004.jpg |
| | image005.jpg |

Rich,

Thanks for taking the time to speak with us yesterday about our Rule 2004 document requests.  We appreciate you confirming that you will be producing documents responsive to our requests by May 12, 2021.

For Request #6, asking for "[a]ll documents from January 1, 2018 to present regarding any entities in which both You and Debtor have an interest" we are seeking documents such as:

- profit/loss statements,
- financial projections,
- major transactions into/out of the entity,
- tax documents relating to the entity,
- membership distribution agreements, or
- any other agreements concerning the Debtor's future income related to the ownership interest.

The above is not intended to be an exhaustive list, but rather serves to illustrate the types of documents we are seeking with this request.  We hope that this provides the clarification you sought, and please let me know if you have any other questions regarding this or other requests.

As discussed, please send over your proposed search terms that you plan to use to locate responsive documents.  We can review those search terms promptly and provide comments that may help further define the scope of the search.

Best,
Pratik


**Pratik K. Raj Ghosh**
B R A U N H A G E Y  &  B O R D E N  LLP
Direct:  (415) 715-4302

**From:** Richard A. Saldinger <rsaldinger@llflegal.com>
**Sent:** Wednesday, May 5, 2021 9:56 AM
**To:** Pratik Ghosh <Ghosh@braunhagey.com>
**Cc:** Noah Hagey <hagey@braunhagey.com>; Andrew Levine <levine@braunhagey.com>; James C. Moon <jmoon@melandbudwick.com>
**Subject:** RE: In re Bankruptcy Estate of Harry Greenhouse

Exhibit 3

**\*\*\* EXTERNAL MESSAGE \*\*\***

Thanks for your e-mail, Pratik.  How about 2:00 p.m. ET this afternoon?



**Richard A. Saldinger** / Partner
rsaldinger@llflegal.com
**Latimer LeVay Fyock LLC**
55 W Monroe Street - Suite 1100
Chicago IL, 60603
http://www.llflegal.com

312.667.1359 (office - direct)
773.505.6566 (cell)
312.422.8001 (fax)

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. Dissemination, distribution or copying of the communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone or reply e-mail (hchesney@llflegal.com) and delete the message and all attachments thereto. Thank you.

**From:** Pratik Ghosh <Ghosh@braunhagey.com>
**Sent:** Wednesday, May 5, 2021 7:36 AM
**To:** Richard A. Saldinger <rsaldinger@llflegal.com>
**Cc:** Noah Hagey <hagey@braunhagey.com>; Andrew Levine <levine@braunhagey.com>; James C. Moon <jmoon@melandbudwick.com>
**Subject:** RE: In re Bankruptcy Estate of Harry Greenhouse

Rich,

We are generally available today between 10:30-11:30 AM ET and 1:00-4:00 PM ET to confer on our document requests.  Thank you for confirming that you will be producing documents by May 12, 2021.  We will plan to conduct Mr. Lee Greenhouse's deposition on May 26, 2021, and will amend the Rule 2004 notice accordingly.

Best,
Pratik

**Pratik K. Raj Ghosh**
B R A U N **H A G E Y** & B O R D E N  LLP
Direct:  (415) 715-4302

**From:** Richard A. Saldinger <rsaldinger@llflegal.com>
**Sent:** Sunday, May 2, 2021 6:39 PM
**To:** James C. Moon <jmoon@melandbudwick.com>
**Cc:** Robert P. Charbonneau <RPC@agentislaw.com>; Andrew Levine <levine@braunhagey.com>; Noah Hagey <hagey@braunhagey.com>; Pratik Ghosh <Ghosh@braunhagey.com>

**Subject:** RE: In re Bankruptcy Estate of Harry Greenhouse

**\*\*\* EXTERNAL MESSAGE \*\*\***

Jim,

Assuming we can get some clarity and agreement on a few of the requests, my client can produce documents by 5/12.

As far as my client's deposition, he is available on 5/18 or 5/19 beginning in the morning or 5/25 or 5/26 beginning in the morning.

Let me know when you are free for a call tomorrow (Monday) afternoon or on Tuesday to discuss the document requests.

Thanks.

Rich



**Richard A. Saldinger** / Partner
rsaldinger@llflegal.com

**Latimer LeVay Fyock LLC**
55 W Monroe Street - Suite 1100
Chicago IL, 60603
http://www.llflegal.com

312.667.1359 (office - direct)
773.505.6566 (cell)
312.422.8001 (fax)

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. Dissemination, distribution or copying of the communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone or reply e-mail (hchesney@llflegal.com) and delete the message and all attachments thereto. Thank you.

