

**ORDERED in the Southern District of Florida on June 29, 2022.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | ) CASE NO. 21-12844-RAM |
| | ) CHAPTER 11 |
| HARRY BECK GREENHOUSE, | ) |
| | ) |
| Debtor. | ) |
| | ) |

**ORDER GRANTING, IN PART, AND**
**DENYING, IN PART, MOTION TO ENFORCE**
**FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE**

The Court conducted a hearing on June 2, 2022, on the Expedited Motion to Enforce Final Judgment of Dissolution of Marriage (the "Motion to Enforce") [DE# 346], filed by the Debtor's former wife, Olivia Sampaio Greenhouse (the "Former Wife"). The Court has considered the record, including the Motion to Enforce, Polychain's Preliminary Objection to Expedited Motion to Enforce Final Judgment of Dissolution of Marriage (the "Polychain Objection") [DE# 352], and the Former Wife's Reply to [the Polychain Objection] [DE# 353].

The Court has also considered the arguments of counsel presented at the June 2nd hearing, and most importantly, carefully reviewed the Final Judgment of Dissolution of Marriage (the "Final Judgment") entered by the state court on May 24, 2022 in Case No. 2021-005073-FC-04 (the "Dissolution Case") [DE# 345-1]. Finally, the Court has considered applicable state and federal law.

For the reasons that follow, the Motion to Enforce will be granted in part and denied in part. The Court will enforce those portions of the Final Judgment ordering the transfer of any property that is exempt from administration in this bankruptcy case. However, the provision in the Final Judgment awarding the Former Wife the Debtor's interest in MetaStable Capital, L.P. ("MetaStable"), cannot be enforced. The MetaStable investment is non-exempt property of the estate that is subject to the jurisdiction of this Court and the disposition of this asset should be addressed in the Debtor's chapter 11 plan. Moreover, the state court awarded the MetaStable investment to the Former Wife primarily as her share of the equitable distribution plan value, and the equitable distribution award entered after the filing of the bankruptcy petition is an unsecured non-priority claim in this case.

## Background Facts

The material facts are not in dispute.

The Debtor filed a petition commencing this Subchapter V chapter 11 case on March 26, 2022. Just 11 days before filing his

2

chapter 11 petition, on March 15, 2022, the Debtor filed a Petition for Dissolution of Marriage initiating the Dissolution Case.  On May 17, 2021, the Former Wife filed a motion seeking clarification on how the automatic stay affected the family court's authority to proceed in the Dissolution Case [DE# 91].

On June 9, 2021, Judge Cristol, the initial judge assigned to this bankruptcy case, entered his Order Granting Creditor Olivia Sampaio Greenhouse's Motion for an Order: (A) Confirming the Automatic Stay is Inapplicable to: (1) Pending Dissolution Proceeding Involving a Determination of Domestic Support Obligations; and (2) the Determination of Equitable Distribution of Non-Estate, Exempt Property, But Subject to Bankruptcy Court's Final Determination of Objection to Exemptions, if any, and (B) Modifying the Automatic Stay to Determine Equitable Distribution of Estate Property, Subject to Final Bankruptcy Court Approval (the "Stay Clarification Order") [DE# 136].  The Stay Clarification Order confirmed that the automatic stay exception in 11 U.S.C. § 362(b)(2) allowed the family court to establish or modify support obligations and child custody and visitation issues "except to the extent that such proceeding seeks to determine the division of property that is [property] of the estate" [DE# 136, p. 2, ¶ 2] (typographical error corrected in bracketed insertion).

The Stay Clarification Order also confirmed that the family court "may adjudicate the equitable distribution of the Debtor's

exempt assets" subject to the resolution of any objections to exemptions pending in this bankruptcy case [DE# 136, p. 3 ¶ 2] (emphasis added). Finally, the Stay Clarification Order granted limited stay relief to allow the family court to

> issue a declaratory determination of Mrs. Sampaio Greenhouse's interest in estate exempt or non-exempt property. The Bankruptcy court shall retain jurisdiction to administer and/or disburse property and make final adjudications as to any claims asserted by Mrs. Sampaio Greenhouse.

[DE# 136, p. 3, ¶ 4].

To summarize, the Stay Clarification Order first confirmed exactly what the Bankruptcy Code provides in § 362(b)(2). The automatic stay does not stay proceedings to determine domestic support obligations ("DSOs") or to determine child support and custody issues. The stay also does not apply to the collection of a DSO from property, including exempt property, that is not property of the estate. Second, the Stay Clarification Order granted limited stay relief to allow the family court to determine the Former Wife's interest in exempt or non-exempt property. This meant that the state court could determine the amount of the Former Wife's equitable distribution. Notably, the Stay Clarification Order did not grant stay relief to allow the family court to order the Debtor to transfer to the Former Wife non-exempt property of the bankruptcy estate.