**From:** James C. Moon <jmoon@melandbudwick.com>
**Sent:** Friday, April 30, 2021 10:49 AM
**To:** Richard A. Saldinger <rsaldinger@llflegal.com>
**Cc:** Robert P. Charbonneau <RPC@agentislaw.com>; Andrew Levine <levine@braunhagey.com>; Noah Hagey <hagey@braunhagey.com>; Pratik Ghosh <Ghosh@braunhagey.com>
**Subject:** RE: In re Bankruptcy Estate of Harry Greenhouse

Richard,

I appreciate your point, but I will need those dates ASAP. As you know, the document requests

relate to documents in your clients custody and/or control. The Debtor has his own production requests, and while the documents may overlap, that is not really the point.

If, after we firm up the dates, there are requests that you or your client think are unclear, or you need clarification, we can get on the phone and discuss, but we do not need the Debtor's counsel for that exercise.

Warm regards,

Jim

---

**From:** Richard A. Saldinger <rsaldinger@llflegal.com>
**Sent:** Friday, April 30, 2021 11:41 AM
**To:** James C. Moon <jmoon@melandbudwick.com>
**Cc:** Robert P. Charbonneau <RPC@agentislaw.com>
**Subject:** RE: In re Bankruptcy Estate of Harry Greenhouse

**EXTERNAL EMAIL:**
I will circle back with my client regarding deposition dates, and get back to you.

I understand your need to re-notice, but it is also connected with the scope of the document request.  Having said that, I am pretty sure that I can get you documents within 10 days (maybe less) once we are on the same page of what will be produced.  Hope that makes sense.



**Richard A. Saldinger** / Partner
rsaldinger@llflegal.com

**Latimer LeVay Fyock LLC**
55 W Monroe Street - Suite 1100
Chicago IL, 60603
http://www.llflegal.com

312.667.1359 (office - direct)
773.505.6566 (cell)
312.422.8001 (fax)

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. Dissemination, distribution or copying of the communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone or reply e-mail (hchesney@llflegal.com) and delete the message and all attachments thereto. Thank you.

---

**From:** James C. Moon <jmoon@melandbudwick.com>
**Sent:** Friday, April 30, 2021 10:33 AM
**To:** Richard A. Saldinger <rsaldinger@llflegal.com>
**Cc:** Robert P. Charbonneau <RPC@agentislaw.com>

**Subject:** RE: In re Bankruptcy Estate of Harry Greenhouse

Richard,

Before I do that, I need you to confirm dates for production and your client's exam.

Please provide those dates so I can re-notice.

Warm regards,

Jim

---

**From:** Richard A. Saldinger <rsaldinger@llflegal.com>
**Sent:** Friday, April 30, 2021 11:25 AM
**To:** James C. Moon <jmoon@melandbudwick.com>
**Cc:** Robert P. Charbonneau <RPC@agentislaw.com>
**Subject:** In re Bankruptcy Estate of Harry Greenhouse

EXTERNAL EMAIL:

Jim,

I wanted to follow up with you before the end of the week, as promised. From reviewing the docket, it looks like your client also served a Subpoena upon the Debtor for documents and his deposition. As far as the document production, I think it makes some sense to have a conference call with you, me and Bob Charbonneau to discuss and coordinate the document production. My goal (and I presume Bob's goal as well) is to provide you with the responsive, relevant documents without also providing you with multiple copies of the same documents, as I believe some of the requests in both Subpoenas overlap.

If you agree, let's schedule a call to discuss the requests. Thanks.

Regards,

Rich Saldinger



**Richard A. Saldinger** / Partner
rsaldinger@llflegal.com

**Latimer LeVay Fyock LLC**
55 W Monroe Street - Suite 1100
Chicago IL, 60603
http://www.llflegal.com

312.667.1359 (office - direct)
773.505.6566 (cell)
312.422.8001 (fax)



This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. Dissemination, distribution or copying of the communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone or reply e-mail (hchesney@llflegal.com) and delete the message and all attachments thereto. Thank you.