## The Dissolution Judgment

On May 24, 2022, the family court entered the Final Judgment subject of the Motion to Enforce.  Judge Young attempted to comply with the Stay Clarification Order by addressing support and child custody issues and the equitable distribution of marital assets, while recognizing that the Final Judgment may not be ratified in its entirety by this Court. Final Judgment, p.5 ("The [State] Court acknowledges that any equitable distribution award is subject to the concurrent jurisdiction of and administration by the Bankruptcy Court.").

In material part, the Final Judgment directs the Debtor to do the following:

(i)  Transfer the Health Savings Account ending in *1962 to the Former Wife within ten days of entry of a dissolution judgment,

(ii) Divide the Vanguard SEP IRA ending in *9485 in half and transfer to the Former Wife her one-half share within ten days of entry of a dissolution judgment,

(iii)    Immediately transfer to the Former Wife his interest in MetaStable Capital L.P. – 0.3% (Main Investment),

(iv) Pay the Former Wife $17,000 per month until the Debtor's interest in MetaStable Capital L.P. – 0.3% (Main Investment) is transferred to the Former Wife, is liquidated and invested by the Former Wife, and begins generating returns for the Former Wife, and

5

    (v) Pay the Former Wife's counsel $13,978.17 in attorney's fees and costs within ten days of entry of a dissolution judgment.

Final Judgment, pp. 6, 7, 10, 20, 22 [DE# 345].

The Motion to Enforce seeks expedited relief because the Final Judgment directed the Debtor to transfer the Health Saving Account and divide up the Vanguard SEP IRA within 10 days and directed the immediate transfer of the MetaStable investment. Although the Court conducted the June 2nd hearing on the Motion to Enforce on short notice, the Court finds that the issues have been adequately briefed and argued.

## Discussion

Finalizing a marital dissolution while a bankruptcy case is pending can be tricky. Some things are expressly allowed by the automatic stay exception in § 362(b)(2). As applied here, unless the exempt status of the Health Savings Account and IRA remain subject to challenge, the family court had the authority to direct the Debtor to transfer one-half of his interest in the Vanguard IRA and to transfer his Health Savings Account. And, without question, Judge Young had the authority to determine child custody issues, to fix the amount of durational and rehabilitative alimony, and to award the Former Wife attorney's fees as part of her support.

The family court also had authority under the Stay Clarification Order to determine the amount that the Former Wife is

6

entitled to as equitable distribution.  However, the family court did not have the authority to order the Debtor to transfer the MetaStable investment.

First, whether intended as support or equitable distribution, or both, the family court did not have jurisdiction to order the Debtor to transfer the MetaStable investment.  All agree that this asset is not exempt and is property of the bankruptcy estate.  Therefore, only this Court has jurisdiction to determine the disposition of the MetaStable investment,[1] and presumably will make that determination when it considers confirmation of an amended chapter 11 plan.

Second, this Court flatly rejects the argument by the Debtor and the Former Wife that the MetaStable investment was transferred entirely for support and that the entire value of that asset should be considered a DSO.  Several provisions in the Final Judgment refute that argument.  To be sure, the family court ordered the transfer of MetaStable for multiple purposes.  The principal value of

---

[1] *See, e.g., In re Campbell*, 185 B.R. 628, 630 (Bankr. S.D. Fla. 1995) ("Motions or proceedings that seek to *collect* maintenance or support are excepted from the stay only if they do not seek to collect from property of the bankruptcy estate. 11 U.S.C. §362(b)(2)(B).  Otherwise, further relief from this Court must be obtained."); *In re Golan*, 600 B.R. 697, 708-09 (Bankr. S.D. Fla. 2019) ("The exception from the automatic stay for dissolution proceedings extends to the declaration of dissolution of the marriage but does not encompass a division of marital property that is property of the estate or the payment of a domestic support obligation from property of the estate. *See Carver v. Carver*, 945 F.2d at 1577; 11 U.S.C. §362(b)(2)(A)(ii) and (iv).").