# B R A U N **H A G E Y** & B O R D E N LLP

San Francisco & New York

**Pratik K. Ghosh, Esq.**
ghosh@braunhagey.com

June 4, 2021

**VIA EMAIL**

Richard A. Saldinger
Latimer LeVay Fryock LLC
55 W Monroe Street – Suite 1100
Chicago, IL 60603
Email: rsaldinger@llflegal.com

> Re:  *In re Harry B. Greenhouse* **(Bankr. S.D. Fla. Case No. 21-12844-AJC)**
> **Polychain's June 2, 2021 Rule 2004 Examination of Lee Greenhouse**

Dear Mr. Saldinger:

As you know, we represent Polychain Partners LLC and Polychain Fund I (together, "Polychain"), creditors in the above captioned bankruptcy proceeding.  On Wednesday, June 2, 2021, we took the deposition of your client, Mr. Lee Greenhouse, pursuant to Polychain's Rule 2004 Examination *Decues Tecum* ("Subpoena").  We write to address certain matters that arose during the course of Mr. Lee Greenhouse's deposition.

### A.    Mr. Lee Greenhouse's Deficient Document Collection Efforts

First, Mr. Lee Greenhouse's testimony has confirmed that his document collection efforts and resulting production were deficient and improper.  The deficiencies include but are not limited to:

- Your client conducted the document collection entirely himself, such that he made his own determinations about whether documents were responsive.  This is improper given his close relationship with Debtor.

- Your client did not search the hard drive on his personal computer for responsive documents using any keyword search terms.

- Your client did not search his email accounts using keyword search terms.

- Your client's email collection process consisted solely of reviewing emails that he had with Debtor, and then producing the documents be believed to be responsive. He did not use keyword search terms to attempt to locate emails he may have had with individuals other than Debtor that are responsive to Polychain's Subpoena.

- Your client testified that he conducted a manual review of only some of his emails and paper files, and produced to Polychain only a subset of those documents.

**San Francisco**
351 California St., 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

**New York**
7 Times Square, 27th Floor
New York, NY 10036-6524
Tel. & Fax: (646) 829-9403

Exhibit 4

June 4, 2021
Page 2

- Your client did not search the cloud-based platforms that he testified he utilizes.

- Your client did not search any prior electronic devices that may still be in his possession.

- Your client did not use keyword search terms to search his text messages with Debtor and other recipients.

By any measure, your client has failed to conduct a competent document collection, and as a result has failed to produce responsive documents. This is not a theoretical objection; to the contrary, your client testified repeatedly about documents and communications that should have been produced and that would have been identified as responsive if his collection efforts were competent and proper. Polychain therefore demands that your client immediately supplement his production with any and all responsive documents located after performing a competent search, including by addressing the objections set forth above.

**B.      Request for Unproduced Responsive Documents that Mr. Lee Greenhouse Referenced During the Deposition**

Second, Mr. Lee Greenhouse referred to a number of documents during the deposition that are plainly responsive to the Subpoena but that were not produced. In particular, the Subpoena included requests seeking (i) "documents from January 1, 2018 to present regarding any entities in which both You and Debtor have an interest," and (ii) "statements for all investment, trading, or retirement accounts jointly owned [by] You and Debtor from January 1, 2018 to present." The following categories of documents, which were not produced to us, are responsive to each of these requests. Polychain therefore demands that Mr. Lee Greenhouse promptly produce any such documents in his possession, custody, and/or control:

- Any spreadsheets or ledgers containing an accounting of the money your client receives from the investors of the Greenhouse USV Joint Ventures, including the Excel spreadsheet he referred to during his examination containing the amounts Debtor has transferred to the Greenhouse USV Joint Ventures[1] and the dates of those transfers (6/2/21 L. Greenhouse Dep. Tr. at 52:19-23);

- Any agreements between Union Square Ventures ("USV") and the Greenhouse USV Joint Ventures, including the subscription agreements that your client referred to during his examination (6/2/21 L. Greenhouse Dep. Tr. at 66:21-24);

- Any document and communications involving your client regarding any capital call to—or other request or demand for funds from—any of the Greenhouse USV

---

[1] "Greenhouse USV Joint Ventures" refers to Greenhouse USV 2012 Joint Venture, Greenhouse USV 2014 Joint Venture, USV 2014 Opportunity Joint Venture, Greenhouse USV 2016 Joint Venture, Greenhouse USV 2019 Joint Venture. Both Lee Greenhouse and Harry Greenhouse are members of these entities.