MetaStable, pegged at $1,103,281, was intended as an equitable distribution award. In fact, as shown in the excerpts cited below, that value exceeded the Former Wife's share of the equitable distribution plan value by $44,338, and that additional value was awarded as rehabilitative alimony.  Finally, the income that the Former Wife was expected to receive after liquidating MetaStable and investing the money, pegged at $2,620, was intended to be part of the durational support award.  These conclusions are supported by the following provisions in the Final Judgment:

> MetaStable . . . is the optimal available asset from which to award Wife **her share of the equitable distribution plan value**, considering the transfer and liquidation restrictions of the other marital investment interests.
>
> *        *        *
>
> Awarding the Wife MetaStable Capital L.P. – 0.3% (Main Investment) will result in an equitable distribution differential of $44,338.00 in Wife's favor based on the September 2021 value.
>
> *        *        *
>
> The Court finds that the $44,338.00 **equitable distribution difference attributable** to the value of MetaStable Capital L.P. – 0.3% (Main Investment) shall be awarded to the Wife as a lump sum rehabilitative and bridge-the-gap alimony.
>
> Considering the circumstances of this case and in the interest of equity, the Court awards the Wife all interest in MetaStable Capital L.P. – 0.3% (Main Investment) as part of the equitable distribution plan and as lump sum rehabilitative and bridge-the-gap alimony.  Husband is directed to immediately effectuate the transfer of the MetaStable Capital L.P. – 0.3% (Main Investment) to the Wife.  The Court orders that the Wife shall retain the difference of **$44,338.00** upon liquidation of MetaStable Capital L.P. – 0.3% (Main Investment), **which sum shall**

8

**constitute lump sum rehabilitative and bridge-the-gap alimony** in addition to the award of durational alimony set forth below.  The rehabilitative, bridge-the-gap, and durational alimony awards shall collectively constitute Husband's domestic support obligation.

Final Judgment, pp.9-10 (emphasis added).

The Former Wife acquired her claim to the Debtor's interest in the MetaStable investment pursuant to an equitable distribution award that was entered during the pendency of this bankruptcy case. Equitable distribution awards that are entered during the pendency of a bankruptcy case become general unsecured claims because a former spouse's interests in a debtor's property are "cut off by the filing of the bankruptcy." *In re Price*, 154 B.R. 344, 346 (Bankr. N.D. Fla. 1993) (citation omitted); *see also In re Bellafiore*, 492 B.R. 109, 116 (Bankr. E.D.N.Y. 2013) (collecting cases for the proposition that a former spouse has only an unsecured claim for interests in a debtor's property if the interests are awarded in a divorce judgment that is entered after the debtor files a bankruptcy petition).  Therefore, the Former Wife's claim for the MetaStable investment is a general unsecured claim.

Based upon the foregoing, it is -

**ORDERED** as follows:

1.  The Motion to Enforce is granted in part.  Upon the finality of this Order, as defined in paragraph 6 below, the Debtor's obligation to transfer the Health Savings Account and one-half of

the Vanguard IRA shall be effective and the Debtor shall execute the documents necessary to effectuate these transfers.

2.    The Motion to Enforce is denied to the extent it seeks to enforce the provision in the Final Judgment directing the Debtor to transfer MetaStable to the Former Wife.

3.    The Court appreciates that the transfer and liquidation of the MetaStable investment, if allowed, would enable the Former Wife to receive her $44,338 in rehabilitative alimony. Because the award of rehabilitative alimony, and the attorney's fee award, are DSOs and therefore priority claims under 11 U.S.C. § 507(a)(1), the Court invites the Former Wife or the Debtor to seek an Order from this Court allowing early payment of these claims.

4.    The Court also understands that the projected investment income that the Former Wife would receive after liquidating the MetaStable investment, estimated to be $2,620 per month, was intended to be part of the durational alimony award.  This is not an immediate issue because, without a transfer of MetaStable, the Final Judgment requires the Debtor to continue paying $17,000 per month, rather than the $12,000 per month awarded in the Final Judgment, a reduction based, in part, on the imputation of $2,620 per month in investment income from liquidation of the MetaStable investment.

5.    Nothing in this order is intended to limit the family court's authority and discretion to enter an amended judgment that

10

provides different amounts for equitable distribution, rehabilitative alimony, durational alimony, or attorney's fees now that this Court has prohibited the transfer of the MetaStable investment.

6.    This Order shall not be final until the later of (i) 14 days from entry on the docket; or (ii) the resolution of any timely filed motion for reconsideration.

                                ###

COPIES TO:

Nicole Grimal Helmstetter, Esq.
Buchanan, Ingersoll & Rooney PC
2 South Biscayne Blvd., Suite 1500
Miami, FL 33131

John D. Emmanuel, Esq.
Buchanan, Ingersoll & Rooney PC
401 E. Jackson St.
Suite 2400
Tampa, FL 33601

Ido J. Alexander, Esq.
Alignx Law
12555 Orange Drive, Suite 4159
Davie, FL 33330

Linda M. Leali, Sub V Trustee
Linda Leali, P.A.
2525 Ponce de Leon Blvd., Suite 300
Coral Gables, FL 33134

James C. Moon, Esq.
Meland Budwick, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, FL 33131

Office of the U.S. Trustee
51 SW 1 Ave. #1204

Miami, FL 33130

**(Attorney Helmstetter is directed to serve a copy of this Order on all other interested parties and file a Certificate of Service)**