June 4, 2021
Page 3

> Joint Ventures to any of its individual investors, including Debtor (6/2/21 L. Greenhouse Dep. Tr. at 47:19-23);

- Any communications involving your client and USV, including any of its owners, partners, employees, or agents, regarding the Greenhouse USV Joint Ventures (6/2/21 L. Greenhouse Dep. Tr. at 42:15-18); and

- Any documents concerning the holdings of any of the USV funds that any Greenhouse USV Joint Ventures was invested in (this includes, but is not limited to, USV 2012 Investors Fund, LP, USV Investors 2014, LP, USV Investors 2016, LP, and USV Investors 2019, LP) (6/2/21 L. Greenhouse Dep. Tr. at 46:14-18).

Your client has no justification for having failed to produce documents in the above categories. The parties met and conferred on these exact requests on May 5, 2021, and we subsequently provided clarification that these requests included documents and communications concerning the Greenhouse USV Joint Ventures. On May 6, 2021, we followed up by email to provide a non-exhaustive list for illustrative purposes of documents that would be relevant to these requests. That email referred to documents concerning transactions into and out of jointly held entities, membership agreements, and any other agreements concerning Debtor's ownership interest in the jointly held entities. The documents and communications above are not only plainly within the scope of the Subpoena, but they are also consistent with the guidance we provided to you during our meet and confer and subsequent correspondence. Polychain therefore demands that these documents be produced promptly.

### C.    Your Improper Instructions that Mr. Lee Greenhouse Not Answer Questions Relating to the February 3, 2021 Power of Attorney

Third, during the deposition, you instructed Mr. Lee Greenhouse not to answer a number of our questions regarding the February 3, 2021 Power of Attorney ("POA"), which appointed him as Debtor's attorney-in-fact. Mr. Lee Greenhouse followed those instructions, and refused to provide even basic information regarding that POA.

These privilege objections are improper. In each question we asked, we made expressly clear that the information we sought specifically *excluded* any information learned from or exchanged with any attorney representing Mr. Lee Greenhouse. For instance, we sought to understand why the POA was entered in the first place and what its intended purpose was. Those subjects do not implicate any legal advice from any attorney, past or present, and they are highly relevant to these bankruptcy proceedings. Indeed, the POA specifically authorized Mr. Lee Greenhouse to make decisions on Debtor's behalf in this bankruptcy case and to take actions with respect to Debtor's assets, among a wide variety of other things. There is no question that Polychain is entitled to discovery on those matters.

We therefore demand that your client promptly produce all documents and communications in his possession, custody, and/or control concerning the February 3, 2021 POA, along with the retention agreement that he executed with the Agentis law firm. If you

June 4, 2021
Page 4

refuse to produce any of these documents on the grounds that they are privileged, please provide any authority you believe supports such an assertion of privilege and a detailed privilege log.

### D.    Continuing of Mr. Lee Greenhouse's Deposition

Finally, we adjourned Mr. Lee Greenhouse's June 2 examination at 1:00 PM ET at your request and as an accommodation to your client's schedule. Because of this early adjournment, we were able to question Mr. Lee Greenhouse for only 3 hours and 13 minutes, instead of the 7 hours to which Polychain is entitled under the rules. As we explained prior to agreeing to this accommodation—and as we stated on the record during the deposition—we reserve all rights with respect to continuing Mr. Lee Greenhouse's examination.

In light of the above issues, we will continue the deposition on a mutually agreeable date, following the production of the additional documents described above. Please therefore produce all remaining documents by **June 11**, and please provide Mr. Lee Greenhouse's availability for the week of **July 5**, following the holiday weekend.

\*        \*        \*

Polychain reserves all rights and remedies, including seeking judicial resolution of these matters. We look forward to your prompt response.

Sincerely,

Pratik K. Ghosh

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11
                                                         Subchapter V
HARRY BECK GREENHOUSE,
                                                         Case No. 21-12844-AJC
           Debtor.
_____/

**NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS,**
**INFORMATION, OR OBJECTS TO LEE GREENHOUSE**

Pursuant to Fed. R. Civ. P. 45(a)(1)(C), as adopted by Fed. R. Bankr. P. 9016, Polychain

Partners LLC and Polychain Fund I LP (together, "Polychain"), creditors in the above-captioned

case, by and through undersigned counsel, requests that **LEE GREENHOUSE** produce on or

before **November 15, 2021**, to James C. Moon, Esq. at the law offices of Meland Budwick, P.A.,

3200 Southeast Financial Center, 200 South Biscayne Blvd., Miami, Florida 33131, all of the

documents as detailed in the Subpoena to Produce Documents, Information, or Objects included

with this Notice, attached hereto and incorporated herein as **Exhibit 1**.

[*Remainder of page intentionally left blank. Next page is signature page.*]

1

Exhibit 5

Dated:  October 21, 2021.

Respectfully submitted,

By:  */s/James C. Moon*
James C. Moon, Esq.
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

*Local Bankruptcy Counsel for Polychain*
*Partners LLC (f/k/a Polychain 2030 LLC)*
*and Polychain Fund I LP*

*-and-*

BRAUNHAUGEY & BORDEN LLP

J. Noah Hagey (admitted *pro hac vice*)
Andrew Levine (admitted *pro hac vice*)
315 California Street, 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210
Email: hagey@braunhagey.com
Email: levine@braunhagey.com

Pratik Ghosh (admitted *pro hac vice*)
7 Times Square, 27th Floor
New York, NY 10036-6524
Tel. & Fax: (646) 829-9403
Email: ghosh@braunhagey.com

*Counsel for Polychain Partners LLC (f/k/a*
*Polychain 2030 LLC) and Polychain Fund I*
*LP*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on October 21, 2021, via the Court's Notice of Electronic Filing upon Registered Users listed on the attached **Exhibit 2** and served via Regular U.S. Mail upon the parties listed on the Manual Notice List.

*/s James C. Moon*
James C. Moon, Esq.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

In re:

HARRY BECK GREENHOUSE,

     Debtor.

_____/

Chapter 11
Subchapter V

Case No.: 21-12844-AJC

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:    **Lee Greenhouse
2305 North Commonwealth Ave., Apt. 2S
Chicago, IL 60614**

☒  *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **ALL DOCUMENTS REQUESTED ON THE ATTACHED EXHIBIT A**

| PLACE    Meland Budwick, P.A.<br>200 S. Biscayne Blvd., Suite 3200<br>Miami, FL 33131 | DATE AND TIME<br>**November 15, 2021<br>10:00 a.m.** |
|---|---|

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

    Date: October 21, 2021.     CLERK OF COURT

                                    OR

                                              *James. C. Moon*

_____      _____
*Signature of Clerk of Deputy Clerk*      *Attorney's signature*

Exhibit 1

The name, address, email address, and telephone number of the attorney representing representing **Polychain Partners LLC (f/k/a Polychain 2030 LLC), Polychain Fund I LP** (together, "*Polychain*"), who issues or requests this subpoena, is:

James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## DEFINITIONS

1.      The term "You" or "Your" shall refer to Lee Greenhouse, including any of Lee Greenhouse's agents, employees, representatives, and any other person acting on behalf or under the direction of Lee Greenhouse.

2.      The term "Debtor" shall include Harry Beck Greenhouse, and/or any person acting on behalf of the Debtor, and any principal, attorney, paralegal, or other person or entity, currently or formerly employed by, retained by or affiliated with Debtor who performed services in connection with the Debtor's bankruptcy case or Debtor's divorce proceeding.

3.      The term "Buchanan" shall mean Buchanan Ingersoll & Rooney PC, including any of its partners, agents, employees, representatives, and any other person acting on behalf of or under the direction of Buchanan Ingersoll & Rooney PC.

4.      The term "document" or "documents" shall mean any page(s) or file(s) produced manually or by a software application constituting any storage or communication of information including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, or any other data or data compilations. A draft or non-identical copy is a separate "document" within the meaning of this term.

5.      The term "communication" means every manner of means of disclosure, transfer, or exchange of information, whether in person, by telephone, mail, email, chat, instant message, text message, personal delivery, or otherwise.

## INSTRUCTIONS

1.      This request incorporates by reference and is governed by Bankruptcy Rules of Procedure 7030, 7034, and 9016, and the United States Bankruptcy Court for the Southern District of Florida Local Rules 7026-1 and 7026-2.

2.      You are to furnish all information available to you, and to Debtor's attorneys, accountants, agents or other representatives and employees, or any information subject to Debtor's custody or control, in answering the document requests herein.

3.      Unless otherwise agreed, all documents produced shall be originals and in the form that they are maintained in the ordinary course of business.

4.      If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please identify the following with respect to each such document:

(a) the nature of the privilege which is being claimed;

(b) the type of document;

(c) the general subject matter of the document;

(d) the date of the document;

(e) the author of the document;

(f) the addressee of the document; and

(g) where not apparent, the relationship of the author to the addressee.

5.      Documents and communications shall be produced in PDF image format with the exception of spreadsheets, including Microsoft Excel spreadsheets, which shall be produced in native format with load files in .DAT format. PDF images shall be produced in a manner that preserves the document's or communication's original format. Additionally, You shall deliver extracted text on a document level, representing the textual content of the electronic document. PDF image files shall contain the document's text and all available metadata.

6.      In the event that any document called for by this schedule has been (i) destroyed, (ii) discarded, and/or (iii) removed from the requested files prior to production on grounds other than privilege, please identify the following with respect to each such document:

(a) the name and current address of the person who prepared the document and the person to whom it was addressed;

(b) any indicated or blind copies;

(c) the document's date, subject matter, number of pages, and attachments; and

(d) the person(s) who authorized and/or carried out such destruction and/or removal.

7.     This request is continuing and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

## DOCUMENTS TO BE PRODUCED

1.     All communications between You and Buchanan regarding Debtor's bankruptcy proceeding, including but not limited to all communications regarding Your payment of a $100,000 retainer to Buchanan, currently held in trust.

2.     All documents regarding the $100,000 retainer—currently held in trust--that You paid to Buchanan.

3.     All agreements between You and Buchanan, including but not limited to any engagement agreements or retainer agreements between You and Buchanan or between You and Debtor.

4.     All documents and communications regarding any transfer, sale, proposed transfer or proposed sale in Greenhouse USV 2012 JV, Greenhouse USV 2014 JV, Greenhouse USV 2014 Opportunity JV, Greenhouse USV 2016 JV, or Greenhouse USV 2016 JV.

5.     All documents and communications regarding any transfer, sale, proposed transfer or proposed sale of interest in any entity in which You and Debtor hold a financial interest.

6.     All documents and communications since June 14, 2021 regarding any distributions, updates, account statements received by You from Union Square Ventures in connection with investments held by Greenhouse USV 2012 JV, Greenhouse USV 2014 JV, Greenhouse USV 2014 Opportunity JV, Greenhouse USV 2016 JV, or Greenhouse USV 2016 JV.

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Ido J Alexander**    ija@lsaslaw.com,
  info@lsaslaw.com;aslawpllc@ecf.inforuptcy.com;mjg@lsaslaw.com;ah@lsaslaw.com;jb@lsaslaw.com;zbs@lsaslaw.com
- **John D Emmanuel**    John.emmanuel@bipc.com,
  Sabrina.storno@bipc.com;eService@bipc.com
- **Maria Jose Gonzalez**    mjg@lsaslaw.com, zbs@lsaslaw.com
- **Nicole Grimal Helmstetter**    Nicole.helmstetter@bipc.com,
  marilee.tamesolmedo@bipc.com;tabitha.pellegrene@bipc.com;kimberly.ecker@bipc.com
- **Linda M Leali**    lleali@lealilaw.com, featon@lealilaw.com
- **Linda Marie Leali**    trustee@lealilaw.com,
  F005@ecfcbis.com;lkennedy@lealilaw.com
- **James C. Moon**    jmoon@melandbudwick.com,
  ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Steven D Schneiderman**    Steven.D.Schneiderman@usdoj.gov

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

**American Express National Bank**
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

**Russell Fox**
Clayton Financial and Tax LLC
222 S Rainbow Blvd #205
Las Vegas, NV 89145

Exhibit 2

**Soneet Kapila**
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316

**Lewis & Associates, CPA's, LLC**
Terry K Lewis, Manager
528 E Willow Springs Lane
Draper, UT 84020

| | |
|---|---|
| **From:** | Pratik Ghosh |
| **To:** | Richard A. Saldinger |
| **Cc:** | Andrew Levine; James C. Moon |
| **Subject:** | RE: In re: Harry B. Greenhouse (Bankr. S.D. Fla. Case No. 21-12844-AJC) |
| **Date:** | Friday, December 10, 2021 5:38:00 PM |
| **Attachments:** | H_Greenhouse-090906_image.pdf |
| | H_Greenhouse-84280_image.pdf |

Rich,

I write to follow up on our December 8, 2021 meet and confer regarding Polychain's discovery requests to your client.

While we appreciate that your client wishes to avoid spending additional time and resources responding to Polychain's requests, he is in possession, custody, and control of documents and information necessary to evaluate the Debtor's proposed plan.  We would like to avoid motion practice, but given your client's role—he manages several special purpose vehicles in which Debtor has interests worth millions of dollars, communicates regularly with Debtor about those and other investments, and had power of attorney over Debtor's finances for a time—we cannot accept as complete your client's inadequate search and production of materials responsive to Polychain's October 21, 2021 Subpoena.

Below I memorialize there of the key issues we discussed:

- First, you stated that you would consider producing unredacted versions of the Q3 2021 capital account statements for the Greenhouse USV Joint Ventures.  As stated, we are amenable to these being produced on an Attorneys Eyes Only basis under the Protective Order governing this case.  Please let us know as soon as possible if you will agree to produce unredacted copies of these capital account statements.

- Second, you asked that we provide exemplar communications from your client which were produced by Debtor but not by your client.  I have attached two such examples.  As these documents show, your client is in possession of responsive documents which he had an independent obligation to produce.  I expressed some concern that your document production was based off a document search your client performed himself through a manual e-mail search.  Given the procedural deficiencies and the exemplar documents showing responsive documents in your client's possession, custody, or control, we reiterate our request that you provide a search term proposal to sufficiently capture all documents and communications responsive to Polychain's subpoena.

- Third, although I indicated that it may be possible for us to avoid reopening your client's deposition if a complete and sufficient document production is made, thus far that has not occurred.  During Mr. Lee Greenhouse's deposition, we agreed to adjourn early as an accommodation to you, but we held the deposition open given the outstanding discovery issues.  Please provide your client's availability for the continued deposition for the weeks of January 17 and January 24.

Exhibit 6

Best,
Pratik

**Pratik K. Raj Ghosh**
B R A U N HAGEY & B O R D E N  LLP
Direct:  (415) 715-4302

---

**From:** Richard A. Saldinger <rsaldinger@llflegal.com>
**Sent:** Thursday, December 2, 2021 10:15 AM
**To:** Pratik Ghosh <Ghosh@braunhagey.com>; James C. Moon <jmoon@melandbudwick.com>;
Andrew Levine <levine@braunhagey.com>
**Subject:** FW: In re: Harry B. Greenhouse (Bankr. S.D. Fla. Case No. 21-12844-AJC)


**\*\*\* EXTERNAL MESSAGE \*\*\***

Re-sending because I sent it the first time to the wrong "Andrew."  My apologies.


Rich

**Richard A. Saldinger** / Partner
rsaldinger@llflegal.com

**Latimer LeVay Fyock LLC**
55 W Monroe Street - Suite 1100
Chicago IL, 60603
http://www.llflegal.com

312.667.1359 (office - direct)
773.505.6566 (cell)
312.422.8001 (fax)

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. Dissemination, distribution or copying of the communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone or reply e-mail (hchesney@llflegal.com) and delete the message and all attachments thereto. Thank you.

---

**From:** Richard A. Saldinger
**Sent:** Thursday, December 2, 2021 8:47 AM
**To:** Pratik Ghosh <Ghosh@braunhagey.com>; 'Andrew D. Eichner (aeichner@bergerschatz.com)'
<aeichner@bergerschatz.com>; James C. Moon <jmoon@melandbudwick.com>
**Subject:** FW: In re: Harry B. Greenhouse (Bankr. S.D. Fla. Case No. 21-12844-AJC)

Counsel,

In response to the attached correspondence, let me know when you are free to participate in a conference call.

I am generally available tomorrow afternoon between 1:30 and 5:00 CST.

Thank you.

Regards,

Richard Saldinger

**Richard A. Saldinger** / Partner
rsaldinger@llflegal.com

**Latimer LeVay Fyock LLC**
55 W Monroe Street - Suite 1100
Chicago IL, 60603
http://www.llflegal.com

312.667.1359 (office - direct)
773.505.6566 (cell)
312.422.8001 (fax)

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. Dissemination, distribution or copying of the communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone or reply e-mail (hchesney@llflegal.com) and delete the message and all attachments thereto. Thank you.

**From:** Vy Le <le@braunhagey.com>
**Sent:** Tuesday, November 23, 2021 10:55 PM
**To:** Richard A. Saldinger <rsaldinger@llflegal.com>
**Cc:** Pratik Ghosh <Ghosh@braunhagey.com>; Andrew Levine <levine@braunhagey.com>; Douglas Curran <Curran@braunhagey.com>; James C. Moon <jmoon@melandbudwick.com>; lleali@lealilaw.com; Steven.D.Schneiderman@usdoj.gov
**Subject:** In re: Harry B. Greenhouse (Bankr. S.D. Fla. Case No. 21-12844-AJC)

Counsel,

Attached, please find correspondence on behalf of Mr. Pratik K. Ghosh.

Best Regards,

Vy Le
Litigation Legal Assistant
**B R A U N HAGEY & B O R D E N** LLP
Direct: (415) 504-1187

**San Francisco (Main Office)**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

**New York**
7 Times Square
27th Floor

New York, NY 10036-6524
Tel. & Fax: (646) 829-9403

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.



March 26, 2021

<u>**VIA E-MAIL**</u>
Lee  Greenhouse, individually,
and in his capacity as attorney in
fact for Harry Greenhouse
E: lrgreenhouse@gmail.com

      Re:    **Termination of Attorney Client Relationship with Lee Greenhouse**


Dear Mr. Greenhouse:

      On or around February 3, 2021, our Firm entered into that certain Engagement Agreement with both Harry B. Greenhouse ("<u>Harry</u>") and you, Lee Greenhouse ("<u>You</u>"), in order to ensure that the attorney-client privilege extended to all communications that this Firm may have had with Harry, as Client, to You as Harry's Attorney In Fact pursuant to that certain Power of Attorney executed by and between You and Harry on February 3, 2021.   All parties to that Engagement Agreement acknowledged that the Firm had no separate and independent attorney-client relationship with You other than in Your capacity as Harry's Attorney In Fact.


      On March 26, 2021, Harry executed a Revocation of Power of Attorney, attached hereto, revoking your appointment as his Attorney In Fact in light of his impending bankruptcy filing. Accordingly, please be advised that through this letter, the Firm is likewise terminating its attorney-client relationship and privileges with You.

      It was our pleasure to work with You.

              Very truly yours,

              **Agentis PLLC**

              */s/ Robert P. Charbonneau*

              Robert P. Charbonneau

RPC/jb

Exhibit 7

## REVOCATION OF POWER OF ATTORNEY

I, **HARRY B. GREENHOUSE**, whose Social Security Number is 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, of 1217 Andorra Avenue, Coral Gables, Florida 33146, Miami-Dade County, Florida, appointed my father, **LEE GREENHOUSE**, as my attorney-in-fact through that certain Power of Attorney, dated February 3, 2021.

I hereby revoke that Power of Attorney and any and all powers and authority given to **LEE GREENHOUSE**.

In Witness Whereof, I have hereunto set my hand and seal the 26th day of March, in the year 2021.

Signed, sealed and delivered in my presence:

Print Name: _Mayangel Rangel_                          **HARRY B. GREENHOUSE**
Witness

Print Name: _Nathalie Cruz_
Witness


STATE OF FLORIDA
COUNTY OF MIAMI DADE

The foregoing instrument was acknowledge before me this 26 day of March, 2021, by Harry Greenhouse who ___ is personally known to me ✓ or who has produced _USA Passport_ , as identification.

NATHALIE CRUZ
Commission # GG 984340
Expires May 4, 2024
Bonded Thru Budget Notary Services

Notary Public, State of _Florida_

My Commission Expires: _May 4, 2024_

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Ido J Alexander**    ija@lsaslaw.com, info@lsaslaw.com;aslawpllc@ecf.inforuptcy.com;mjg@lsaslaw.com;ah@lsaslaw.com;jb@lsaslaw.com;zbs@lsaslaw.com
- **John D Emmanuel**    John.emmanuel@bipc.com, Sabrina.storno@bipc.com;eService@bipc.com
- **Nicole Grimal Helmstetter**    Nicole.helmstetter@bipc.com, marilee.tamesolmedo@bipc.com;tabitha.pellegrene@bipc.com;kimberly.ecker@bipc.com
- **Linda M Leali**    lleali@lealilaw.com, featon@lealilaw.com
- **Linda Marie Leali**    trustee@lealilaw.com, F005@ecfcbis.com;lkennedy@lealilaw.com
- **James C. Moon**    jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Steven D Schneiderman**    Steven.D.Schneiderman@usdoj.gov

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

**American Express National Bank**
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

**Russell Fox**
Clayton Financial and Tax LLC
222 S Rainbow Blvd #205
Las Vegas, NV 89145

Exhibit 8

**Soneet Kapila**
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316

**Lewis & Associates, CPA's, LLC**
Terry K Lewis, Manager
528 E Willow Springs Lane
Draper, UT 84020